UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JILL WITTE, Individually and On Behalf of All Others Similarly Situated, | Case No. |
| Plaintiff, | CLASS ACTION COMPLAINT |
| v. | JURY TRIAL DEMANDED |
| CRONOS GROUP INC., MICHAEL GORENSTEIN, and JERRY F. BARBATO, | |
| Defendants. | |

Plaintiff Jill Witte ("Plaintiff"), individually and on behalf of all other persons similarly situated, by Plaintiff's undersigned attorneys, for Plaintiff's complaint against Defendants, alleges the following based upon personal knowledge as to Plaintiff and Plaintiff's own acts, and information and belief as to all other matters, based upon, *inter alia*, the investigation conducted by and through Plaintiff's attorneys, which included, among other things, a review of the Defendants' public documents, conference calls and announcements made by Defendants, United States ("U.S.") Securities and Exchange Commission ("SEC") filings, wire and press releases published by and regarding Cronos Group Inc. ("Cronos" or the "Company"), analysts' reports and advisories about the Company, and information readily obtainable on the Internet. Plaintiff believes that substantial evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

## NATURE OF THE ACTION

1.      This is a federal securities class action on behalf of a class consisting of all persons other than Defendants who purchased or otherwise acquired Cronos securities between May 9, 2019, and March 2, 2020, both dates inclusive (the "Class Period"), seeking to recover damages

caused by Defendants' violations of the federal securities laws and to pursue remedies under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder, against the Company and certain of its top officials.

2.     Cronos, formerly known as PharmaCan Capital Corp., is a principal investment firm.  Cronos seeks to invest in companies either licensed, or actively seeking a license, to produce medical marijuana pursuant to Canada's Marihuana for Medical Purposes Regulations ("MMPR"). The Company typically invests in companies based in Canada.

3.     Throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business, operational and compliance policies.  Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) Cronos had engaged in significant transactions for which its revenue recognition was inappropriate; (ii) the foregoing would foreseeably necessitate reviews that would delay the Company's ability to timely file its periodic reports; and (iii) as a result, the Company's public statements were materially false and misleading at all relevant times.

4.     On February 24, 2020, Cronos stated that it would delay its fourth quarter and fiscal year 2019 earnings release and conference call, previously scheduled for February 27, 2020.

5.     On this news, Cronos's share price fell $0.78 per share, or 10.91%, to close at $6.37 on February 24, 2020.

6.     Then, on March 2, 2020, after the market closed, Cronos disclosed that it had requested a 15-day extension for filing a complete Annual Report on Form 10-K with the SEC for its fourth quarter and fiscal year 2019.  Cronos attributed the delay to a "review by the Audit Committee of the Company's Board of Directors, with the assistance of outside counsel and

forensic accountants, of several bulk resin purchases and sales of products through the wholesale channel and the appropriateness of the recognition of revenue from those transactions."

7.      On this news, Cronos's share price fell an additional $0.70 per share, or 11.63%, to close at $5.32 per share on March 3, 2020.

8.      As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

## JURISDICTION AND VENUE

9.      The claims asserted herein arise under and pursuant to Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder by the SEC (17 C.F.R. § 240.10b-5).

10.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and Section 27 of the Exchange Act.

11.     Venue is proper in this Judicial District pursuant to Section 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1391(b).

12.     In connection with the acts alleged in this complaint, Defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including, but not limited to, the mails, interstate telephone communications, and the facilities of the national securities markets.

## PARTIES

13.     Plaintiff, as set forth in the attached Certification, acquired Cronos securities at artificially inflated prices during the Class Period and was damaged upon the revelation of the alleged corrective disclosures.

14.     Defendant Cronos is incorporated in Ontario, Canada, and the Company's principal executive offices are located at 720 King Street West, Suite 320, Toronto, Ontario.  Cronos's securities trade on the NASDAQ under the ticker symbol "CRON."

15.     Defendant Michael Gorenstein ("Gorenstein") has served as Cronos's Chairman, President and Chief Executive Officer ("CEO") at all relevant times.

16.     Defendant Jerry F. Barbato ("Barbato") has served as Cronos's Chief Financial Officer ("CFO") at all relevant times.

17.     Defendants Gorenstein and Barbato are sometimes referred to herein collectively as the "Individual Defendants."

18.     The Individual Defendants possessed the power and authority to control the contents of Cronos's SEC filings, press releases, and other market communications.  The Individual Defendants were provided with copies of Cronos's SEC filings and press releases alleged herein to be misleading prior to or shortly after their issuance and had the ability and opportunity to prevent their issuance or to cause them to be corrected.  Because of their positions with Cronos, and their access to material information available to them but not to the public, the Individual Defendants knew that the adverse facts specified herein had not been disclosed to and were being concealed from the public, and that the positive representations being made were then materially false and misleading.  The Individual Defendants are liable for the false statements and omissions pleaded herein.

19.     Cronos and the Individual Defendants are collectively referred to herein as "Defendants."

## SUBSTANTIVE ALLEGATIONS

### Background

20.     Cronos, formerly known as PharmaCan Capital Corp., is a principal investment firm.  Cronos seeks to invest in companies either licensed, or actively seeking a license, to produce medical marijuana pursuant to Canada's MMPR.  The Company typically invests in companies based in Canada.

### Materially False and Misleading Statements Issued During the Class Period

21.     The Class Period begins on May 9, 2019, when, during pre-market hours, Cronos issued a press release announcing its financial results for the first quarter of 2019.  In that press release, Cronos made multiple representations regarding its earned revenues for the quarter, stating, in relevant part, that "[n]et revenue was $6.5 million in first quarter 2019, representing a 120% increase from $2.9 million in first quarter 2018, primarily driven by the launch of the adult-use market in Canada"; that "[n]et revenue increased 15% quarter-over-quarter from $5.6 million in fourth quarter 2018, primarily driven by increased sales in CBD oil, which carries no excise tax reduction and increased sales of dry flower"; and that "[t]he Company experienced continued growth in cannabis oil sales, which represented 23% of net product revenue in first quarter 2019 compared to 9% in first quarter 2018."

22.     That same day, Cronos filed a Report of Foreign Private Issuer on Form 6-K with the SEC (the "1Q19 6-K"), to which it appended as exhibits its Unaudited Condensed Interim Consolidated Financial Statements and Management's Discussion and Analysis of Financial Condition and Results of Operations ("MD&A") for the quarter (collectively, the "1Q19 Financial Statements").  The 1Q19 Financial Statements reiterated Cronos's representations, referenced in ¶ 21 above, concerning its earned revenues for the quarter.

23.     Additionally, the 1Q19 Financial Statements made various representations touting Cronos's disclosure controls and procedures ("DC&P"), internal control over financial reporting ("ICFR"), and adherence to International Accounting Standards ("IAS") and International Financial Reporting Standards ("IFRS") as issued by the International Accounting Standards Board ("IASB").  Specifically, the 1Q19 Financial Statements assured investors that "[t]he Company's disclosure controls and procedures are designed to provide reasonable assurance that material information relating to the Company is made known to senior management, including the [CEO] and the [CFO] and information required to be disclosed by the Company is recorded, processed, summarized and reported within the time periods specified in securities legislation"; that "ICFR is designed, under the supervision of the CEO and CFO, to provide reasonable assurance regarding the reliability of the Company's financial reporting and the preparation of its financial statements in accordance with IFRS"; that "[a]s at March 31, 2019, management concluded that the DC&P and ICFR were adequate and provide such reasonable assurances"; that "[m]anagement has consistently embraced the importance of a robust ICFR program"; that, "[i]n the ordinary course of business, [Defendants] review [their] ICFR system and make changes to our applications and processes to improve such controls and increase efficiency, while ensuring that we maintain an adequate internal control environment"; and that, "[d]uring Q1 2019, there were no changes in our ICFR that have materially affected, or are reasonably likely to materially affect, our ability to certify the design of our ICFR."

24.     Despite these assertions, the 1Q19 Financial Statements provided merely generic, boilerplate representations concerning limitations inherent in "any" DC&P and ICFR system, stating that "[b]ecause of its inherent limitations, any DC&P and ICFR system, no matter how well designed and operated, can provide only reasonable, not absolute, assurance that the control system

is meeting the Company's objectives in providing reliable financial reporting information in accordance with IFRS"; that "[t]hese inherent limitations include, but are not limited to, human error and circumvention of controls and as such, there can be no assurance that the controls will prevent or detect all misstatements due to error or fraud, if any"; and that "projections of any evaluation of effectiveness to future periods are subject to the risk that controls may become inadequate because of changes in conditions, or that the degree of compliance with the policies or procedures may deteriorate."   Plainly, the foregoing risk warnings were generic "catch-all" provisions that were not tailored to Cronos's actual known risks particular to its own DC&P and ICFR system.

25.     Finally, Cronos appended certifications as exhibits to the 1Q19 6-K, which were signed by the Individual Defendants and attested that they had reviewed the 1Q19 Financial Statements and exercised reasonable diligence to ensure that those statements "do not contain any untrue statement of a material fact or omit to state a material fact required to be stated or that is necessary to make a statement not misleading in light of the circumstances under which it was made, with respect to the period covered by the interim filings," and that they "fairly present in all material respects the financial condition, financial performance and cash flows of the issuer, as of the date of and for the periods presented in the interim filings."

26.     On August 8, 2019, Cronos issued a press release announcing its financial results for the second quarter of 2019.   In that press release, Cronos made multiple representations regarding its earned revenues for the quarter, touting, in relevant part, that "[n]et revenue was $10.2 million in Q2 2019, representing a 202% increase from $3.4 million in Q2 2018, primarily driven by the launch of the adult-use market in Canada"; that "[n]et revenue increased 58% quarter-over-quarter from $6.5 million in the first quarter of 2019, primarily driven by increased

sales in CBD oil, which carries no excise tax reduction and increased sales of dry flower"; and that "[t]he Company experienced continued growth in cannabis oil sales, which represented 20% of net product revenue in Q2 2019 compared to 19% in Q2 2018."

27.    That same day, Cronos filed a Report of Foreign Private Issuer on Form 6-K with the SEC (the "2Q19 6-K"), to which it appended as exhibits its Unaudited Condensed Interim Consolidated Financial Statements and MD&A for the quarter (collectively, the "2Q19 Financial Statements"). The 2Q19 Financial Statements reiterated Cronos's representations, referenced in ¶ 26 above, concerning its earned revenues for the quarter.

28.    Additionally, the 2Q19 Financial Statements made various representations substantively identical to those referenced in ¶¶ 23-24 above, which touted Cronos's DC&P, ICFR, and adherence to IAS and IFRS as issued by the IASB; asserted the effectiveness of Cronos's DC&P and ICFR for the quarter; and provided risk warnings regarding "any" DC&P and ICFR system, which were plainly generic "catch-all" provisions that were not tailored to Cronos's actual known risks particular to its own DC&P and ICFR system.

29.    Finally, Cronos appended certifications as exhibits to the 2Q19 6-K, which were substantively identical to those referenced in ¶ 25 above, attesting to the 2Q19 Financial Statements' reliability, and which were signed by the Individual Defendants.

30.    On November 12, 2019, Cronos issued a press release announcing its financial results for the third quarter of 2019. In that press release, Cronos made multiple representations regarding its earned revenues for the quarter, touting, in relevant part, that "[n]et revenue was $12.7 million in Q3 2019, representing a 238% increase from $3.8 million in Q3 2018, primarily driven by the launch of the adult-use market in Canada and the inclusion of [the] Redwood [U.S. Hemp-Based Products Platform] from the date of closing on September 5, 2019 to the end of the

quarter," and that "[n]et revenue increased 24% quarter-over-quarter from $10.2 million in Q2 2019, primarily driven by increased sales in domestic dried cannabis and the inclusion of Redwood."

31.    That same day, Cronos filed a Report of Foreign Private Issuer on Form 6-K with the SEC (the "3Q19 6-K"), to which it appended as exhibits its Unaudited Condensed Interim Consolidated Financial Statements and MD&A for the quarter (collectively, the "3Q19 Financial Statements"). The 3Q19 Financial Statements reiterated Cronos's representations, referenced in ¶ 30 above, concerning its earned revenues for the quarter.

32.    Additionally, the 3Q19 Financial Statements made various representations substantively identical to those referenced in ¶¶ 23-24 above, which touted Cronos's DC&P, ICFR, and adherence to IAS and IFRS as issued by the IASB; asserted the effectiveness of Cronos's DC&P and ICFR for the quarter; and provided risk warnings regarding "any" DC&P and ICFR system, which were plainly generic "catch-all" provisions that were not tailored to Cronos's actual known risks particular to its own DC&P and ICFR system.

33.    Finally, Cronos appended certifications as exhibits to the 3Q19 6-K, which were substantively identical to those referenced in ¶ 25 above, attesting to the 3Q19 Financial Statements' reliability, and which were signed by the Individual Defendants.

34.    The statements referenced in ¶¶ 21-33 were materially false and misleading because Defendants made false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operational and compliance policies. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) Cronos had engaged in significant transactions for which its revenue recognition was inappropriate; (ii) the foregoing would foreseeably necessitate reviews that would delay the Company's ability to timely

file its periodic reports; and (iii) as a result, the Company's public statements were materially false and misleading at all relevant times.

### The Truth Begins to Emerge

35.     On February 24, 2020, Cronos stated that it would delay its fourth quarter and fiscal year 2019 earnings release and conference call, previously scheduled for February 27, 2020.

36.     On this news, Cronos's share price fell $0.78 per share, or 10.91%, to close at $6.37 on February 24, 2020.

37.     Then, on March 2, 2020, after the market closed, Cronos disclosed that it had requested a 15-day extension for filing a complete Annual Report on Form 10-K with the SEC for its fourth quarter and fiscal year 2019.  Cronos attributed the delay to a "review by the Audit Committee of the Company's Board of Directors, with the assistance of outside counsel and forensic accountants, of several bulk resin purchases and sales of products through the wholesale channel and the appropriateness of the recognition of revenue from those transactions."

38.     On this news, Cronos's share price fell an additional $0.70 per share, or 11.63%, to close at $5.32 per share on March 3, 2020.

39.     As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

### PLAINTIFF'S CLASS ACTION ALLEGATIONS

40.     Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of a Class, consisting of all those who purchased or otherwise acquired Cronos securities during the Class Period (the "Class"); and were damaged upon the revelation of the alleged corrective disclosures.  Excluded from the Class are Defendants herein,

the officers and directors of the Company, at all relevant times, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest.

41. The members of the Class are so numerous that joinder of all members is impracticable. Throughout the Class Period, Cronos securities were actively traded on the NASDAQ. While the exact number of Class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery, Plaintiff believes that there are hundreds or thousands of members in the proposed Class. Record owners and other members of the Class may be identified from records maintained by Cronos or its transfer agent and may be notified of the pendency of this action by mail, using the form of notice similar to that customarily used in securities class actions.

42. Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by Defendants' wrongful conduct in violation of federal law that is complained of herein.

43. Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and securities litigation. Plaintiff has no interests antagonistic to or in conflict with those of the Class.

44. Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to the Class are:

- whether the federal securities laws were violated by Defendants' acts as alleged herein;

- whether statements made by Defendants to the investing public during the Class Period misrepresented material facts about the business, operations and management of Cronos;

- whether the Individual Defendants caused Cronos to issue false and misleading financial statements during the Class Period;

- whether Defendants acted knowingly or recklessly in issuing false and misleading financial statements;

- whether the prices of Cronos securities during the Class Period were artificially inflated because of the Defendants' conduct complained of herein; and

- whether the members of the Class have sustained damages and, if so, what is the proper measure of damages.

45.     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.  Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them.  There will be no difficulty in the management of this action as a class action.

46.     Plaintiff will rely, in part, upon the presumption of reliance established by the fraud-on-the-market doctrine in that:

- Defendants made public misrepresentations or failed to disclose material facts during the Class Period;

- the omissions and misrepresentations were material;

- Cronos securities are traded in an efficient market;

- the Company's shares were liquid and traded with moderate to heavy volume during the Class Period;

- the Company traded on the NASDAQ and was covered by multiple analysts;

- the misrepresentations and omissions alleged would tend to induce a reasonable investor to misjudge the value of the Company's securities; and

- Plaintiff and members of the Class purchased, acquired and/or sold Cronos securities between the time the Defendants failed to disclose or misrepresented material facts and the time the true facts were disclosed, without knowledge of the omitted or misrepresented facts.

47.     Based upon the foregoing, Plaintiff and the members of the Class are entitled to a presumption of reliance upon the integrity of the market.

48.     Alternatively, Plaintiff and the members of the Class are entitled to the presumption of reliance established by the Supreme Court in *Affiliated Ute Citizens of the State of Utah v. United States*, 406 U.S. 128, 92 S. Ct. 2430 (1972), as Defendants omitted material information in their Class Period statements in violation of a duty to disclose such information, as detailed above.

## COUNT I

### (Violations of Section 10(b) of the Exchange Act and Rule 10b-5 Promulgated Thereunder Against All Defendants)

49.     Plaintiff repeats and re-alleges each and every allegation contained above as if fully set forth herein.

50.     This Count is asserted against Defendants and is based upon Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder by the SEC.

51.     During the Class Period, Defendants engaged in a plan, scheme, conspiracy and course of conduct, pursuant to which they knowingly or recklessly engaged in acts, transactions, practices and courses of business which operated as a fraud and deceit upon Plaintiff and the other members of the Class; made various untrue statements of material facts and omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and employed devices, schemes and artifices to defraud in connection with the purchase and sale of securities.  Such scheme was intended to, and, throughout the Class Period, did:  (i) deceive the investing public, including Plaintiff and other Class members, as alleged herein; (ii) artificially inflate and maintain the market price of Cronos securities; and (iii) cause Plaintiff and other members of the Class to purchase or otherwise acquire Cronos

securities and options at artificially inflated prices.  In furtherance of this unlawful scheme, plan and course of conduct, Defendants, and each of them, took the actions set forth herein.

52.     Pursuant to the above plan, scheme, conspiracy and course of conduct, each of the Defendants participated directly or indirectly in the preparation and/or issuance of the quarterly and annual reports, SEC filings, press releases and other statements and documents described above, including statements made to securities analysts and the media that were designed to influence the market for Cronos securities.  Such reports, filings, releases and statements were materially false and misleading in that they failed to disclose material adverse information and misrepresented the truth about Cronos's finances and business prospects.

53.     By virtue of their positions at Cronos, Defendants had actual knowledge of the materially false and misleading statements and material omissions alleged herein and intended thereby to deceive Plaintiff and the other members of the Class, or, in the alternative, Defendants acted with reckless disregard for the truth in that they failed or refused to ascertain and disclose such facts as would reveal the materially false and misleading nature of the statements made, although such facts were readily available to Defendants.  Said acts and omissions of Defendants were committed willfully or with reckless disregard for the truth.  In addition, each Defendant knew or recklessly disregarded that material facts were being misrepresented or omitted as described above.

54.     Information showing that Defendants acted knowingly or with reckless disregard for the truth is peculiarly within Defendants' knowledge and control.  As the senior managers and/or directors of Cronos, the Individual Defendants had knowledge of the details of Cronos's internal affairs.

55. The Individual Defendants are liable both directly and indirectly for the wrongs complained of herein. Because of their positions of control and authority, the Individual Defendants were able to and did, directly or indirectly, control the content of the statements of Cronos. As officers and/or directors of a publicly-held company, the Individual Defendants had a duty to disseminate timely, accurate, and truthful information with respect to Cronos's businesses, operations, future financial condition and future prospects. As a result of the dissemination of the aforementioned false and misleading reports, releases and public statements, the market price of Cronos securities was artificially inflated throughout the Class Period. In ignorance of the adverse facts concerning Cronos's business and financial condition which were concealed by Defendants, Plaintiff and the other members of the Class purchased or otherwise acquired Cronos securities at artificially inflated prices and relied upon the price of the securities, the integrity of the market for the securities and/or upon statements disseminated by Defendants, and were damaged thereby.

56. During the Class Period, Cronos securities were traded on an active and efficient market. Plaintiff and the other members of the Class, relying on the materially false and misleading statements described herein, which the Defendants made, issued or caused to be disseminated, or relying upon the integrity of the market, purchased or otherwise acquired shares of Cronos securities at prices artificially inflated by Defendants' wrongful conduct. Had Plaintiff and the other members of the Class known the truth, they would not have purchased or otherwise acquired said securities, or would not have purchased or otherwise acquired them at the inflated prices that were paid. At the time of the purchases and/or acquisitions by Plaintiff and the Class, the true value of Cronos securities was substantially lower than the prices paid by Plaintiff and the other members of the Class. The market price of Cronos securities declined sharply upon public disclosure of the facts alleged herein to the injury of Plaintiff and Class members.

57.     By reason of the conduct alleged herein, Defendants knowingly or recklessly, directly or indirectly, have violated Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder.

58.     As a direct and proximate result of Defendants' wrongful conduct, Plaintiff and the other members of the Class suffered damages in connection with their respective purchases, acquisitions and sales of the Company's securities during the Class Period, upon the disclosure that the Company had been disseminating misrepresented financial statements to the investing public.

### COUNT II

**(Violations of Section 20(a) of the Exchange Act Against the Individual Defendants)**

59.     Plaintiff repeats and re-alleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

60.     During the Class Period, the Individual Defendants participated in the operation and management of Cronos, and conducted and participated, directly and indirectly, in the conduct of Cronos's business affairs.  Because of their senior positions, they knew the adverse non-public information about Cronos's misstatement of income and expenses and false financial statements.

61.     As officers and/or directors of a publicly owned company, the Individual Defendants had a duty to disseminate accurate and truthful information with respect to Cronos's financial condition and results of operations, and to correct promptly any public statements issued by Cronos which had become materially false or misleading.

62.     Because of their positions of control and authority as senior officers, the Individual Defendants were able to, and did, control the contents of the various reports, press releases and public filings which Cronos disseminated in the marketplace during the Class Period concerning

Cronos's results of operations.  Throughout the Class Period, the Individual Defendants exercised their power and authority to cause Cronos to engage in the wrongful acts complained of herein. The Individual Defendants therefore, were "controlling persons" of Cronos within the meaning of Section 20(a) of the Exchange Act.  In this capacity, they participated in the unlawful conduct alleged which artificially inflated the market price of Cronos securities.

63. Each of the Individual Defendants, therefore, acted as a controlling person of Cronos.  By reason of their senior management positions and/or being directors of Cronos, each of the Individual Defendants had the power to direct the actions of, and exercised the same to cause, Cronos to engage in the unlawful acts and conduct complained of herein.  Each of the Individual Defendants exercised control over the general operations of Cronos and possessed the power to control the specific activities which comprise the primary violations about which Plaintiff and the other members of the Class complain.

64. By reason of the above conduct, the Individual Defendants are liable pursuant to Section 20(a) of the Exchange Act for the violations committed by Cronos.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

A. Determining that the instant action may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure, and certifying Plaintiff as the Class representative;

B. Requiring Defendants to pay damages sustained by Plaintiff and the Class by reason of the acts and transactions alleged herein;

C. Awarding Plaintiff and the other members of the Class prejudgment and post-judgment interest, as well as their reasonable attorneys' fees, expert fees and other costs; and

D. Awarding such other and further relief as this Court may deem just and proper.

17

## **DEMAND FOR TRIAL BY JURY**

Plaintiff hereby demands a trial by jury.

Dated:  March 11, 2020

Respectfully submitted,

POMERANTZ LLP

*/s/ Jeremy A. Lieberman*
Jeremy A. Lieberman
J. Alexander Hood II
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
Email: jalieberman@pomlaw.com
Email: ahood@pomlaw.com

POMERANTZ LLP
Patrick V. Dahlstrom
10 South La Salle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Facsimile: (312) 377-1184
Email: pdahlstrom@pomlaw.com

BRONSTEIN, GEWIRTZ
& GROSSMAN, LLC
Peretz Bronstein
60 East 42nd Street, Suite 4600
New York, NY 10165
Telephone: (212) 697-6484
Facsimile: (212) 697-7296
Email: peretz@bgandg.com

*Attorneys for Plaintiff*

**Submission Date**

2020-03-04 13:05:53

# CERTIFICATION PURSUANT TO FEDERAL SECURITIES LAWS

1.  I make this declaration pursuant to Section 27(a)(2) of the Securities Act of 1933 ("Securities Act") and/or Section 21D(a)(2) of the Securities Exchange Act of 1934 ("Exchange Act") as amended by the Private Securities Litigation Reform Act of 1995.

2.  I have reviewed a Complaint against Cronos Group Inc. ("Cronos" or the "Company") and authorize the filing of a comparable complaint on my behalf.

3.  I did not purchase or acquire Cronos securities at the direction of plaintiffs counsel, or in order to participate in any private action arising under the Securities Act or Exchange Act.

4.   I am willing to serve as a representative party on behalf of a Class of investors who purchased or acquired Cronos securities during the class period, including providing testimony at deposition and trial, if necessary.  I understand that the Court has the authority to select the most adequate lead plaintiff in this action.

5.  To the best of my current knowledge, the attached sheet lists all of my transactions in Cronos securities during the Class Period as specified in the Complaint.

6.  During the three-year period preceding the date on which this Certification is signed, I have not sought to serve as a representative party on behalf of a class under the federal securities laws.

7.  I agree not to accept any payment for serving as a representative party on behalf of the class as set forth in the Complaint, beyond my pro rata share of any recovery, except such reasonable costs and expenses directly relating to the representation of the class as ordered or approved by the Court.

8.  I declare under penalty of perjury that the foregoing is true and correct.

# Name

**Print Name**

Jill Witte

**Signature**



**Full Name**

Jill Witte



# Acquisitions

**Configurable list (if none enter none)**

| Date Acquired | Number of Shares Acquired | Price per Share Acquired |
|---|---|---|
| 01/02/2020 | 1000 | 7.58 |
| 01/07/2020 | 1000 | 6.73 |
| 01/24/2020 | 1000 | 8 |

# Sales

# Documents & Message

**Cronos Group Inc. (CRON)**                                                **Witte, Jill**

### List of Purchases and Sales

| Date | Purchase or Sale | Number of Shares/Unit | Price Per Share/Unit |
|---|---|---|---|
| 1/2/2020 | Purchase | 1,000 | $7.5800 |
| 1/7/2020 | Purchase | 1,000 | $6.7300 |
| 1/24/2020 | Purchase | 1,000 | $8.0000 |