**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

JILL WITTE, Individually And On Behalf Of
All Others Similarly Situated,

                    Plaintiff,

        -against-

CRONOS GROUP INC., MICHAEL
GORENSTEIN, and JERRY F. BARBATO,

                    Defendants.

Case No.: 2:20-cv-01310 (ENV)(SIL)

---

DONALD FINCH, Individually And On Behalf
Of All Others Similarly Situated,

                    Plaintiff,

        -against-

CRONOS GROUP INC., MIKE
GORENSTEIN, and JERRY BARBATO,

                    Defendants.

Case No.: 2:20-cv-01324 (JMA)(ST)

---

**MEMORANDUM OF LAW IN SUPPORT OF MOVANT JACK LEVANDOWSKI'S
MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS
<u>LEAD PLAINTIFF AND FOR APPROVAL OF SELECTION OF COUNSEL</u>**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ..................................................................................................... ii

PRELIMINARY STATEMENT ................................................................................................1

STATEMENT OF FACTS ........................................................................................................2

ARGUMENT..............................................................................................................................4

I.      THE RELATED ACTIONS SHOULD BE CONSOLIDATED .......................................4

II.     THE COURT SHOULD APPOINT MOVANT AS LEAD PLAINTIFF..........................5

        A.      The Procedure Required By The PSLRA .............................................................5

                1.      Movant Is Willing To Serve As Class Representative................................ 6

                2.      Movant Has The Requisite Financial Interest In The Relief Sought By The Class ................................................................................................... 7

        B.      Movant Satisfies The Requirements Of Rule 23(a) Of The Federal Rules Of Civil Procedure ...............................................................................................7

                1.      Movant's Claims Are Typical.................................................................... 8

                2.      Movant Satisfies The Adequacy Requirement .......................................... 8

III.    MOVANT'S CHOICE OF COUNSEL SHOULD BE APPROVED................................9

CONCLUSION.........................................................................................................................10

## TABLE OF AUTHORITIES

**CASES**

*In re Adelphia Communs. Corp. Sec. & Derivative Litig.*,
　　No. 03 MDL 1529 (LMM), 2008 U.S. Dist. LEXIS 67220 (S.D.N.Y. Sept. 3, 2008)....... 9

*In re Blue Apron Holdings, Inc. Sec. Litig.*,
　　17-CV-4846, 2017 U.S. Dist. LEXIS 207531 (E.D.N.Y. Dec. 15, 2017) ......................... 7

*In re Cavanaugh*,
　　306 F.3d 726 (9th Cir. 2002) ................................................................................. 9

*Cullinan v. Cemtrex, Inc.*,
　　287 F. Supp. 3d 277 (E.D.N.Y. 2018) ................................................... 4, 7, 8, 9

*In re Drexel Burnham Lambert Grp., Inc.*,
　　960 F.2d 285 (2d Cir. 1992)) ............................................................................... 8

*In re Fuwei Films Sec. Litig.*,
　　247 F.R.D. 432 (S.D.N.Y. 2008) ........................................................................... 9

*Johnson v. Celotex Corp.*,
　　899 F.2d 1281 (2d Cir. 1990) ............................................................................... 4

*In re MicroStrategy Inc. Sec. Litig.*,
　　110 F. Supp. 2d 427 (E.D. Va. 2000) ................................................................. 5

*Mitchell v. Complete Mgmt., Inc. Sec. Litig.*,
　　Case No. 99-CV-1454 (DAB), 199 U.S. Dist. LEXIS 14460 (S.D.N.Y. Sept. 17, 1999).. 4

*Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co.*,
　　229 F.R.D. 395 (S.D.N.Y. 2004) ........................................................................... 8

*Primavera Familienstiftung v. Askin*,
　　173 F.R.D. 115 (S.D.N.Y. 1997) ..................................................................... 4, 5

*Varghese v. China Shenghuo Pharm. Hldgs.*,
　　589 F. Supp. 2d 388 (S.D.N.Y. 2008) ................................................................. 8

*Victor v. Argent Classic Convertible Arbitrage Fund L.P.*,
　　623 F.3d 82 (2d Cir. 2010) ................................................................................. 9

**DOCKETED CASES**

*Finch v. Cronos Group Inc.*,
 Case No. 2:20-cv-01324 (JMA)(ST) (E.D.N.Y.)............................................................. 2

**STATUTES**

15 U.S.C. § 78u-4 ............................................................................................... *passim*

Fed. R. Civ. P. 23.......................................................................................... 1, 6, 7, 8

Fed. R. Civ. P. 42......................................................................................... 1, 4, 5, 10

Jack Levandowski ("Movant") respectfully submits this memorandum of law in support of his motion to consolidate the above-captioned related actions, pursuant to Rule 42(a) of the Federal Rules of Civil Procedure; to be appointed as lead plaintiff pursuant to the Private Securities Reform Act of 1995, as amended (the "PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B)(i); and to approve of his selection of Rigrodsky & Long, P.A. as Lead Counsel in this securities class action.

### PRELIMINARY STATEMENT

Consolidation of these securities class actions is appropriate under Rule 42(a) of the Federal Rules of Civil Procedure because they involve common questions of law and fact, and overlapping defendants. Following the consolidation determination, the PSLRA requires that the class member who "the court determines to be most capable of adequately representing the interests of class members," shall be appointed the lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(i). The lead plaintiff must be a class member who (i) has filed an action, or timely moved for appointment as lead plaintiff; (ii) has the largest financial interest in the relief sought by the class; and (iii) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Movant believes that he has the largest financial interest in the outcome of the case.[1] Moreover, Movant satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure in that his claims are typical of the claims of the Class, and he will fairly and adequately

---

[1] Movant's certification identifying its transactions in Cronos common stock, as required by the PSLRA, as well as a chart detailing it losses, is attached to the Declaration of Timothy J. MacFall, dated May 11, 2020 ("MacFall Decl."), as Exhibit B.

1

represent the interests of the Class.[2]  Accordingly, Movant meets the requirements of the PSLRA for appointment as Lead Plaintiff.

## STATEMENT OF FACTS

Both actions allege that, beginning in May 2019 and throughout the Class Period, Cronos, which describes itself as a "global cannabinoid company with international production and distribution across five continents . . . committed to building disruptive intellectual property by advancing cannabis research, technology and product development and are seeking to build an iconic brand portfolio," issued materially false and misleading statements and omitted material information regarding the Company's business and financial results, causing the price of the Company's stock to be artificially inflated.  Starting with a press release issued February 24, 2020, Cronos made a partial, limited disclosure of problems with its financial reporting, announcing that "it will delay its 2019 fourth quarter and full-year earnings release and conference call, previously scheduled for Thursday, February 27, 2020.  The Company has had a delay in the completion of its financial statements and will make a further announcement in a subsequent press release to schedule the date and time of the earnings conference call."  ¶ 30.[3]

Then on March 2, 2020, Cronos issued a press release announcing that it had filed a Form 12b-25 with the SEC, providing the Company a 15-day extension of the due date for filing its Annual Report on Form 10-K for the year ended December 31, 2019 (the "Form 10-K").  The Company disclosed:

---

[2] The "Class" is comprised of all persons who purchased or otherwise acquired Cronos common stock during the Class Period.

[3] Citations to "¶ __" are to paragraphs of the Class Action Complaint for Violations of Federal Securities Laws (the "Complaint") filed in *Finch v. Cronos Group Inc.*, Case No. 2:20-cv-01324 (JMA)(ST) (E.D.N.Y.) on March 12, 2020.  The facts set forth in the Complaint are incorporated herein by reference.

2

The Company has been unable to complete its financial statements for fiscal 2019 due to a continuing review by the Audit Committee of the Company's Board of Directors, with the assistance of outside counsel and forensic accountants, of *several bulk resin purchases and sales of products through the wholesale channel and the appropriateness of the recognition of revenue from those transactions*. As previously announced, the Company has delayed its fourth quarter and full year 2019 earnings release and investor conference call, previously scheduled for Thursday, February 27, 2020. The Company plans to release fourth quarter and full year 2019 earnings results and to file its Form 10-K promptly within the extension period of 15 calendar days. However, no assurance can be given that the Company will be able to meet the extended filing deadline. [Emphasis added].

¶ 32.

In the Form 12b-25 filed with the SEC on March 2, 2020, the Company stated that it would file a Form 10-K with the SEC with fifteen days because "[t]he Company has been unable to complete its financial statements for fiscal 2019 due to a continuing review by the Audit Committee of the Company's Board of Directors, with the assistance of outside counsel and forensic accountants, of several bulk resin purchases and sales of products through the wholesale channel and the appropriateness of the recognition of revenue from those transactions." The Company further reported that upon completion of the Audit Committee review, for fiscal 2019, it would report:

- an increase in net revenue;
- a material inventory write-down;
- a material decrease in gross profit;
- a material increase in operating loss;
- a material gain on revaluation of financial liabilities;
- restructuring charges; and
- a material increase in net income.

¶ 33.

The price of Cronos common stock, which had a Class Period high of $17.86 per share (USD), was artificially inflated throughout the Class Period, but declined with each partial disclosure of the truth concerning the Company's financial condition and business prospects.

3

## **ARGUMENT**

### I. **THE RELATED ACTIONS SHOULD BE CONSOLIDATED**

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this [sub-]chapter has been filed," the Court shall not make the determination of the most adequate plaintiff until "after the decision on the motion to consolidate is rendered."  15 U.S.C. § 78u-4(a)(3)(B)(ii).  Thereafter, the Court "shall appoint the most adequate plaintiff for the consolidated actions." *Id.*

Under Rule 42(a) of the Federal Rules of Civil Procedure, consolidation is appropriate when the actions involve common questions of law or fact, and overlapping defendants. *See* Fed. R. Civ. P. 42(a); *see also Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990) ("Consolidation of tort actions sharing common questions of law and fact is commonplace."); *Cullinan v. Cemtrex, Inc.*, 287 F. Supp. 3d 277, 283-84 (E.D.N.Y. 2018) (consolidating three securities class actions because "cases present common questions of law and fact, and [the court found] . . . that consolidation would serve the interests of judicial economy."); *Primavera Familienstiftung v. Askin*, 173 F.R.D. 115, 129 (S.D.N.Y. 1997) ("so long as any confusion or prejudice does not outweigh efficiency concerns, consolidation will generally be appropriate.")

Consolidation is particularly appropriate in securities class action litigation. *See Mitchell v. Complete Mgmt., Inc. Sec. Litig.*, Case No. 99-CV-1454 (DAB), 199 U.S. Dist. LEXIS 14460, at *4 (S.D.N.Y. Sept. 17, 1999) ("In securities actions where the complaints are based on the same 'public statements and reports' consolidation is appropriate if there are common questions of law and fact . . . ") (citation omitted); *see also Primavera*, 173 F.R.D. at 129 (same).  Courts, therefore, routinely find that consolidating multiple securities cases is an efficient solution where the complaints arise generally from the same alleged false and misleading statements. *See, e.g.,*

4

*In re MicroStrategy Inc. Sec. Litig.*, 110 F. Supp. 2d 427, 431 (E.D. Va. 2000) ("consolidation is often warranted where multiple securities fraud class actions are based on the same public statements and reports[]") (internal quotations omitted).

The actions pending before this Court present similar factual and legal issues, as they all involve the same subject matter; present, for the most part, the same legal issues; and involve the same defendants. Each alleges violations of the Exchange Act and each is based on the same wrongful course of conduct. Each names the Company and certain of its officers and/or directors as defendants. Because the actions arise from the same facts and circumstances and involve the same subject matter, the same discovery and similar class certification issues will be relevant to all related actions. Accordingly, consolidation under Rule 42(a) is appropriate.

## II.     THE COURT SHOULD APPOINT MOVANT AS LEAD PLAINTIFF

### A.     The Procedure Required By The PSLRA

Once the Court decides the consolidation motion, the PSLRA mandates that the Court decide the lead plaintiff issue "[a]s soon as practicable." 15 U.S.C. § 78u-4(a)(3)(B)(ii).

The plaintiff who commences the initial action must publish notice to the class within 20 days after filing the action, informing class members of their right to file a motion for appointment of lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i). The PSLRA requires the Court to consider within 90 days all motions, filed within 60 days after publication of that notice, made by any person or group of persons who are members of the proposed class to be appointed lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(i).

The PSLRA provides a presumption that the most "adequate plaintiff" to serve as lead plaintiff is the "person or group of persons" that:

> (aa)    has either filed the complaint or made a motion in response to a notice;

5

> (bb)   in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc)   otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  The presumption may be rebutted only upon proof by a class member that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class."   15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

As set forth below, Movant satisfies the foregoing criteria and is not aware of any unique defenses that defendants could raise against him.   Therefore, Movant is entitled to the presumption that he is the most adequate plaintiff to represent the Class and, as a result, should be appointed lead plaintiff in the Action.

### 1.      Movant Is Willing To Serve As Class Representative

On March 11, 2020, counsel in the first-filed action caused a notice (the "Notice") to be published pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), which announced that a securities class action had been filed against Defendants, and advised putative class members that they had sixty days from March 11, 2020, to file a motion to seek appointment as a lead plaintiff in the action.[4]

Movant has timely filed his motion pursuant to the Notice.  In doing so, Movant has attached his certification attesting to his willingness to serve as a representative party of the Class and provide testimony at deposition and trial, if necessary.  *See* MacFall Decl. Ex. B. Accordingly, Movant satisfies the first requirement to serve as lead plaintiff.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa).

---

[4]  The Action was filed in this Court on March 11, 2020.  The Notice was published over *Globe Newswire*, a widely circulated national business oriented wire service, on March 11, 2020.  *See* MacFall Decl. Ex. A.

6

### 2. Movant Has The Requisite Financial Interest In The Relief Sought By The Class

During the Class Period, as evidenced by, among other things, the accompanying signed certification, Movant purchased Cronos shares in reliance upon the materially false and misleading statements issued by defendants, and was injured thereby. *See* MacFall Decl. Ex. B. As a result, Movant suffered a substantial loss of $19,653.72. *Id.* Movant thus has a significant financial interest in the outcome of this case.

Movant is not aware of any other member of the Class who has sought, or is seeking, appointment as lead plaintiff that has a larger financial interest in the relief sought in the Action. Movant thus satisfies the foremost PSLRA requirement – the largest financial interest – to be appointed as lead plaintiff for the Class. *Cullinan*, 287 F. Supp. 3d at 287 (of the four *Lax/Olsten* factors the court must consider, "losses suffered during the class period, is considered to be the most important.") (citing *In re Blue Apron Holdings, Inc. Sec. Litig.*, 17-CV-4846, 2017 U.S. Dist. LEXIS 207531, at *8 (E.D.N.Y. Dec. 15, 2017)).

### B. Movant Satisfies The Requirements Of Rule 23(a) Of The Federal Rules Of Civil Procedure

The PSLRA further provides that the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). "At this state, movants seeking appointment as lead plaintiff need only make a 'preliminary, prima facie showing' that the typicality and adequacy requirement would be met." *Cullinan*, 287 F. Supp. 3d at 288 (citing *Varghese v. China Shenghuo Pharm. Hldgs.*, 589 F. Supp. 2d 388, 397 (S.D.N.Y. 2008)).

## 1.    Movant's Claims Are Typical

The typicality requirement is met where "each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *Cullinan*, 287 F. Supp. 3d at 288 (quoting *In re Drexel Burnham Lambert Grp., Inc.*, 960 F.2d 285, 291 (2d Cir. 1992)).  Courts in this Circuit have made clear, however, that a lead plaintiff's claims "need not be identical" to that of the claims of the class, and that "similarity of legal theory may control even in the face of differences of fact."  *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co.*, 229 F.R.D. 395, 412 (S.D.N.Y. 2004).  The typicality requirement of Rule 23 is satisfied when "claims arise from the same course of events – the purchase of . . . securities in reliance on defendants' alleged misstatements – and are based on similar legal arguments surrounding defendants' violation of the federal securities laws and the resulting harms." *Cullinan*, 287 F. Supp. 3d at 289.

Movant satisfies the typicality requirement of Rule 23.  Like all Class members, he purchased Cronos shares during the Class Period at prices artificially inflated by defendants' materially false and misleading statements, and was damaged thereby.  MacFall Decl. Ex. B. Movant seeks to recover for such losses by asserting legal claims as applicable to all other members of the Class under the Exchange Act.

## 2.    Movant Satisfies The Adequacy Requirement

Movant is also an adequate representative of the Class.  "In order for a lead plaintiff to satisfy the Rule 23 adequacy requirement, '(1) there should be no conflict between the interests of the class and the named plaintiff nor should there be collusion among the litigants; and (2) the parties' attorney must be qualified, experienced, and generally able to conduct the proposed

8

litigation.'" *Cullinan*, 287 F. Supp. 3d at 289 (quoting *In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 436 (S.D.N.Y. 2008)).

There is no antagonism between the interests of Movant and those of the Class. Movant's substantial financial losses motivate him to aggressively pursue his claims, aligning his interests with that of the Class members who also suffered losses due to defendants' material misrepresentations and omissions, and other unlawful conduct. Movant has also retained counsel highly experienced in prosecuting securities fraud class actions, ensuring that he is able to prosecute the Action vigorously on behalf of the Class. MacFall Decl. Ex. C.

Accordingly, at this state of the proceedings, Movant has made the preliminary showing necessary to satisfy the typicality and adequacy requirements of Fed. R. Civ. P. 23 and, therefore, it satisfies 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).

## III.   MOVANT'S CHOICE OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to Court approval. 15 U.S.C. § 78u-4(a)(3)(B)(v). "Courts have correctly found that the PSLRA 'evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention.'" *Cullinan*, 287 F. Supp. 3d at 289 (quoting *In re Adelphia Communs. Corp. Sec. & Derivative Litig.*, No. 03 MDL 1529 (LMM), 2008 U.S. Dist. LEXIS 67220, at *14 (S.D.N.Y. Sept. 3, 2008), *aff'd sub nom. Victor v. Argent Classic Convertible Arbitrage Fund L.P.*, 623 F.3d 82 (2d Cir. 2010)). The Court should interfere with the lead plaintiff's selection of counsel only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); *see also In re Cavanaugh*, 306 F.3d 726, 734 (9th Cir. 2002) ("Selecting a lawyer in whom a litigant has confidence is an important client prerogative and we will not lightly infer that Congress meant to take away this

9

prerogative from securities plaintiffs.  And, indeed, it did not.  While the appointment of counsel is made subject to the approval of the court, the [PSLRA] clearly leaves the choice of class counsel in the hands of the lead plaintiff.").

Movant has selected Rigrodsky & Long, P.A. ("Rigrodsky & Long") to act as lead counsel.  The Firm Résumé of Rigrodsky & Long shows that its attorneys have extensive experience in successfully prosecuting complex class actions involving violations of the federal securities laws, such as this one, and is well-qualified to represent the Class.  *See* MacFall Decl. Ex. C (the firm résumé of Rigrodsky & Long).

**CONCLUSION**

For the foregoing reasons, Movant respectfully requests that this Court consolidate the related actions pursuant to Fed. R. Civ. P. 42(a); appoint Movant as Lead Plaintiff for the Class in the consolidated action and all subsequently-filed, related actions; and approve Rigrodsky & Long as Lead Counsel for the Class.

Dated:  May 11, 2020                          Respectfully submitted,

                                    **RIGRODSKY & LONG, P.A.**

                              By: */s/ Timothy J. MacFall*
                                    Seth D. Rigrodsky
                                    Timothy J. MacFall
                                    825 East Gate Boulevard, Suite 300
                                    Garden City, NY 11530
                                    Telephone: (516) 683-3516
                                    Email: sdr@rl-legal.com
                                    Email: tjm@rl-legal.com

                                    *Counsel for Movant Jack Levandowski*

10

## CERTIFICATE OF SERVICE

I hereby certify that on May 11, 2020, I caused true and accurate copies of the foregoing papers to be served upon all counsel of record via CM/ECF.

*/s/ Timothy J. MacFall*
Timothy J. MacFall