**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JILL WITTE, Individually and On Behalf of All Others Similarly Situated, | No. 2:20-cv-01310-ENV-SIL |
| Plaintiff, | Judge Eric N. Vitaliano |
| v. | CLASS ACTION |
| CRONOS GROUP INC., MICHAEL GORENSTEIN, and JERRY F. BARBATO, | ORAL ARGUMENT REQUESTED |
| Defendants. | |
| DONALD FINCH, Individually And On Behalf Of All Others Similarly Situated, | No. 2:20-cv-01324-JMA-ST |
| Plaintiff, | Judge Joan M. Azrack |
| -against- | |
| CRONOS GROUP INC., MIKE GORENSTEIN, and JERRY BARBATO, | |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF KEITH D. NORMAN FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF SELECTION OF LEAD COUNSEL**

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ........................................................................................... 1

FACTUAL BACKGROUND ................................................................................................ 2

ARGUMENT ....................................................................................................................... 4

I.      THE ACTIONS SHOULD BE CONSOLIDATED .................................................. 4

II.     NORMAN SHOULD BE APPOINTED LEAD PLAINTIFF ................................... 5

    A.   The PSLRA Standard For Appointing Lead Plaintiff ..................................... 5

    B.   Norman Is The "Most Adequate Plaintiff" ..................................................... 6

        1.   Norman's Motion Is Timely ................................................................ 6

        2.   Norman Has the Largest Financial Interest in the Relief Sought by the Class ...................................................................................... 6

        3.   Norman Satisfies Rule 23's Typicality and Adequacy Requirements ...................................................................................... 7

            (a)   Norman's Claims Are Typical of Those of the Class ............................ 8

            (b)   Norman Satisfies the Adequacy Requirement of Rule 23 ...................... 8

III.    NORMAN'S SELECTION OF LEAD COUNSEL MERITS APPROVAL ...................... 10

CONCLUSION ................................................................................................................... 11

i

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Albert Fadem Trust v. Citigroup Inc.*,
    239 F. Supp. 2d 344 (S.D.N.Y. 2002)......................................................................4

*Baldwin v. Net 1 UEPS Techs., Inc.*,
    No. 19-CV-11174 (PKC), 2020 WL 1444937 (S.D.N.Y. Mar. 25, 2020)...............7

*Bevinal v. Avon Prods., Inc.*,
    No. 19 Civ. 1420 (CM), 2019 WL 2497739 (S.D.N.Y. June 3, 2019).....................7

*Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.*,
    252 F.R.D. 188 (S.D.N.Y. 2008) ..........................................................................4

*In re Cendant Corp. Litig.*,
    264 F.3d 201 (3d Cir. 2001)..............................................................................9, 10

*City of Riviera Beach Gen. Emps. Ret. Sys. v. Macquarie Infrastructure Corp.*,
    No. 18-CV-3608 (VSB), 2019 WL 364570 (S.D.N.Y. Jan. 30, 2019)...................7

*Foley v. Transocean Ltd.*,
    272 F.R.D. 126 (S.D.N.Y. 2011) ..........................................................................6

*Gordon v. MiMedx Grp., Inc.*,
    No. 18 Civ. 01831 (ER), 2019 WL 1254551 (S.D.N.Y. Mar. 19, 2019)................8

*Kemp v. Universal Am. Fin. Corp.*,
    No. 05 Civ. 9883 (JFK), 2006 WL 1190691 (S.D.N.Y. May 1, 2006) ..................6

*Kux-Kardos v. VimpelCom, Ltd.*,
    151 F. Supp. 3d 471 (S.D.N.Y. 2016).....................................................................7

*Lipetz v. Wachovia Corp.*,
    No. 08 Civ. 6171 (RJS), 2008 WL 4615895 (S.D.N.Y. Oct. 10, 2008) .................9

*Lowinger v. Global Cash Access Holdings, Inc.*,
    No. 08 Cv. 3516 (SWK), 2008 WL 2566558 (S.D.N.Y. June 26, 2008) ...............4

*McKenna v. Dick's Sporting Goods, Inc*,
    No. 17-CV-3680 (VSB), 2018 WL 1083971 (S.D.N.Y. Feb. 27, 2018) .................7

*Moshell v. Sasol Limited*,
    No. 20-cv-1008 (JSR), 2020 WL 2115410 (S.D.N.Y. May 4, 2020).......................9

*In re Orion Sec. Litig.*,
  No. 08 Civ. 1328 (RJS), 2008 WL 2811358 (S.D.N.Y. July 8, 2008) ......................................4

*Peifa Xu v. Gridsum Holding Inc.*,
  No. 18 Civ. 3655 (ER), 2018 WL 4462363 (S.D.N.Y. Sept. 17, 2018) ...............................4, 7

*Salinger v. Sarepta Therapeutics, Inc.*,
  No. 19-CV-8122 (VSB), 2019 WL 6873807 (S.D.N.Y. Dec. 17, 2019)..................................8

*Sgalambo v. McKenzie*,
  268 F.R.D. 170 (S.D.N.Y. 2010) ........................................................................................8

**Rules & Statutes**

Fed. R. Civ. P. 23 .................................................................................................. *passim*

Fed. R. Civ. P. 42(a) .........................................................................................................4, 5

15 U.S.C. § 78u-4 *et seq.* ........................................................................................ *passim*

**Docketed Cases**

*In re Am. Int'l Grp., Inc. Sec. Litig.*,
  No. 04-cv-8141 (S.D.N.Y.)................................................................................................10

*In re Bear Stearns Cos., Inc. Sec., Derivative, & ERISA Litig.*,
  No. 08-md-1963 (S.D.N.Y.) ..............................................................................................10

*In re Fannie Mae 2008 Sec. Litig.*,
  No. 08-cv-7831 (S.D.N.Y.)................................................................................................10

*In re Satyam Comput. Servs. Ltd. Sec. Litig.*,
  No. 09-md-2027 (S.D.N.Y.) ..............................................................................................10

**Other Authorities**

H.R. Conf. Rep. No. 104-369 35 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730 ...........................10

Proposed Lead Plaintiff Keith D. Norman ("Norman") respectfully submits this Memorandum of Law pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), in support of his Motion for the entry of an Order: (i) consolidating the above-captioned class actions (together, the "Action"); (ii) appointing Norman as Lead Plaintiff on behalf of a class consisting of all persons who purchased or otherwise acquired Cronos Group Inc. ("Cronos" or the "Company") securities between May 9, 2019 and March 2, 2020, both dates inclusive (the "Class Period"), and were damaged thereby (the "Class"); (iii) approving Norman's selection of Labaton Sucharow LLP ("Labaton Sucharow") as Lead Counsel for the Class; and (iv) granting such other and further relief as the Court may deem just and proper.

## PRELIMINARY STATEMENT

Norman respectfully submits that he should be appointed Lead Plaintiff in the Action on behalf of the Class. The Action, which is brought against Cronos and certain of its executive officers (collectively, "Defendants"), seeks to recover damages caused by Defendants' alleged violations of the federal securities laws under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder.

The PSLRA requires that the Court appoint the "most adequate plaintiff" to serve as Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(i). In that regard, the Court must determine which movant has the "largest financial interest" in the relief sought by the Class, and also whether such movant has made a *prima facie* showing that it is a typical and adequate Class representative under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

For the reasons discussed below, Norman respectfully submits that he is the "most adequate plaintiff" under the PSLRA and should be appointed Lead Plaintiff.  Norman incurred losses of *$1,065,888.84* on his Class Period transactions in Cronos securities as calculated on a last-in-first-out ("LIFO") basis.[1]  Accordingly, Norman has a substantial financial interest in directing this litigation and recovering losses attributable to Defendants' violations of federal securities laws—an interest believed to be greater than that of any other qualified movant.

Norman also meets the typicality and adequacy requirements of Rule 23 because his claims are typical of those of absent Class members, and because he will fairly and adequately represent the interests of the Class.  Accordingly, Norman is the presumptive Lead Plaintiff.

Finally, pursuant to the PSLRA, Norman respectfully requests that the Court approve his selection of Labaton Sucharow as Lead Counsel for the Class.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v) ("[T]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class").  Labaton Sucharow is a nationally recognized securities class action litigation firm that has recovered billions of dollars in damages for defrauded investors.

Accordingly, Norman respectfully requests that the Court appoint him as Lead Plaintiff for the Class and approve his selection of Lead Counsel.

## **FACTUAL BACKGROUND**

Cronos, formerly known as PharmaCan Capital Corp., is a principal investment firm. Cronos seeks to invest in companies either licensed, or actively seeking a license, to produce

---

[1]  A copy of the Certification signed by Norman ("Certification"), is attached as Exhibit A to the Declaration of Francis P. McConville (the "McConville Decl.").  The Certification sets forth all of Norman's transactions in Cronos securities during the Class Period.  In addition, a table reflecting the calculation of financial losses sustained by Norman on his Class Period transactions in Cronos securities ("Loss Analysis") is attached as Exhibit B to the McConville Decl.

medical marijuana pursuant to Canada's Marihuana for Medical Purposes Regulations ("MMPR"). The Company typically invests in companies based in Canada.

The Action alleges that throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business, operational and compliance policies. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (i) Cronos had engaged in significant transactions for which its revenue recognition was inappropriate; (ii) the foregoing would foreseeably necessitate reviews that would delay the Company's ability to timely file its periodic reports; and (iii) as a result, the Company's public statements were materially false and misleading at all relevant times.

On February 24, 2020, Cronos stated that it would delay its fourth quarter and fiscal year 2019 earnings release and conference call, previously scheduled for February 27, 2020. On this news, Cronos' share price fell $0.78 per share, or 10.91 percent, to close at $6.37 on February 24, 2020.

Then, on March 2, 2020, after the market closed, Cronos disclosed that it had requested a fifteen day extension for filing a complete Annual Report on Form 10-K with the SEC for its fourth quarter and fiscal year 2019. Cronos attributed the delay to a "review by the Audit Committee of the Company's Board of Directors, with the assistance of outside counsel and forensic accountants, of several bulk resin purchases and sales of products through the wholesale channel and the appropriateness of the recognition of revenue from those transactions." On this news, Cronos' share price fell an additional $0.70 per share, or 11.63 percent, to close at $5.32 per share on March 3, 2020.

Defendants' alleged violations of the securities laws and the revelations thereof have caused Norman and the Class to incur significant losses.

3

**ARGUMENT**

**I.    THE ACTIONS SHOULD BE CONSOLIDATED**

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter [is] filed," the court shall not appoint a lead plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. § 78u-4(a)(3)(B)(ii); *see also Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.*, 252 F.R.D. 188, 190 (S.D.N.Y. 2008) ("[T]he Court shall not make the determination of the most adequate plaintiff until after the decision on the motion to consolidate is rendered.") (quotation marks and citation omitted).

Consolidation pursuant to Rule 42(a) is appropriate when actions "involve common questions of law and fact." *Peifa Xu v. Gridsum Holding Inc.*, No. 18 Civ. 3655 (ER), 2018 WL 4462363, at *3 (S.D.N.Y. Sept. 17, 2018) . "A determination on the issue of consolidation is left to the sound discretion of the Court." *Albert Fadem Trust v. Citigroup Inc.*, 239 F. Supp. 2d 344, 347 (S.D.N.Y. 2002) (citing *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284-85 (2d Cir. 1990); *Zicklin v. Breuer*, 534 F. Supp. 745, 749 (S.D.N.Y. 1982)). "'[C]onsolidation is particularly appropriate in the context of securities class actions if the complaints are based on the same public statements and reports.'" *Lowinger v. Global Cash Access Holdings, Inc.*, No. 08 Cv. 3516 (SWK), 2008 WL 2566558, at *1 (S.D.N.Y. June 26, 2008) (citing *Glauser v. EVCI Ctr. Colls. Holding Corp.*, 236 F.R.D. 184, 186 (S.D.N.Y. 2006)). "[S]light differences in the facts alleged and legal issues raised do not preclude consolidation." *In re Orion Sec. Litig.*, No. 08 Civ. 1328 (RJS), 2008 WL 2811358, at *3 (S.D.N.Y. July 8, 2008).

The Actions are well-suited for consolidation.  The complaint filed in each of the Actions alleges that Defendants violated the Exchange Act.  Each action sets forth identical allegations relating to similar parties, transactions, and events.  Because consolidation will promote judicial

4

efficiency and conserve the resources of the Class and all other parties, consolidation is appropriate pursuant to Rule 42(a).  Accordingly, Norman respectfully requests that the Court consolidate the Actions, and any other subsequently-filed action.

## II.    NORMAN SHOULD BE APPOINTED LEAD PLAINTIFF

Norman respectfully submits that he should be appointed Lead Plaintiff because he timely filed the instant motion, believes he has the largest financial interest of any qualified movant, and satisfies the typicality and adequacy requirements of Rule 23.

### A.    The PSLRA Standard For Appointing Lead Plaintiff

The PSLRA provides a straightforward, sequential procedure for selecting a lead plaintiff for "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."  *See* 15 U.S.C. § 78u-4(a)(l); *see also* 15 U.S.C. § 78u-4(a)(3)(B) (setting forth procedure for selecting lead plaintiff).  First, Section 21D(a)(3)(A)(i) of the Exchange Act, as amended by the PSLRA, specifies that:

> Not later than 20 days after the date on which the complaint is filed, the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class –
>
> (I) of the pendency of the action, the claims asserted therein, and the purported class period; and
>
> (II) that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

15 U.S.C. § 78u-4(a)(3)(A)(i).

Next, pursuant to the PSLRA, the Court is to consider any motion made by Class members to serve as Lead Plaintiff and appoint the "most adequate plaintiff."  15 U.S.C. § 78u-4(a)(3)(B)(i).  In adjudicating the lead plaintiff motions, the Court shall adopt a presumption that the "most adequate plaintiff" is the person who: (1) filed a complaint or timely filed a motion to

serve as Lead Plaintiff; (2) has the largest financial interest in the relief sought by the Class; and (3) who otherwise satisfies the requirements of Rule 23. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *Foley v. Transocean Ltd.*, 272 F.R.D. 126, 127 (S.D.N.Y. 2011). This presumption may be rebutted only by "proof" that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). Under the framework established by the PSLRA, Norman is the most adequate plaintiff and should be appointed Lead Plaintiff.

### B. Norman Is The "Most Adequate Plaintiff"

#### 1. Norman's Motion Is Timely

Norman filed this motion to serve as Lead Plaintiff in a timely manner. Pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i), the plaintiff in the first-filed action against Defendants caused notice regarding the pending nature of this case to be published on *Globe Newswire,* a widely-circulated, national, business-oriented news wire service, on March 11, 2020. *See* Notice, McConville Decl., Ex. C. Thus, pursuant to the PSLRA, any person who is a member of the proposed Class may apply to be appointed lead plaintiff within sixty days after publication of the notice, *i.e.*, on or before May 11, 2020. Norman filed his motion seeking appointment as Lead Plaintiff within this deadline and thus has satisfied the procedural requirements of the PSLRA.

#### 2. Norman Has the Largest Financial Interest in the Relief Sought by the Class

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii); *Kemp v. Universal Am. Fin. Corp.*, No. 05 Civ. 9883 (JFK), 2006 WL 1190691, at *2 (S.D.N.Y. May 1, 2006).

6

Norman incurred a substantial loss of **$1,065,888.84** on his relevant transactions in Cronos securities on a LIFO basis during the Class Period.  *See* Loss Analysis, McConville Decl., Ex. B.  Accordingly, Norman has a substantial financial interest as a qualified movant seeking Lead Plaintiff status, and is the presumptive "most adequate plaintiff."  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii); *see also Baldwin v. Net 1 UEPS Techs., Inc.*, No. 19-CV-11174 (PKC), 2020 WL 1444937, at *3 (S.D.N.Y. Mar. 25, 2020) (noting that "financial loss and . . . moving to be appointed lead plaintiff demonstrate sufficient interest in the outcome of the case"); *McKenna v. Dick's Sporting Goods, Inc*, No. 17-CV-3680 (VSB), 2018 WL 1083971, at *4–5 (S.D.N.Y. Feb. 27, 2018) (finding the movant with the largest financial interest to be the "presumptive lead plaintiff").

### 3.    Norman Satisfies Rule 23's Typicality and Adequacy Requirements

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  *See Bevinal v. Avon Prods., Inc.*, No. 19 Civ. 1420 (CM), 2019 WL 2497739, at *1 (S.D.N.Y. June 3, 2019).  At the lead plaintiff selection stage all that is required to satisfy Rule 23 is a preliminary showing that the lead plaintiff's claims are typical and adequate.  *See City of Riviera Beach Gen. Emps. Ret. Sys. v. Macquarie Infrastructure Corp.*, No. 18-CV-3608 (VSB), 2019 WL 364570, at *4 (S.D.N.Y. Jan. 30, 2019) ("A potential lead plaintiff must also make a preliminary showing that it satisfies the typicality and adequacy requirements of Rule 23.") (quotation and internal citations omitted); *see also Kux-Kardos v. VimpelCom, Ltd.*, 151 F. Supp. 3d 471, 477 (S.D.N.Y. 2016) (same); *see also Gridsum Holding Inc.*, 2018 WL 4462363, at *4  (same).  Here, Norman unquestionably satisfies both requirements.

7

### (a)    Norman's Claims Are Typical of Those of the Class

The Rule 23(a) typicality requirement is satisfied when a plaintiff's claims arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability. *See Sgalambo v. McKenzie*, 268 F.R.D. 170, 173–74 (S.D.N.Y. 2010). Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Gordon v. MiMedx Grp., Inc.*, No. 18 Civ. 01831 (ER), 2019 WL 1254551, at *3 (S.D.N.Y. Mar. 19, 2019).

Norman's claims are typical of the claims asserted by the proposed Class. Like all members of the Class, Norman alleges that Defendants made material misstatements and omissions regarding the Company's revenue recognition. Norman, as did all of the members of the Class, transacted in Cronos securities during the Class Period in reliance on Defendants' alleged misstatements and omissions and was damaged thereby. Because Norman's claims arise from the same course of events as do the claims of other Class members, the typicality requirement is satisfied. *See id.* at *3.

### (b)    Norman Satisfies the Adequacy Requirement of Rule 23

Norman likewise satisfies the adequacy requirement of Rule 23. The adequacy of representation requirement of Rule 23(a)(4) is satisfied when a representative party establishes that it "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). In analyzing a movant's adequacy, "a court must consider whether the proposed lead plaintiff: (1) maintains claims that conflict with those of the class; (2) has sufficient interest in the outcome of the case; and (3) has selected counsel that is qualified, experienced, and generally able to conduct the litigation in question." *Salinger v. Sarepta Therapeutics, Inc.*, No. 19-CV-8122 (VSB), 2019 WL 6873807, at *2–5 (S.D.N.Y. Dec. 17, 2019) (citation omitted).

As applied, Norman has satisfied the adequacy requirement. Norman understands his

duties and obligations as a Lead Plaintiff under the PSLRA. *See* Certification, McConville Decl., Ex. A. No antagonism exists between Norman's interests and those of the absent Class members; rather, the interests of Norman and Class members are squarely aligned. Norman suffered substantial losses due to Defendants' alleged misconduct and, therefore, has a sufficient interest in the outcome of this case to ensure vigorous prosecution of this action. *See Lipetz v. Wachovia Corp.*, No. 08 Civ. 6171 (RJS), 2008 WL 4615895, at *3 (S.D.N.Y. Oct. 10, 2008) (noting investor's "substantial financial stake in the litigation" suggests that it would vigorously prosecute claims on behalf of the class). Further, there is no proof that Norman is "subject to unique defenses that render such plaintiff incapable of representing the class," because no such proof exists. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). Finally, Norman has also retained counsel highly experienced in prosecuting securities class actions vigorously and efficiently, *see infra* at Section III, and timely submitted his choice to the Court for approval, in accordance with the PSLRA. *See* 15 U.S.C. §§ 78u-4(a)(3)(A)(i)(II) and (B)(v); *see also Moshell v. Sasol Limited*, No. 20-cv-1008 (JSR), 2020 WL 2115410, at *2 (S.D.N.Y. May 4, 2020) (finding adequacy requirement satisfied where movant selected "firm experienced in securities class action litigation").

Moreover, Norman possesses the necessary experience and sophistication to act as a vigilant advocate and fiduciary to the Class. Norman, who resides in Kernersville, North Carolina, is a sophisticated investor with over forty years of investing experience. Additionally, Norman is an entrepreneur who has run a number of successful businesses. In the course of running these businesses, Norman routinely dealt with attorneys on transactional matters, and at times litigation. Accordingly, Norman satisfies the adequacy requirement.

9

### III.   NORMAN'S SELECTION OF LEAD COUNSEL MERITS APPROVAL

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the court's approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *In re Cendant Corp. Litig.*, 264 F.3d 201, 276 (3d Cir. 2001) (stating that "the Reform Act evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention"). Consistent with Congressional intent, a court should not disturb the lead plaintiff's choice of counsel unless it is "necessary to protect the interests of the plaintiff class." *See* H.R. Conf. Rep. No. 104-369, at 35 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 734.

Here, Norman has selected the law firm of Labaton Sucharow to represent the Class. Labaton Sucharow has excelled as lead counsel in numerous actions on behalf of defrauded investors. For example, Labaton Sucharow served as lead counsel in *In re American International Group, Inc. Securities Litigation*, No. 04-cv-8141 (S.D.N.Y.), in which it achieved a recovery totaling more than $1 billion for injured investors, and secured a $294.9 million recovery in *In re Bear Stearns Cos., Inc. Securities, Derivative, & ERISA Litigation*, No. 08-md-1963 (S.D.N.Y.), in which the Firm served as co-lead counsel. Labaton Sucharow also served as co-lead counsel in *In re Satyam Computer Services Ltd. Securities Litigation*, No. 09-md-2027 (S.D.N.Y.), through which it helped recover from the company and its auditors a total of $150.5 million for class members, and secured a $170 million recovery as co-lead counsel in *In re Fannie Mae 2008 Securities Litigation*, No. 08-cv-7831 (S.D.N.Y.). Labaton Sucharow presently serves as lead or co-lead counsel in several significant investor class actions. *See* Labaton Sucharow Firm Resume, McConville Decl., Ex. D.

In light of the foregoing, the Court should approve Norman's selection of Labaton Sucharow as Lead Counsel for the Class. The Court can be assured that, by approving Norman's choice of counsel, the Class will receive the highest caliber of representation.

## CONCLUSION

For the foregoing reasons, Norman respectfully requests that the Court issue an Order: (i) consolidating the above-captioned actions; (ii) appointing Norman as Lead Plaintiff for the Class; (iii) approving Norman's selection of Labaton Sucharow as Lead Counsel for the Class; and (iv) granting such other relief as the Court may deem just and proper.

DATED:  May 11, 2020

Respectfully submitted,

*/s/ Francis P. McConville*

**LABATON SUCHAROW LLP**
Christopher J. Keller
Eric J. Belfi
Francis P. McConville
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
ckeller@labaton.com
ebelfi@labaton.com
fmcconville@labaton.com

*Counsel for Lead Plaintiff Movant Keith D. Norman and Proposed Lead Counsel for the Class*

**THE SCHALL LAW FIRM**
Brian Schall
Rina Restaino
1880 Century Park East, Suite 404
Los Angeles, California 90067
Telephone: (310) 301-3335
Facsimile: (310) 388-0192
brian@schallfirm.com
rina@schallfirm.com

*Additional Counsel for Keith D. Norman*