**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JILL WITTE, Individually and on Behalf of All Others Similarly Situated, | Case No.: 2:20-cv-01310-ENV |
| Plaintiff, | Hon. Eric N. Vitaliano |
| v. | |
| CRONOS GROUP INC., MICHAEL GORENSTEIN, and JERRY F. BARBATO, | |
| Defendants. | |
| DONALD FINCH, Individually and on Behalf of All Others Similarly Situated, | Case No.: 2:20-cv-01324-JMA |
| Plaintiff, | Hon. Joan M. Azrack |
| v. | |
| CRONOS GROUP INC., MICHAEL GORENSTEIN, and JERRY F. BARBATO, | |
| Defendants. | |

**[PROPOSED] ORDER GRANTING MOTION OF DOUGLAS SIMPSON JR., NIRAL PATEL, AND LORNE S. MILLS FOR CONSOLIDATION OF THE ACTIONS, APPOINTMENT AS LEAD PLAINTIFFS, AND APPROVAL OF SELECTION OF <u>COUNSEL</u>**

Having considered the papers filed in support of the Motion of class member movants Douglas Simpson, Niral Patel, and Lorne S. Mills ("Movants") for Consolidation of the Actions, Appointment as Lead Plaintiffs, and Approval of Selection of Lead Counsel pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), 15 U.S.C. §78u-4(a)(3)(B), and for good cause shown, the Court hereby enters the following Order:

## CONSOLIDATION OF RELATED ACTIONS

1.      The above-captioned securities fraud class actions (the "Actions") pending in this Judicial District are hereby consolidated for all purposes pursuant to Rule 42(a) of the Federal Rules of Civil Procedure.  Any actions that have been filed, or may be filed, which are related, and which may be considered herewith, are consolidated with the *Witte* case under Case No. 2:20-cv-01310-ENV (the "Consolidated Action").

2.      A Master File is hereby established for the consolidated proceedings in the Consolidated Action.  The docket number for the Master File shall be Master File 2:20-cv-01310-ENV.  The original of this Order shall be filed by the Clerk in the Master File.  The Clerk shall mail a copy of this Order to counsel of record in each of the above-captioned actions.

3.      Every pleading filed in the Consolidated Action shall bear the following caption:

| IN RE CRONOS GROUP INC., SECURITIES LITIGATION | Master File No. 2:20-cv-01310-ENV |
|---|---|

## APPOINTMENT AS LEAD PLAINTIFF AND LEAD COUNSEL

4.      Movants have moved this Court to be appointed as Lead Plaintiff in the Actions and to approve the counsel they have retained to be Co-Lead Counsel.

5.      Having considered the provisions of the PSLRA, codified at §21D of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(3)(B), the Court hereby determines that Movants are the most adequate lead plaintiffs and satisfy the requirements of the PSLRA.  The Court hereby appoints Movants as Lead Plaintiffs to represent the interests of the Class.

6.      Pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v), Movants have selected and retained the law firms of Levi & Korsinsky, LLP and Pomerantz LLP to serve as Co-Lead Counsel.  The Court approves Movants' selection of Co-Lead Counsel for the Consolidated Action.

7.      Co-Lead Counsel shall have the following responsibilities and duties, to be carried out either personally or through counsel whom Co-Lead Counsel shall designate:

(a)      to coordinate the briefing and argument of any and all motions;

(b)      to coordinate the conduct of any and all discovery proceedings;

(c)      to coordinate the examination of any and all witnesses in depositions;

(d)      to coordinate the selection of counsel to act as spokesperson(s) at all pretrial conferences;

(e)      to call meetings of the plaintiffs' counsel as they deem necessary and appropriate from time to time;

(f)      to coordinate all settlement negotiations with counsel for Defendants;

(g)      to coordinate and direct pretrial discovery proceedings, preparation for trial, and trial of this matter and delegate work responsibilities to selected counsel as may be required;

(h)      to coordinate the preparation and filings of all pleadings; and

(i)      to supervise all other matters concerning the prosecution or resolution of the claims asserted in the Consolidated Action.

8.      No motion, discovery request, or other pretrial proceedings shall be initiated or filed by any plaintiffs without the approval of Co-Lead Counsel, so as to prevent duplicative pleadings or discovery by plaintiffs.  No settlement negotiations shall be conducted without the approval of Co-Lead Counsel.

9.      Service upon any plaintiff of all pleadings, motions, or other papers in the Consolidated Action, except those specifically addressed to a plaintiff other than Lead Plaintiffs, shall be completed upon service of Co-Lead Counsel.

10.      Co-Lead Counsel shall be the contact between plaintiffs and plaintiffs' counsel and Defendants' counsel, as well as the spokespersons for all plaintiffs' counsel, and shall direct and coordinate the activities of plaintiffs' counsel.  Co-Lead Counsel shall be the contact between the Court and plaintiffs and their counsel.

### NEWLY FILED OR TRANSFERRED ACTIONS

11.      When a case that arises out of the subject matter of this Consolidated Action is hereinafter filed in this Court or transferred to this Court from another court, the clerk of this Court shall:

(a)      file a copy of this Order in the separate file for such action;

(b)      mail a copy of this Order to the attorneys for the plaintiff(s) in the newly filed or transferred case and to any new defendant(s) in the newly filed or transferred case; and

(c)      make the appropriate entry in the docket for this Consolidated Action.

12.      Each new case arising out of the subject matter of this Consolidated Action that is filed in this Court or transferred to this Court shall be consolidated with the Action and this Order shall apply thereto, unless a party objecting to this Order or any provision of this Order shall, within ten days after the date upon which a copy of this Order is served on counsel for such party, file an application for relief from this Order or any provision herein and this Court deems it appropriate to grant such application.

13.     During the pendency of this litigation, or until further order of this Court, the parties shall take reasonable steps to preserve all documents within their possession, custody, or control, including computer-generated and stored information and materials such as computerized data and electronic mail, containing information that is relevant to or may lead to the discovery of information relevant to the subject matter of the pending litigation.

**IT IS SO ORDERED.**

Dated: _____, 2020

_____
HONORABLE ERIC N. VITALIANO
UNITED STATES DISTRICT JUDGE