# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, New York 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.

BRUSSELS • FRANKFURT • LONDON • PARIS

BEIJING • HONG KONG • TOKYO

MELBOURNE • SYDNEY

January 19, 2022

<u>Via ECF</u>

The Honorable Eric N. Vitaliano,
   United States District Judge,
     United States District Court, Eastern District of New York,
      225 Cadman Plaza East,
       Brooklyn, New York  11201.

        Re:    <u>*In re Cronos Group Inc. Securities Litigation*</u>, No. 20-cv-1310 (E.D.N.Y.)

Dear Judge Vitaliano:

On behalf of Defendants, we write to apprise the Court of the recent decision by Judge Ramos in the Southern District of New York in *Woodley* v. *Wood*, No. 20 Civ. 2357 (ER), 2022 WL 103563 (S.D.N.Y. Jan. 11, 2022) (attached hereto), which further supports Defendants' pending Motion to Dismiss Plaintiff's Consolidated Amended Complaint (ECF Nos. 45-47).  As in this action, the plaintiff in *Woodley* brought claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 following the defendants' discovery of an "accounting error" and restatement of the company's financial results.  2022 WL 103563 at *2.  *Woodley* held theories similar to Plaintiff's allegations here are insufficient to plead scienter.

The *Woodley* plaintiff argued, for example, that the "magnitude of the errors" of "over $500 million," as well as "GAAP violations" concerning accounting that was "not a complex process," supported scienter.  *Id.* at *9; *see* Pl.'s Opp., ECF No. 46 at 11-13, 17-18 (asserting similar theories).  Judge Ramos rejected these allegations as inadequate because they lacked "more concrete evidence of knowledge or recklessness" and were not "coupled with other circumstantial evidence."  2022 WL 103563 at *9 (citations and internal quotation marks omitted).  Nor were the allegations rendered sufficient by pointing to the defendants' experience or roles because, as Judge Ramos explained, "it is not enough that defendants held senior positions and had access to inside information."  *Id.* at *7.

Like Plaintiff here, the *Woodley* plaintiff argued that an internal controls deficiency supported scienter, but Judge Ramos held that "weak internal controls are not evidence of scienter where there is no allegation that the weakness was brought to the defendants' attention prior to making the purportedly false and misleading statements."  *Id*. at *8; *see* Pl.'s Opp., ECF No. 46 at 18.  As to the *Woodley* plaintiff's arguments, mirroring those by Plaintiff here, that the defendants should be charged with scienter because they signed SOX certifications, Judge Ramos stated that this did not infer scienter because the plaintiff had not "alleg[ed] any facts to show a

Hon. Eric N. Vitaliano                                                                                    -2-

concomitant awareness of or recklessness to the materially misleading nature of the statements." 2022 WL 103563 at *8 (quoting *In re Diebold Nixdorf, Inc., Sec. Litig.*, 2021 WL 1226627, at *14 (S.D.N.Y. Mar. 30, 2021)); *see* Pl.'s Opp. ECF No. 46 at 19-20.

In short, Judge Ramos reasoned that "several of Plaintiffs' arguments are essentially arguments that the occurrence of the accounting errors that led to the restatement is itself evidence of fraudulent intent" and that "[e]ven collectively, Plaintiffs' allegations do not come close to showing the required level of 'highly unreasonable' conduct that is 'an extreme departure from the standards of ordinary care.'" 2022 WL 103563 at *10 (quoting *ECA & Local 134 IBEW Joint Pension Trust of Chi.* v. *JP Morgan Chase Co.*, 553 F.3d 187, 202-03 (2d Cir. 2009)). By contrast, because "mistakes can be made without fraudulent intent," Judge Ramos concluded that defendants' "suggested inference that they discovered, disclosed, and corrected . . . accounting errors within a relatively short period of time with no fraudulent intent [was] simply more compelling" and required dismissal for failure to plead scienter. *Id.*

Defendants respectfully submit that this Court should follow *Woodley* and grant Defendants' motion to dismiss.

Respectfully,

David R

David M.J. Rein

(Attachment)

cc:     All counsel of record (via ECF)