## Labaton Sucharow

**Carol C. Villegas**
Partner
212 907 0824  direct
212 907 0700  main
212 883 7524  fax
cvillegas@labaton.com

**New York Office**
140 Broadway
New York, NY 10005

October 28, 2022

The Honorable Eric N. Vitaliano
United States District Court for the
Eastern District of New York
225 Cadman Plaza East, Courtroom 4C
Brooklyn, New York 11201

RE:     *In re Cronos Group Inc. Securities Litigation,*
        Master File No. 20 Civ. 1310 (E.D.N.Y.)

Dear Judge Vitaliano:

Lead Plaintiff Keith D. Norman hereby submits:

    (i)     two cease-and-desist orders dated October 24, 2022, entered in two separate proceedings before the Securities Exchange Commission ("SEC") against Defendant Cronos Group Inc. and Cronos's former Chief Financial Officer William Hilson (the "SEC Orders")[1] (Exs. A-B); and

    (ii)    certain publicly available materials from the Ontario Securities Commission's settlement of its investigations into Cronos and Cronos's former Chief Financial Officer William Hilson, dated October 17-24, 2022 (the "OSC Settlement Materials") (Exs. C-E).

The SEC Orders are the result of an SEC investigation into some of the same events underlying Lead Plaintiff's allegations in this matter.  As such, the SEC Orders are relevant to disputed issues before this Court*, i.e.,* Defendants' scienter, in particular the knowledge and involvement of the Defendants in the alleged sales and accounting violations.

---

[1] The SEC Orders are titled, respectively:  In the Matter of Cronos Group Inc.:  Order  Instituting Cease-and-Desist Proceedings Pursuant to Section 8A of the Securities Act of 1933 and Section 21C of the Securities Exchange Act of 1934, Making Findings, and Imposing a Cease-and-Desist Order (Ex. A); In the Matter of William Hilson, CPA, CA:  Order Instituting Public Administrative and Cease-and-Desist Proceedings Pursuant to Section 8A of the Securities Act of 1933, Sections 4C and 21C of the Securities Exchange Act of 1934 and Rule 102(e) of the Commission's Rules of Practice, Making Findings, and Imposing Remedial Sanctions and a Cease-and-Desist Order (Ex. B).

**Labaton Sucharow**

The Honorable Eric N. Vitaliano
October 28, 2022
Page 2

Among other things, the SEC Orders state that:

- Cronos violated the federal securities laws, including certain antifraud, reporting, books and records, and internal accounting controls provisions.  Ex. A, ¶¶34-37.

- Cronos's then CFO, William Hilson, "willfully violated" the federal securities laws, including certain antifraud, reporting, books and records, and internal accounting controls provisions.  Ex. B at ¶¶23-28.

- Cronos filed "materially inaccurate financial statements" with the SEC in 2019, during Lead Plaintiff's alleged Class Period.  Ex. A, ¶¶2, 27; Ex. B, ¶¶3, 21.

- Cronos and Hilson must cease and desist from violating various provisions of the Securities Act, Exchange Act, and rules promulgated thereunder.  Ex. A at §IV(A); Ex. B at §IV(A).

The OSC Settlements also are the result of an investigation into some of the same events underlying Lead Plaintiff's allegations in this matter.  As such, the OSC Settlement Materials are relevant to disputed issues before this Court, *i.e.,* Defendant Cronos's scienter, in particular the knowledge and involvement of Cronos and Cronos's former CFO in the alleged sales and accounting violations.

Among other things, the OSC Settlement Materials state that:

- Over a period of three quarters in 2019, Cronos improperly recognized $7.6 million (all dollar values refer to Canadian dollars) of revenue from three separate transactions.  The first transaction on which revenue was improperly recognized occurred in the first quarter of 2019.  It was an improper recognition of revenue of approximately $2.5 million relating to a combination of two wholesale transactions that were entered into in contemplation of one another and that lacked commercial substance.  The second transaction on which revenue was improperly recognized occurred in the third quarter of 2019 and involved three wholesale transactions with the same third party that were entered into in contemplation of one another, resulting in an improper recognition of revenue of approximately $2.1 million.  The third transaction on which revenue was improperly recognized also took place in the third quarter of 2019, and stemmed from a wholesale transaction that resulted in an improper recognition of $3 million in revenue.  Ex. C ("Oral Reasons for Approval of Settlements"), ¶¶2, 6-8.

- Cronos's former CFO, William Hilson admitted that he failed to take appropriate steps to ensure the accuracy of Cronos's financial statements for the third quarter of 2019.  In this regard, Hilson signed a false certification that the interim financial statements were accurate as they related to his area of responsibility.  Ex. C, ¶¶13-14.

**Labaton Sucharow**

The Honorable Eric N. Vitaliano
October 28, 2022
Page 3

- Cronos has admitted that for the first and third quarters of 2019, it failed to file interim financial statements prepared in accordance with Generally Accepted Accounting Principles, contrary to section 77 of the Securities Act.  Ex. C, ¶12; Ex. D ("Settlement Agreement I", dated October 19, 2022), ¶34.

Lead Plaintiff respectfully requests that the Court consider this relevant new authority concerning the alleged sales and accounting misconduct when evaluating the arguments asserted in Defendants' pending motion to dismiss (ECF Nos. 45, 47) and Lead Plaintiff's opposition thereto (ECF No. 46).

In the event that the Court is inclined to grant Defendants' motion to dismiss, Lead Plaintiff reiterates its request to file an amended complaint incorporating this new information, including the attached SEC Orders and OSC Settlement Materials, that have come to light since the filing of the Consolidated Amended Class Action Complaint on November 23, 2020 (ECF No. 37).

Respectfully,

*/s/Carol C. Villegas*

Carol C. Villegas

cc:    Counsel of Record *(via ECF)*