# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*

*New York, New York 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.

BRUSSELS • FRANKFURT • LONDON • PARIS

BEIJING • HONG KONG • TOKYO

MELBOURNE • SYDNEY

November 4, 2022

Via ECF

The Honorable Eric N. Vitaliano,
    United States District Judge,
        United States District Court, Eastern District of New York,
            225 Cadman Plaza East,
                Brooklyn, New York  11201.

Re:     *In re Cronos Group Inc. Securities Litigation*, No. 20-cv-1310 (E.D.N.Y.)

Dear Judge Vitaliano:

We write on behalf of Defendants in response to Plaintiff's October 28, 2022, letter enclosing settlement documents entered into separately between Cronos Group Inc. ("Cronos"), Cronos's former Chief Commercial Officer William Hilson (who is not a party in this case), the Securities and Exchange Commission ("SEC"), and the Ontario Securities Commission ("OSC"). Plaintiff describes these documents as "relevant new authority," which they are not. (Dkt. No. 54 at 3.)  Plaintiff's submission of these documents is coupled with a request to further amend the complaint, but only if Plaintiff loses the pending motion to dismiss.  That tactical approach to pleading should not be countenanced.

As to the settlement documents, *first*, they are not "authority."  *See High Country Home Health, Inc.* v. *Thompson*, 359 F.3d 1307, 1314-1315 (10th Cir. 2004) ("[S]ettlement agreements have no precedential weight . . . ."); *see also In re Joshua D. Mosshart*, S.E.C. Release No. 1408, 2021 WL 517422, at *9 n.8 (Feb. 11, 2021) ("a settlement is not precedent, as the Commission has stressed many times").

*Second*, where a "[s]ettlement [a]greement is not referenced in the Complaint nor incorporated by reference, the Court is not permitted on [a] Rule 12(b)(6) motion to consider th[e] agreement or the effect of its terms . . . ." *Carematrix of Mass., Inc.* v. *Kaplan*, 2006 WL 8439674, at *4 (E.D.N.Y. June 21, 2006).

*Third*, even had Plaintiff sought leave to further amend his complaint to reference the settlement documents, they would not be "relevant."  For example, "'a consent judgment between a federal agency and a private corporation which is not the result of an actual adjudication of any of the issues' . . . 'cannot be used as evidence in subsequent litigation between that corporation and another party.'"  *Amorosa* v. *Gen. Electric Co.*, 2022 WL 3577838, at *2 (S.D.N.Y. Aug. 19, 2022) (quoting *Lipsky* v. *Commonwealth United Corp.*, 551 F.2d 887, 893 (2d Cir. 1976)).  This is all the more so, where, as here, the settlement documents "include[] a proviso

Hon. Eric N. Vitaliano                                                                                    -2-

that [the defendant] neither admits nor denies the SEC's allegations." *Amorosa*, 2022 WL 3577838, at *2. *See also* Dkt. No. 54-1, Cronos SEC Settlement Order at art. II ("Solely for the purpose of these proceedings . . . and without admitting or denying the findings herein . . . [Cronos] consents to the entry of this Order . . . ."). Accordingly, "[a]lthough the Court may take judicial notice of publicly filed documents such as the [s]ettlement on a motion to dismiss, it may not do so for the purpose of considering the truth of the facts alleged therein." *Sjunde AP-Fonden* v. *Gen. Electric Co.*, 2021 WL 311003, at *5 (S.D.N.Y. Jan. 29, 2021) (declining to consider SEC settlement on motion to dismiss).

Plaintiff also "request[s] to file an amended complaint," but only if "the Court is inclined to grant Defendants' motion to dismiss." (Dkt. No. 54 at 3.) Plaintiff may not "wait[] to see how [he] would fare on the . . . motion to dismiss before requesting leave to amend." *Bank* v. *Spark Energy, LLC*, 2020 WL 6873436, at *2 (E.D.N.Y. Nov. 23, 2020) (internal quotation marks omitted) (dismissing complaint and denying leave to amend); *see also Burgee* v. *Patrick*, 1996 WL 227819, at *4 (S.D.N.Y. May 3, 1996) (denying leave to amend where "plaintiff used his delay tactically to obtain an adjudication of the merits of its first amended complaint prior to seeking amendment"). "When the moving party has had an opportunity to assert the amendment earlier, but has waited until after judgment before requesting leave, a court may exercise its discretion [to deny leave to amend] more exactingly." *State Trading Corp. of India, Ltd.* v. *Assuranceforeningen Skuld*, 921 F.2d 409, 418 (2d Cir. 1990) (citations omitted). Any attempt by Plaintiff to seek leave to amend to address the settlements after an adverse motion to dismiss ruling, when Plaintiff could equally have sought to amend now, should be denied on these grounds.

In any event, any amendment would be futile. Not only, as discussed above, are the settlements not authority or evidence of any fact, but also "portions of [an] SEC order quoted in [a] complaint are in the nature of allegations 'upon information and belief,' which cannot ordinarily form the basis of a fraud claim . . . ." *Loreley Fin. (Jersey) No. 3 Ltd.* v. *Wells Fargo Sec., LLC*, 797 F.3d 160, 180 (2d Cir. 2015). Moreover, the individuals named as Defendants in the Complaint here are not parties to either settlement, Cronos entered into the SEC settlement on a neither-admit-nor-deny basis, and the SEC recognized that Cronos had in place "procedures . . . to identify potential material accounting errors and possible misconduct by its employees," "promptly took steps to evaluate" any concerns and "promptly self-reported" to the SEC. *See* Dkt. No. 54-1, Cronos SEC Settlement Order ¶ 38(a)-(b).

Defendants appreciate the Court's attention to this matter.

Respectfully,

David M.J. Rein

cc:     All counsel of record (via ECF)