**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| IN RE CRONOS GROUP INC. SECURITIES LITIGATION | Civil Action No. 2:20-cv-01310-ENV-SIL |

**LEAD PLAINTIFF'S MOTION FOR RECONSIDERATION**
**OR MODIFICATION OF THE COURT'S NOVEMBER 11, 2023 ORDER**
**DISMISSING THE AMENDED COMPLAINT**

## **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ........................................................................................................ ii

I.      INTRODUCTION ................................................................................................ 1

II.     RELEVANT BACKGROUND ............................................................................ 3

III.    LEGAL STANDARDS ....................................................................................... 5

IV.     ARGUMENT ....................................................................................................... 5

        A.      The Court Overlooked Controlling Law That Plaintiff Cited ................................. 5

        B.      The Court Erred in Dismissing with Prejudice ....................................................... 7

V.      CONCLUSION ................................................................................................... 10

i

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*ATSI, Commc'ns, Inc. v. Shaar Fund, Ltd.*,
  493 F.3d 87 (2d Cir. 2007)............................................................................................8

*Barron v. Helbiz, Inc.*,
  2021 WL 4519887 (2d Cir. Oct. 4, 2021).....................................................................7

*BJB Ltd. v. iStar Jewelry LLC*,
  533 F. Supp. 3d 83 (E.D.N.Y. 2021) (J. Vitaliano) ..............................................2, 3

*In re Bristol-Myers Squibb Co. CVR Sec. Litig.*,
  2023 WL 2308151 (S.D.N.Y. Mar. 1, 2023) ...............................................................5

*Cresci v. Mohawk Valley Cmty. Coll.*,
  693 F. App'x 21 (2d Cir. 2017) ....................................................................................8

*Esquibel v. Colgate-Palmolive Co.*,
  2023 WL 7412169 (S.D.N.Y. Nov. 9, 2023)................................................................7

*Lehmann v. Ohr Pharm., Inc.*,
  830 F. App'x 349 (2d Cir. 2020) ..................................................................................8

*Loreley Financing (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*,
  797 F.3d 160 (2d Cir. 2015)................................................................................. *passim*

*Matarazzo v. Friendly Ice Cream Corp.*,
  70 F.R.D. 556 (E.D.N.Y. 1976)................................................................................ 7-8

*In re Moody's Corp. Sec. Litig.*,
  599 F. Supp. 2d 493 (S.D.N.Y. 2009).........................................................................9

*Noto v. 22nd Century Grp., Inc.*,
  35 F.4th 95 (2d Cir. 2022) ............................................................................................7

*Oliver Schs., Inc. v. Foley*,
  930 F.2d 248 (2d Cir. 1991)..........................................................................................7

*Pasternack v. Shrader*,
  863 F.3d 162 (2d Cir. 2017)..........................................................................................5

*Shrader v. CSX Transp., Inc.*,
  70 F.3d 255 (2d Cir. 1995)............................................................................................5

*Williams v. Citigroup Inc.*,
   659 F.3d 208 (2d Cir. 2011)............................................................................................5, 10

**Statutes & Rules**

Securities Exchange Act of 1934 Section 10(b) ...........................................................3, 4

Fed. R. Civ. P. 9............................................................................................................2, 5, 8

Fed. R. Civ. P. 15..........................................................................................................2 5, 6, 8

Lead Plaintiff Keith D. Norman ("Plaintiff") respectfully submits this Motion for Reconsideration of the Court's November 11, 2023 Order Dismissing the Amended Complaint (ECF No. 37, the "AC") with prejudice (ECF No. 57, the "MtD Order"). Plaintiff respectfully submits that the Court erred in rendering its dismissal with prejudice (MtD Order at 21) and overlooked controlling law providing that Plaintiff should be permitted to seek leave to amend.

## I.    INTRODUCTION

This case involves a brazen accounting fraud wherein Cronos artificially inflated its quarterly revenue by approximately 40%, by treating the transfer of cannabis for processing by a vendor as generating revenue *for Cronos,* in violation of black-and-white accounting standards. This permitted Cronos to narrowly avoid missing revenue guidance, when in fact the Company had missed this guidance by an astounding 39%. Actions by the U.S. Securities and Exchange Commission ("SEC") and the comparable regulator in Ontario, Canada ("OSC") both resulted in orders finding Cronos violated securities law, and in particular that its CFO "willfully" violated accounting rules and "admitted" to not taking appropriate actions to report Cronos' revenue. A class action in Canada about these facts is proceeding. This case alone was dismissed.

This dismissal was rendered "with prejudice" such that—if the opinion is sustained—Plaintiff will be denied the right to even move for leave to file an amended complaint. In its April 22, 2021 Opposition to the MtD (ECF No. 46) and an October 28, 2022 letter enclosing supplemental authority (ECF No. 54), Plaintiff requested that any dismissal be without prejudice so he could amend, but the Court dismissed with prejudice anyway, without (a) any explanation of why the dismissal should be with prejudice; (b) any discussion of the relevant law on whether dismissal should be with prejudice; and (c) despite the fact that Plaintiff identified new and additional facts he would draw from in preparing a proposed amended complaint, which could reasonably cure the issues found deficient by the MtD Order.

Plaintiff's motion to dismiss opposition cited the controlling case holding that it is improper to dismiss with prejudice merely because Plaintiff chooses to wait for a decision on the motion to dismiss before amending.  ECF No. 46 at 26.  That Second Circuit case, *Loreley Financing (Jersey) No. 3 Ltd. v. Wells Fargo Securities, LLC*, 797 F.3d 160, 190 (2d Cir. 2015), recognized that requiring amendment before a decision presents a Hobson's choice wherein plaintiffs may believe their pleadings are adequate as pled and thus should proceed without amendment, and then may be punished if the Court disagrees—which would violate the spirit of liberal amendment embodied by Rule 15 of the Federal Rules of Civil Procedure.  Numerous cases confirm the holding of *Loreley*, numerous cases confirm that a denial of leave to amend without explanation is abuse of discretion, and no basis exists—other than Plaintiffs' decision not to amend before a ruling—for dismissing with prejudice (*e.g.*, the Court has no *ex ante* basis to conclude amendment would be futile, prior to Plaintiff filing a proposed second amended complaint).

Notably, this Court has previously acknowledged that "the Second Circuit has repeatedly observed, '***[c]omplaints dismissed under Rule 9(b) are 'almost always' dismissed with leave to amend***.'"  *BJB Ltd. v. iStar Jewelry LLC*, 533 F. Supp. 3d 83, 104–05 (E.D.N.Y. 2021) (emphasis added) (J. Vitaliano) (citing *Pasternack v. Shrader*, 863 F.3d 162, 175 (2d Cir. 2017)).  In *BJB*, this Court also wrote that "[d]istrict courts typically grant plaintiffs at least one opportunity to plead fraud with greater specificity when they dismiss under Rule 9(b)."  533 F. Supp. 3d at 105 (citing *ATSI, Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 108 (2d Cir. 2007)).  Indeed, this Court wrote further in *BJB* that, "[i]n cases where such leave has not been granted, plaintiffs have usually already had one opportunity to plead fraud with greater specificity, or the defective allegations were made after full discovery in a related case."  533 F. Supp. 3d at 105 (citing *Luce v. Edelstein*, 802 F.2d 49, 56 (2d Cir. 1986)).  In *BJB*, this Court found it determinative that

2

"plaintiff filed the Amended Complaint in this action less than three months after filing the original complaint, before any motion practice had taken place," which is similar to this case where the AC was filed merely one month after Plaintiff was appointed Lead Plaintiff. *See* 533 F. Supp. 3d at 105. Thus, as in *BJB*, Plaintiff should have an opportunity to replead his fraud claims.

## II.   RELEVANT BACKGROUND

This action was filed on March 11, 2020 by Jill Witte. ECF No. 1. After being appointed Lead Plaintiff, Mr. Norman filed the AC—his first complaint in this matter—on November 23, 2020. ECF No. 37. In sum, the AC alleges that Cronos and its senior executives violated Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") through accounting fraud and failure to maintain adequate internal controls.

Defendants filed their motion to dismiss on April 22, 2021. ECF No. 45. Plaintiff filed a fulsome opposition, defending the adequacy of the pleadings, but also requesting that, if the Court were to grant Defendants' motion, "any dismissal be without prejudice, to permit amendment to cure any deficiency." ECF No. 46 at 26 (citing *Loreley*, 797 F.3d at 190).

On October 28, 2022, Plaintiff filed a letter with the Court notifying it that the SEC and the OSC had entered orders (the "Regulatory Orders") finding that the very conduct at issue in the AC violated securities laws. *See* ECF No. 54. Those orders were entered as part of settlements between Defendant Cronos and Hilson and U.S. and Canadian securities regulators and included lengthy findings that are highly relevant to this action. For example, the SEC Settlement stated that "Cronos's then CFO, William Hilson, 'willfully violated' the federal securities laws, including certain antifraud, reporting, books and records, and internal accounting controls provisions." ECF No. 54 at 2 (citing ECF No. 54-2 ¶¶23–28). The OSC settlement papers recounted that "Cronos's former CFO, William Hilson admitted that he failed to take appropriate steps to ensure the

3

accuracy of Cronos's financial statements for the third quarter of 2019." ECF No. 54 at 2 (citing ECF 54-3 ¶¶13–14).

When Plaintiff submitted those materials to the Court on October 28, 2022, he expressly renewed his request that any dismissal be without prejudice, stating that:

> In the event that the Court is inclined to grant Defendants' motion to dismiss, Lead Plaintiff reiterates its request to file an amended complaint incorporating this new information, including the attached SEC Orders and OSC Settlement Materials, that have come to light since the filing of the Consolidated Amended Class Action Complaint on November 23, 2020.

ECF 54 at 3.

On November 11, 2023, the Court issued the MtD Order. It focused entirely on whether Plaintiff's scienter allegations met the requisite pleading standards to state a claim under Section 10(b) of the Exchange Act. The MtD Order correctly recognized that analysis of scienter is a holistic inquiry. MtD Order at 9 ("In assessing whether a plaintiff has sufficiently pleaded a 'strong inference' of scienter, a court must assess 'all of the facts alleged, taken collectively . . . not whether any individual allegation, scrutinized in isolation, meets that standard.") (quoting *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 310 (2007)). The MtD Order found that the facts alleged did not sufficiently allege Defendants' scienter even under this holistic review.[1]

The Court granted dismissal with prejudice. MtD Order at 21. The MtD Order contained no explanation as to why the Court determined its dismissal with prejudice was proper instead of permitting Plaintiff to file a motion seeking leave to amend. *See id.* The Court made no mention of the additional allegations concerning a finding of fraud against the CFO of Cronos by the SEC.

---

[1] While this Motion is narrowly directed to the issue of whether it was proper to render a dismissal with prejudice, Plaintiff reserves all appellate rights as to all issues.

### III.    LEGAL STANDARDS

A motion for reconsideration requires the movant to "point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

### IV.    ARGUMENT

The MtD Order overlooked controlling law and erred in granting dismissal with prejudice. The Court should instead have permitted Plaintiff to file a motion to amend, which would attach a proposed Second Amended Complaint, and then assess whether to permit leave to amend on the standard "futility" analysis applicable to such a motion.  As the Second Circuit has previously held, complaints dismissed under the PSLRA and Rule 9(b) "are almost always dismissed with leave to amend." *Pasternack v. Shrader*, 863 F.3d 162, 175 (2d Cir. 2017).  District courts within the Second Circuit regularly grant leave to amend accordingly. *See In re Bristol-Myers Squibb Co. CVR Sec. Litig.*, 2023 WL 2308151, at \*10 (S.D.N.Y. Mar. 1, 2023).

#### A.    The Court Overlooked Controlling Law That Plaintiff Cited

In requesting that any dismissal be without prejudice, Plaintiff cited the Second Circuit's decision in *Loreley*, 797 F.3d 160 at 190.  *See* ECF No. 46 at 26.  The Court overlooked this law. MtD Order at 21.  *Loreley* establishes the correct legal principles applicable to dismissals with prejudice in cases like this.

**First**, *Loreley* recognized the general principle that leave to amend should be granted liberally.  797 F.3d at 190.  Specifically, it stated (*id.*):

> [T]he liberal standard set forth in Rule 15, which states that "[t]he court should freely give leave [to amend] when justice so requires." Fed.R.Civ.P. 15(a)(2). As we have explained, the "permissive standard" of Rule 15 "is consistent with our strong preference for resolving disputes on the merits." *Williams v. Citigroup Inc.*, 659 F.3d 208, 212–13 (2d Cir. 2011) (per curiam) (internal quotation marks omitted); *see also Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962) ("If the underlying facts or circumstances relied upon by a plaintiff may be

5

a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.").

**Second**, *Loreley* recognized that it is erroneous to require plaintiffs to seek amendment prior to a ruling on the motion to dismiss. *Id.* It grounded this rule in a recognition that such an approach presents plaintiffs "with a Hobson's choice: agree to cure deficiencies not yet fully briefed and decided or forfeit the opportunity to replead." *Id.* Thus, *Loreley* concluded that "[w]ithout the benefit of a ruling, many a plaintiff will not see the necessity of amendment or be in a position to weigh the practicality and possible means of curing specific deficiencies." *Id.* This rule barring courts from denying an opportunity to amend unless the party moves to amend prior to a ruling on the motion to dismiss, was more fully described by *Loreley* as follows:

> Our opinion today, of course, leaves unaltered the grounds on which denial of leave to amend has long been held proper, such as undue delay, bad faith, dilatory motive, and futility—none of which were a basis for the denial here. No improper purpose is alleged. And while leave may be denied where amendment would be futile, the approach taken by the district court was not rooted in futility. Rather, ***the court treated [p]laintiffs' decision to stand by the complaint after a preview of [d]efendants' arguments—in the critical absence of a definitive ruling—as a forfeiture of the protections afforded by Rule 15. This was, in our view, premature and inconsistent with the course of litigation prescribed by the Federal Rules.***

*Id.* (emphasis added and citations omitted).

**Third**, *Loreley* clearly proscribed that its rule—that plaintiffs shall not be denied an opportunity to amend on the basis of not moving to do so prior to a ruling on the motion to dismiss—holds true regardless of the form of Plaintiff's request for such an opportunity. Specifically, *Loreley* addressed the argument that "denial of leave was proper because of the informality of the request, which was raised 'in the alternative' at the end of [p]laintiffs' brief opposing the motion to dismiss." *Id.* (citation omitted). The Second Circuit recognized that courts should "not deem a request for leave to amend insufficient on the basis of form alone." *Id.* (citing *Porat v. Lincoln Towers Cmty. Ass'n*, 464 F.3d 274, 276 (2d Cir. 2006) ("[A] lack of a formal

6

motion is not a sufficient ground for a district court to dismiss without leave to amend.")); *see also*

*Oliver Schs., Inc. v. Foley*, 930 F.2d 248, 252–53 (2d Cir. 1991) (similar).  Indeed, after *Loreley*,

the Second Circuit has held that "failure to formally move for amendment is not a sufficient ground

to prohibit [plaintiffs] from amending now[,]" since "[plaintiffs] repeatedly note in their briefing

to the district court that they were willing to amend to make specific changes to the complaint to

prevent dismissal[.]"  *See Barron v. Helbiz, Inc.*, 2021 WL 4519887, at *3 (2d Cir. Oct. 4, 2021).

District courts within the Second Circuit continue to apply *Loreley* as well and grant leave to

replead.  *See Esquibel v. Colgate-Palmolive Co.*, 2023 WL 7412169, at *4 (S.D.N.Y. Nov. 9, 2023)

(finding "there is a particularly strong preference for allowing amendment when the plaintiff has

not had the benefit of a court ruling with respect to the deficiencies of its pleading").

Emphasizing this point, *Loreley* held that denial of an opportunity to amend "might be

proper" where plaintiff "never brought to the court's attention" their desire for such opportunity,

or where there is "no clue" as to how amendment might cure deficiencies, but that "***[e]ven in***

***those situations***," the analysis turns on considerations of whether amendment would be futile,

not the sufficiency of plaintiffs' explanation prior to a decision on a motion to dismiss.  797 F.3d

160 at 190–91 (emphasis added); *cf. Noto v. 22nd Century Grp., Inc.*, 35 F.4th 95, 107–08 (2d

Cir. 2022) (finding denial to replead proper where "plaintiffs' counsel conceded [at oral

argument] that plaintiffs did not presently have any additional facts").

**B.      The Court Erred in Dismissing with Prejudice**

While the Court provided a detailed analysis of Plaintiff's scienter allegations, it provided

**<u>no explanation</u>** as to why dismissal was granted with prejudice and it did not address *Loreley* or

any authority relevant to the issue of whether dismissal with prejudice was proper.  MtD Order at

21.  This requires reconsideration.  *Cf. Matarazzo v. Friendly Ice Cream Corp.*, 70 F.R.D. 556,

558 (E.D.N.Y. 1976) ("[T]here is . . . no doubt that the court will abuse its discretion by denying

7

leave without a justifying reason[.]") (citing *Foman*, 371 U.S. at 182); *Lehmann v. Ohr Pharm., Inc.*, 830 F. App'x 349, 353 (2d Cir. 2020) ("Denial of leave to amend without explanation is disfavored in this Circuit and is sometimes held to be an abuse of discretion.").

Upon reconsideration, the Court should determine that its decision to dismiss with prejudice was erroneous and modify the MtD Order. A review of the potential justifications for its dismissal with prejudice reveals that none could support such a holding here.

**First Potential (But Erroneous) Basis for Ruling with Prejudice:** Plaintiff did not seek leave to amend prior to the Court's ruling on the motion to dismiss. *Loreley* clearly held that plaintiffs may not be denied the opportunity to seek leave to amend on this basis. *See* 797 F.3d at 190 (referring to the "critical absence of a definitive ruling"). Numerous other authorities reiterate this rule. *E.g.*, *Cresci v. Mohawk Valley Cmty. Coll.*, 693 F. App'x 21, 25 (2d Cir. 2017) ("the court's denial of leave to replead, simultaneously with its decision that the complaint was defective, effectively deprived [plaintiff] of a reasonable opportunity to seek leave to amend. Such a denial is not compatible with the liberal objective of Rule 15."); *ATSI*, 493 F.3d at 108 ("District courts typically grant plaintiffs at least one opportunity to plead fraud with greater specificity when they dismiss under Rule 9(b).").

**Second Potential (But Erroneous) Basis for Ruling with Prejudice:** Amendment would be futile. The MtD Order dismissed on a finding that Plaintiff did not adequately allege scienter. Analysis of scienter requires a detailed review of the pleadings on a holistic basis. MtD Order at 9 (citing *Tellabs*, 551 U.S. at 310). That the Court found the weight of inferences insufficient to support scienter in reviewing the AC, says nothing about whether Plaintiff could adequately allege scienter upon amending, given the factual nature of the scienter inquiry. This contrasts sharply

8

with a dismissal on an issue such as statute of limitations, where a court could plausibly find amendment would be futile without considering additional facts.

Without reviewing a proposed second amended complaint, the Court lacks a basis to assess if amendment would be futile. Indeed, here, Plaintiff has already brought to the Court's attention that the Regulatory Orders provided a significant new source of factual material from which Plaintiff could bolster his scienter allegations. As just one example, the Regulatory Orders found that Cronos's former CFO, William Hilson a "willfully violated" the federal securities laws and that he "admitted that he failed to take appropriate steps to ensure the accuracy of Cronos's financial statements." ECF No. 54 at 2 (citing ECF No. 54-2 ¶¶23–28; ECF 54-3 ¶¶13–14). In this Circuit, a corporation's scienter may be imputed from any management-level employee—and Mr. Hilson certainly fits that description. *See In re Moody's Corp. Sec. Litig.*, 599 F. Supp. 2d 493, 515–16 (S.D.N.Y. 2009) ("[S]cienter by management-level employees is generally sufficient to attribute scienter to corporate defendants."). Plaintiff is entitled to plead an amended complaint more fully alleging Cronos's scienter on the basis of Mr. Hilson's "willful[]" violations and "admitted" failure to take "appropriate steps," along with additional allegations from the Regulatory Orders. ECF No. 54 at 2. Not only has the Court denied Plaintiff the opportunity to even present these facts in a motion for leave to amend—which could then be assessed on futility grounds—the Court did so without discussion of the Regulatory Orders, despite Plaintiff bringing those matters to the Court's attention more than a year before the MtD Order was issued. *Id.*

**Third Potential (But Erroneous) Basis for Ruling with Prejudice:** Plaintiff failed to properly preserve the right to seek leave to amend by not more fully articulating the basis for such an amendment prior to dismissal. *Loreley* expressly foreclosed this as a basis to justify the dismissal with prejudice. There, plaintiffs had briefly requested means to amend in the brief

9

opposing defendants' motion to dismiss—and had not specified the details of what could be included in an amended pleading, and the Court confirmed that this posture did not justify dismissal with prejudice. *See Loreley*, 797 F.3d at 190. Indeed, the Court confirmed that the basis for refusing leave to amend must comport with the traditional grounds used to analyze a motion to amend (*e.g.*, futility), as opposed to "on the basis of form alone." *Id.*

Here, Plaintiff followed a similar path to that of the plaintiffs in *Loreley*. He expressly requested any dismissal be without prejudice in his opposition to the motion to dismiss and cited relevant authority as to why dismissal without prejudice is required. ECF No. 46 at 26. However, Plaintiff provided substantially more context than was provided in *Loreley*. Plaintiff also filed a notice with the Court regarding the Regulatory Orders and reiterated that if the Court dismissed, he would request leave to amend to include additional allegations premised on those orders, and potentially upon other additional facts as well. ECF No. 54 at 3.

## V.      CONCLUSION

The MtD Order overlooked controlling authority when dismissing the amended complaint with prejudice. Denying Plaintiff the opportunity to seek leave to amend is contrary to controlling law and not justified upon any plausible basis at this stage. As such, Plaintiff should be permitted to file a motion seeking leave to amend, and at that time, the Court will be able to properly assess whether such amendment would be futile. Given the strength of the findings by the SEC and the Canadian securities regulator against Cronos and its CFO, Plaintiff believes such amendment would cure the issues the MtD Order found to be deficient and permitting such amendment would serve the "*strong preference for resolving disputes on the merits.*" *Williams*, 659 F.3d at 212–13 (emphasis added) (quotation marks and citation omitted).

10

DATED: December 1, 2023

**LABATON SUCHAROW LLP**

*/s/ Carol C. Villegas*
Carol Villegas
Christine M. Fox
Jake Bissell-Linsk
140 Broadway
New York, New York 10005
Tel: 212-907-0700
Fax: 212-818-0477
Email: cvillegas@labaton.com
cfox@labaton.com
jbissell-linsk@labaton.com

*Counsel for Lead Plaintiff Keith D. Norman and Lead Counsel for the Class*

**THE SCHALL LAW FIRM**
Brian Schall
Rina Restaino
1880 Century Park East, Suite 404
Los Angeles, California 90067
Telephone: (310) 301-3335
Facsimile: (310) 388-0192
Email: brian@schallfirm.com
rina@schallfirm.com

*Additional Counsel for Keith D. Norman*

11