**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
           :
           :   No. 2:20-CV-01310-ENV-SIL
           :
IN RE CRONOS GROUP INC.      :
SECURITIES LITIGATION        :
           :
*This Document Relates to All Actions*  :   CONSOLIDATED SECURITIES
           :   LITIGATION
           :
           :
           :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S
MOTION FOR RECONSIDERATION OR MODIFICATION OF THE COURT'S
NOVEMBER 11, 2023 ORDER DISMISSING THE AMENDED COMPLAINT**

Sharon L. Nelles
David M.J. Rein
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York  10004-2498
Telephone:    (212) 558-4000
Facsimile:     (212) 558-3588
*nelless@sullcrom.com*
*reind@sullcrom.com*

*Attorneys for Defendants Cronos
Group Inc., Michael Gorenstein, and
Jerry F. Barbato*

December 29, 2023

**TABLE OF CONTENTS**

*Page*

**PRELIMINARY STATEMENT** ...................................................................................1

**ARGUMENT** ..........................................................................................................2

I.   **THE DISMISSAL ORDER DID NOT OVERLOOK CONTROLLING LAW** ......... 2

    A.   Not Discussing a Case Does Not Render It "Overlooked." .................................. 3

    B.   Plaintiff's Strategic Choice Not to Amend Is Nothing Like *Loreley* ...................... 4

II.  **PLAINTIFF'S PROPOSED AMENDMENT WOULD BE FUTILE** .......................... 7

    A.   The Settlement Orders Cannot Save Plaintiff's Pleading. ..................................... 8

    B.   Hilson's Scienter Cannot Be Imputed to Cronos. ................................................. 9

**CONCLUSION** ......................................................................................................11

## TABLE OF AUTHORITIES

*Page(s)*

**Cases**

*Altayyar* v. *Etsy, Inc.*,
242 F. Supp. 3d 161 (E.D.N.Y. 2017) ...............................................................................8

*Amorosa* v. *Gen. Elec. Co.*,
2022 WL 3577838 (S.D.N.Y. Aug. 19, 2022) ....................................................................8

*In re Banco Bradesco S.A. Sec. Litig.*,
277 F. Supp. 3d 600 (S.D.N.Y. 2017)...............................................................................10

*In re Barrick Gold Corp. Sec. Litig.*,
341 F. Supp. 3d 358 (S.D.N.Y. 2018)................................................................................8

*BJB Ltd.* v. *iStar Jewelry LLC.*,
533 F. Supp. 3d 83 (E.D.N.Y. 2021) .................................................................................6

*Born* v. *Quad/Graphics, Inc.*,
521 F. Supp. 3d 469 (S.D.N.Y. 2021)................................................................................8

*Devinsky* v. *Kingsford*,
2008 WL 2704338 (S.D.N.Y. July 10, 2008) ....................................................................3

*EEOC* v. *Bloomberg L.P.*,
751 F. Supp. 2d 628 (S.D.N.Y. 2010)................................................................................4

*Elkowitz* v. *United Healthcare of N.Y., Inc.*,
2021 WL 2810040 (E.D.N.Y. July 6, 2021) ......................................................................3

*Gregory* v. *ProNAi Therapeutics Inc.*,
297 F. Supp. 3d 372 (S.D.N.Y.).........................................................................................8

*United States ex rel. Grubea* v. *Rosicki, Rosicki & Assocs., P.C.*,
319 F. Supp. 3d 747 (S.D.N.Y. 2018).............................................................................7, 8

*Hou Liu* v. *Intercept Pharms*,
2020 WL 5441345 (S.D.N.Y. Sept. 9, 2020) .....................................................................9

*Jackson* v. *Abernathy*,
960 F.3d 94 (2d Cir. 2020)..................................................................................................9

*Kassman* v. *KPMG*,
2018 WL 6725306 (S.D.N.Y. Dec. 21, 2018) ...................................................................3

*Lipsky* v. *Commonwealth United Corp.*,
    551 F.2d 887 (2d Cir. 1976)............................................................................................2

*Loreley Fin. (Jersey) No. 3 Ltd.* v. *Wells Fargo Securities, LLC*,
    2013 WL 1294668 (S.D.N.Y. Mar. 28, 2013) .............................................................4

*Loreley Fin. (Jersey) No. 3 Ltd.* v. *Wells Fargo Securities, LLC*,
    797 F.3d 160 (2d Cir. 2015).................................................................... *passim*

*McCarthy* v. *Dun & Bradstreet Corp.*,
    482 F.3d 184 (2d Cir. 2007)............................................................................................7

*Meehan* v. *Brookliv LLC*,
    2022 WL 523545 (E.D.N.Y. Feb. 22, 2022)..................................................................2

*Mirkin* v. *XOOM Energy, LLC*,
    2018 WL 6381456 (E.D.N.Y. Dec. 6, 2018) .................................................................7

*N. Am. Olive Oil Ass'n* v. *D'Avolio Inc.*,
    457 F. Supp. 3d 207 (E.D.N.Y. 2020) ................................................................. 1-2, 6

*In re N.Y. Cmty. Bancorp, Inc., Sec. Litig.*,
    244 F.R.D. 156 (E.D.N.Y. 2007) ..................................................................... 2, 3-4

*Ojeda* v. *City of N.Y.*,
    2021 WL 3472505 (E.D.N.Y. Aug. 6, 2021)..................................................................3

*Sasson Plastic Surgery, LLC* v. *UnitedHealthcare of N.Y., Inc.*,
    2022 WL 2664355 (E.D.N.Y. Apr. 26, 2022) .......................................................... 2-3

*Shrader* v. *CSX Transp., Inc.*,
    70 F.3d 255 (2d Cir. 1995).............................................................................................3

*Sjunde AP-Fonden* v. *Gen. Elec. Co.*,
    2021 WL 311003 (S.D.N.Y. Jan. 29, 2021) ............................................................ 8-9

*Slayton* v. *Am. Express Co.*,
    604 F.3d 758 (2d Cir. 2010)........................................................................................11

*State Trading Corp. of India* v. *Assuranceforeningen Skuld*,
    921 F.2d 409 (2d Cir. 1990)....................................................................................... 5-6

*Stinson* v. *Houslanger & Assocs. PLLC*,
    2022 WL 1173414 (S.D.N.Y. Apr. 20, 2022)...............................................................4

*In re Telefonaktiebolaget LM Ericsson Sec. Litig.*,
    2023 WL 3628244 (E.D.N.Y. May 24, 2023) ..............................................................8

*Teamsters Loc. 445 Freight Div. Pension Fund* v. *Dynex Cap. Inc.*,
    531 F.3d 190 (2d Cir. 2008)......................................................................................................9

*Thomas* v. *iStar Fin., Inc.*,
    520 F. Supp. 2d 478 (S.D.N.Y. 2007).......................................................................................4

*Tr. of the N.Y. City Dist. Council of Carpenters Pension Fund* v. *High Performance Floors Inc.*,
    2016 WL 3911978 (S.D.N.Y. July 15, 2016) ...........................................................................6

*Van Buskirk* v. *United Grp. of Cos., Inc.*,
    935 F.3d 49 (2d Cir. 2019).......................................................................................................2

## PRELIMINARY STATEMENT

Following full briefing and submissions of additional authority on Defendants' motion to dismiss (ECF Nos. 45-47, 50-55), the Court issued its well-reasoned, 21-page Order dismissing the Amended Complaint with prejudice (ECF No. 57). The Order held that Plaintiff's Amended Complaint failed to meet the "heightened pleading requirements" to allege securities fraud claims under Federal Rule of Civil Procedure 9(b) and the Private Securities Litigation Reform Act ("PSLRA"). (Order at 7, 21.)

Plaintiff now asks this Court to reconsider its decision and convert it to a without-prejudice dismissal. Plaintiff's Motion for Reconsideration ("MFR") (ECF No. 60) cites no "overlooked" controlling law, because the Court did not "overlook" any "controlling law." Rather, Plaintiff urges the Court to reconsider on the basis of *Loreley Fin. (Jersey) No. 3 Ltd.* v. *Wells Fargo Securities, LLC*, 797 F.3d 160 (2d Cir. 2015), an eight-year old case that Plaintiff submitted to the Court more than two years ago in the briefing on the motion to dismiss. Plaintiff falls well short of the strict standards for reconsideration.

*First*, given that the alleged "overlooked" authority was, in fact, cited in the briefing and moved the needle not at all, this is not a proper ground for reconsideration. Further, this case is far removed from the pre-motion letter exchange criticized in *Loreley* as a basis for granting dismissal with prejudice. Here, Plaintiff had the benefit of full briefing and raised regulatory settlements involving Defendant Cronos Group Inc. as "additional authority" more than a year ago, yet made a strategic choice not to amend. Plaintiff tried to play both sides, seeking amendment only "[i]n the event that the Court is inclined to grant Defendants' motion to dismiss." (ECF No. 54 at 3.) Unlike in *Loreley*, Plaintiff "was made aware of the defects in the [Amended C]omplaint, had numerous opportunities to address them, and failed to utilize those opportunities." *N. Am.*

*Olive Oil Ass'n* v. *D'Avolio Inc.*, 457 F. Supp. 3d 207, 232 (E.D.N.Y. 2020) (denying leave to amend).

*Second*, reconsideration should be denied on the independent ground that it would be futile. Under established Second Circuit law, regulatory settlements are not adjudications and may not be used as evidence to buttress a claim. *See Lipsky* v. *Commonwealth United Corp.*, 551 F.2d 887, 893 (2d Cir. 1976). Plaintiff's theory also relies on imputing the scienter of Cronos's former Chief Commercial Officer, William Hilson, but Mr. Hilson is not alleged to have made or disseminated any of the challenged statements here and the regulatory settlements allege that he hid his actions from others at Cronos.

In short, the purportedly overlooked material was fully presented but entirely irrelevant to the well-reasoned Order of this Court. Accordingly, Plaintiff's motion should be denied.

**ARGUMENT**

## I.    THE DISMISSAL ORDER DID NOT OVERLOOK CONTROLLING LAW

Plaintiff does not meet the high bar for reconsideration under Federal Rule of Civil Procedure 59(e) and Local Rule 6.3.[1] The Second Circuit has directed that "[a] motion for reconsideration is an *extraordinary* request that is granted *only in rare circumstances*, such as where the court failed to consider evidence or binding authority." *Van Buskirk* v. *United Grp. of Cos., Inc.*, 935 F.3d 49, 54 (2d Cir. 2019) (emphases added). For this reason, "[r]econsideration

---

[1]    Plaintiff fails to identify under which Rule it is moving, but reconsideration motions generally are governed by Federal Rule of Civil Procedure 59(e) and Local Rule 6.3. *See Meehan* v. *Brookliv LLC*, 2022 WL 523545, at *2 (E.D.N.Y. Feb. 22, 2022) ("Motions for reconsideration are governed by Local Rule 6.3. The Rule provides that the moving party must set forth the matters or controlling decisions which counsel believes the Court has overlooked."); *In re N.Y. Cmty. Bancorp, Inc., Sec. Litig.*, 244 F.R.D. 156, 159 (E.D.N.Y. 2007) ("The standards set forth in both Fed. R. Civ. P. 59(e) and Local Rule 6.3 are identical.").

should be permitted sparingly, in the interests of finality and the conservation of scarce judicial resources . . . ." *Sasson Plastic Surgery, LLC* v. *UnitedHealthcare of N.Y., Inc.*, 2022 WL 2664355, at *1 (E.D.N.Y. Apr. 26, 2022) (citation omitted). Because "[m]otions for reconsideration are 'disfavored,'" *Ojeda* v. *City of N.Y.*, 2021 WL 3472505, at *1 (E.D.N.Y. Aug. 6, 2021) (citation omitted), "reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court," *Shrader* v. *CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (citations omitted).

### A.    Not Discussing a Case Does Not Render It "Overlooked."

Plaintiff speculates that the Court "overlooked controlling law" because it did not discuss the Second Circuit's *Loreley* decision in its Order. (MFR at 7.) The Court's choice not to address *Loreley*, or any other cited case, is not tantamount to overlooking controlling law. "The Court is not required to delineate every reason for the decisions it makes; it is in the Court's discretion to respond specifically—or not—to arguments made by the parties." *Devinsky* v. *Kingsford*, 2008 WL 2704338, at *3 (S.D.N.Y. July 10, 2008); *see also Elkowitz* v. *United Healthcare of N.Y., Inc.*, 2021 WL 2810040, at *2 (E.D.N.Y. July 6, 2021) (denying motion for reconsideration where "many of the cited cases were referenced in" briefing).

By addressing in detail over the course of 21 pages why Plaintiff's scienter pleading was insufficient and dismissing the action with prejudice, "[i]t is plain that [the purportedly overlooked] analysis was implicitly rejected in the Court's holding." *Kassman* v. *KPMG*, 2018 WL 6725306, at *1 (S.D.N.Y. Dec. 21, 2018). For example, in *New York Community Bancorp.*, the Court denied a reconsideration motion, explaining that the Court need not "specifically address the Plaintiff[]'s request to amend the Amended Complaint" when ordering dismissal. 244 F.R.D.

-3-

at 159.  Similarly, here, the Order rejected Plaintiff's scienter theories, including, implicitly, his arguments which Plaintiff asserts support potential amendment.

Plaintiff's desire to re-litigate scienter—including the relevance of regulatory settlements that Plaintiff submitted to the Court in the motion to dismiss briefing—is not an appropriate basis for reconsideration.  Although Plaintiff "may disagree with the Court's interpretation and analysis," such disagreement "is insufficient to meet the high standard for a Rule 59(e) motion."  *Stinson* v. *Houslanger & Assocs. PLLC*, 2022 WL 1173414, at *1 (S.D.N.Y. Apr. 20, 2022) (denying reconsideration where movant "cites only cases already cited in her" briefs).  Plaintiff may not use a reconsideration motion to "relitigate an already decided issue . . . because a mere disagreement with the Court's legal determination is not a valid basis for reconsideration. . . . Instead, any overlooked matters must be ones that might reasonably be expected to alter the conclusion reached by the court."  *EEOC* v. *Bloomberg L.P.*, 751 F. Supp. 2d 628, 651 (S.D.N.Y. 2010) (internal quotation marks and citations omitted).  "The proper vehicle to challenge such a ruling is not a motion for reconsideration, but an appeal from a final judgment." *Thomas* v. *iStar Fin., Inc.*, 520 F. Supp. 2d 478, 481 (S.D.N.Y. 2007).

**B.      Plaintiff's Strategic Choice Not to Amend Is Nothing Like *Loreley*.**

Plaintiff's attempt to shoehorn his case into *Loreley* fails on its face, because what happened here does not resemble *Loreley* at all.  In *Loreley*, the district court "required the parties to attend a pre-motion conference and to exchange, in preparation, letters of no more than three pages regarding Defendants' anticipated motion to dismiss for failure to state a claim." 797 F.3d at 190.  "At the pre-motion conference . . . Plaintiffs declined the Court's invitation to amend the Complaint." *Loreley Fin. (Jersey) No. 3 Ltd.* v. *Wells Fargo Securities, LLC*, 2013 WL 1294668, at *16 n.13 (S.D.N.Y. Mar. 28, 2013).  The Second Circuit found it problematic that the district

court relied upon Plaintiffs declining this choice "in the course of the conference" as a basis for granting dismissal with prejudice.  797 F.3d at 190.

Plaintiff asserts that he faced a "Hobson's choice" between the choice to "agree to cure deficiencies not yet fully briefed and decided," or to "forfeit the opportunity to replead." (MFR at 6 (citing *Loreley*, 797 F.3d at 190).)  Plaintiff's analogy is flawed.  *First*, Plaintiff already had an opportunity to amend the complaint, and did so before the motion to dismiss the Amended Complaint was filed.  (ECF No. 37.)  Thereafter, the parties fully briefed the motion to dismiss. (ECF Nos. 45-47.)   Eighteen months after that briefing was concluded, Plaintiff filed a supplemental authority letter urging the Court to consider settlements that Cronos and its former Chief Commercial Officer, William Hilson, entered into with the Securities and Exchange Commission ("SEC") and the Ontario Securities Commission ("OSC"), characterizing the Settlement Orders as "relevant new authority" and requesting leave to amend only *"[i]n the event that the Court is inclined to grant Defendants' motion to dismiss."*  (ECF No. 54 at 3 (emphasis added).)

Plaintiff faced no Hobson's choice here on whether to amend, and certainly not one that had to be made in the course of a pre-motion conference based on short letters describing anticipated arguments.  Plaintiff had the benefit of Defendants' fully briefed motion to dismiss and response to his supplemental authority letter concerning the Settlement Orders, and was free to seek leave to amend at that juncture, or anytime during the next year before the Court's ruling. Plaintiff instead chose to "'wait[] to see how [he] would fare on the . . . motion to dismiss before requesting leave to amend,'" even after Defendants warned that such practice is not permitted in this District.  (*See* ECF No. 55 at 2 (quoting *Bank* v. *Spark Energy, LLC*, 2020 WL 6873436, at *2 (E.D.N.Y. Nov. 23, 2020)).)  Defendants cited the Second Circuit's ruling in *State Trading Corp.*

-5-

*of India* v. *Assuranceforeningen Skuld*, 921 F.2d 409, 418 (2d Cir. 1990), which *Loreley* does not purport to overturn, holding that "[w]hen the moving party has had an opportunity to assert the amendment earlier, but has waited until after judgment before requesting leave, a court may exercise its discretion more exactly." (ECF No. 55 at 2.)

Poor strategic choices in litigation are not a proper basis for reconsideration. It is now more than a year since Plaintiff submitted the Settlement Orders to the Court. It is only because Plaintiff received an adverse ruling that Plaintiff now wants leave to amend. But, Plaintiff could and should have sought that leave at the time he brought the Settlement Orders to the Court's attention. Having chosen then to rely on his submission of supplemental authority, Plaintiff has no ground to seek a do-over now. "Plaintiff was made aware of the defects in the [Amended C]omplaint, had numerous opportunities to address them, and failed to utilize those opportunities. . . . Instead of taking any of these actions, [Plaintiff] opted to wait for a decision from this Court so that [he] could then attempt to tailor an amended pleading."[2] *N. Am. Olive Oil Ass'n*, 457 F. Supp. 3d at 232-33 (denying leave to amend).

Reconsideration is inapposite where Plaintiff has "present[ed] the same arguments already considered and rejected." *Tr. of the N.Y. City Dist. Council of Carpenters Pension Fund* v. *High Performance Floors Inc.*, 2016 WL 3911978, at *1 (S.D.N.Y. July 15, 2016). *Loreley* is

---

[2]     Plaintiff's situation is nothing like *BJB Ltd.* v. *iStar Jewelry LLC*, where the Court "afforded [plaintiff] another opportunity to plead . . . with the required specificity." 533 F. Supp. 3d 83, 105 (E.D.N.Y. 2021); (MFR at 2-3). There, the Court identified "a notable lack of temporal detail concerning the statements underlying the claim" and stated that the plaintiff may "have records—whether archived emails or meeting memoranda—that could be used to date and expound upon the substance" of their allegations. *Id.* at 104. Here, the Complaint was not dismissed because of insufficient particularization of dates or equivalent details, but rather because it fundamentally did not "plead[] a 'strong inference' of scienter." (Order at 9.) Moreover, unlike in *BJB*, Plaintiff knew of the Settlement Orders for more than a year, already provided them to the Court, and still decided not to amend when it could have sought leave to do so.

not a "decision[] that would change the outcome in this case," but was already cited in the briefs. (ECF No. 46 at 26.)  It did not, and does not, compel the Court's dismissal to be without prejudice.

## II.  PLAINTIFF'S PROPOSED AMENDMENT WOULD BE FUTILE

Reconsideration should be denied on the independent ground that Plaintiff's proposed amendment would be futile.  "A district court has discretion to deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *McCarthy* v. *Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007) (citing *Foman* v. *Davis*, 371 U.S. 178, 182 (1962)).  Here, not only did Plaintiff unduly delay, but the Court's with-prejudice dismissal is warranted because the proposed amendments would not change the outcome.

Plaintiff cannot avoid futility by invoking the "spirit of liberal amendment."  (MFR at 2.)  Plaintiff "fail[s] to acknowledge . . . that 'Rule 15's liberality must be tempered by considerations of finality' where, as here, 'a party does not seek leave to file an amended complaint until after judgment is entered.'"  *Mirkin* v. *XOOM Energy, LLC*, 2018 WL 6381456, at *3 (E.D.N.Y. Dec. 6, 2018) (citation omitted).  A court need not "provide a plaintiff with leave to amend at all times" "contrary to the philosophy favoring finality of judgments and the expeditious termination of litigation."  *Id.* (internal quotation marks and citations omitted).  In addition, Plaintiff's argument that "complaints dismissed under the PSLRA and Rule 9(b) 'are almost always dismissed with leave to amend'" is overstated.  (MFR at 5 (quoting *Pasternack* v. *Shrader*, 863 F.3d 162, 175 (2d Cir. 2017)).)  "The words '*almost* always' are key here" because "'the decision of whether to allow plaintiff[]s to amend their complaint is left to the sound discretion of the district court.'"  *United States ex rel. Grubea* v. *Rosicki, Rosicki & Assocs., P.C.*, 319 F. Supp. 3d 747, 751 (S.D.N.Y. 2018) (quoting *Acito* v. *IMCERA Grp.*, 47 F.3d 47, 55 (2d Cir. 1995)) (emphasis added).  Plaintiff cannot explain how the Settlement Orders—which Plaintiff concedes were "already brought to the Court's attention" prior to its dismissal decision (MFR at 9)—could

change that outcome. "Courts have regularly found amendment futile and dismissal with prejudice appropriate," *Rosicki*, 319 F. Supp. 3d at 751 (citations omitted), especially under the PSLRA's heightened pleading requirements.[3]

### A. The Settlement Orders Cannot Save Plaintiff's Pleading.

Under Second Circuit law, "'a consent judgment between a federal agency and a private corporation which is not the result of an actual adjudication of any of the issues' . . . 'cannot be used as evidence in subsequent litigation between that corporation and another party.'" *Amorosa* v. *Gen. Elec. Co.*, 2022 WL 3577838, at *2 (S.D.N.Y. Aug. 19, 2022) (quoting *Lipsky*, 551 F.2d at 893). This is especially true here, where the Settlement Orders "include[] a proviso that [Defendants] neither admit[] nor den[y] the [] allegations." *Amorosa*, 2022 WL 3577838, at *2; *see also* (ECF No. 54-1, Cronos SEC Settlement Order at art. II ("Solely for the purpose of these proceedings . . . and without admitting or denying the findings herein . . . [Cronos] consents to the entry of this Order . . . ."); ECF No. 54-4, Cronos OSC Settlement Agreement, ¶ 6 (consent to allegations limited to "proceedings commenced by a Canadian securities regulatory authority only")). Plaintiff cannot seek judicial notice of the settlement agreements "for the purpose of considering the truth of the facts alleged therein." *Sjunde AP-Fonden* v. *Gen. Elec. Co.*, 2021 WL

---

[3]     *See, e.g.*, *In re Telefonaktiebolaget LM Ericsson Sec. Litig.*, 2023 WL 3628244, at *1 (E.D.N.Y. May 24, 2023) (dismissing with prejudice), *appeal docketed*, No. 23-00940 (2d Cir. June 23, 2023); *Born* v. *Quad/Graphics, Inc.*, 521 F. Supp. 3d 469, 495 (S.D.N.Y. 2021) (dismissing with prejudice "[b]ecause Plaintiffs had an opportunity to amend their pleadings in response to Defendants' motion to dismiss, and because the arguments made in response to the motion to dismiss gave no indication that the Complaint's defects are curable"); *In re Barrick Gold Corp. Sec. Litig.*, 341 F. Supp. 3d 358, 381 (S.D.N.Y. 2018) (dismissing with prejudice and rejecting plaintiffs' "token request for leave to amend" for futility "given the fundamental substantive problems in plaintiffs' allegations); *Gregory* v. *ProNAi Therapeutics Inc.*, 297 F. Supp. 3d 372, 381 (S.D.N.Y. 2018) (dismissing with prejudice), *aff'd*, 757 F. App'x 35 (2d Cir. 2018); *Altayyar* v. *Etsy, Inc.*, 242 F. Supp. 3d 161, 167 (E.D.N.Y. 2017) (same), *aff'd*, 731 F. App'x 35 (2d Cir. 2018).

311003, at *5 (S.D.N.Y. Jan. 29, 2021) (citation omitted).

Further, the very Second Circuit decision that Plaintiff argues this Court "overlooked" makes plain that "portions of [an] SEC order quoted in [a] complaint are in the nature of allegations 'upon information and belief,' which cannot ordinarily form the basis of a fraud claim . . . ." *Loreley*, 797 F.3d at 180. Because "merely recit[ing] others' allegations may therefore be insufficient," Plaintiff must "also allege non-conclusory facts" in order to "render unproblematic any implied reliance on the SEC findings." *Id.* Plaintiff has not identified any such "non-conclusory facts." Plaintiff has only identified "additional allegations from the Settlement Orders" in seeking an opportunity to amend, but has not pointed to any specific scienter allegations which could satisfy the heightened pleading requirements of the PSLRA.

**B.     Hilson's Scienter Cannot Be Imputed to Cronos.**

Plaintiff's theory is that Mr. Hilson's scienter is imputable to Cronos because "a corporation's scienter may be imputed from any management-level employee." (MFR at 9.) But this theory fails under controlling Circuit authority, which holds that scienter may only be imputed from individuals who either "made the challenged misstatement" or "who were involved in the dissemination of the fraud." *Jackson* v. *Abernathy*, 960 F.3d 94, 98 (2d Cir. 2020); *see also Teamsters Loc. 445 Freight Div. Pension Fund* v. *Dynex Cap. Inc.*, 531 F.3d 190, 196 (2d Cir. 2008) (scienter where alleged misstatements "approved by corporate officials sufficiently knowledgeable about the company to know" that statements were misleading (citation omitted)). Plaintiff's proposed amendment would be futile because Plaintiff cannot allege "'connective tissue between [Mr. Hilson] and the alleged misstatements'" establishing a "strong inference that . . . there was a connection between the two." *Hou Liu* v. *Intercept Pharms*, 2020 WL 5441345, at *9 (S.D.N.Y. Sept. 9, 2020) (quoting *Jackson*, 960 F.3d at 99).

-9-

The Settlement Orders, on which Plaintiff states it would base an amended pleading, do not supply this "connective tissue." The Settlement Orders state that Mr. Hilson, "[i]n his role as Chief Commercial Officer, . . . was not required to certify or approve Cronos' quarterly financial statements." (ECF No. 54-5, Hilson OSC Settlement Agreement ¶ 13.)[4] Further, any imputation of scienter from Mr. Hilson to Defendants is undermined by the Settlement Orders' statement that Mr. Hilson acted outside of the scope of his authority. *See In re Banco Bradesco S.A. Sec. Litig.*, 277 F. Supp. 3d 600, 667 (S.D.N.Y. 2017) (officer scienter imputed where not alleged "that they were acting outside the scope of their authority in making the statements"). Mr. Hilson's SEC Settlement Order states Mr. Hilson was "not authorized to enter into . . . a buy back arrangement with Company A. Nor did Hilson disclose to anyone else at Cronos the nature of his oral repurchase agreement with Company A." (ECF No. 54-2, Hilson SEC Settlement Order ¶ 2.) This conduct "result[ed] in a material error in [Cronos's] financial statements . . . ." (*Id.* ¶ 3.)

Finally, any inference of scienter is further undermined by the Settlement Orders' recognition of Cronos's good-faith efforts to restate its financial statements upon learning of the errors. The Settlement Orders recognize that Cronos "promptly self-reported to [the SEC] staff" and "provided timely updates" thereafter, and "undertook remedial measures upon learning of the material accounting errors." (ECF No. 54-1, Cronos SEC Settlement Order ¶ 38; *see also* ECF No. 54-4, Cronos OSC Settlement Agreement ¶ 32.) In consideration of this, the SEC "determined not to impose a civil penalty on Cronos." (ECF No. 54-1, Cronos SEC Settlement Order ¶ 39.)

---

[4]     Plaintiff misleadingly suggests that the Settlement Orders found misconduct by Mr. Hilson while he was serving as Cronos's CFO. (*See, e.g.*, MFR at 1, 4, 10.) The Settlement Orders state no such thing – they clearly state that Mr. Hilson was *no longer the CFO*. (*See, e.g.*, ECF No. 54-5, ECF No. 54-5, Hilson OSC Settlement Agreement ¶ 24 ("Hilson . . . was Cronos' *former* CFO." (emphasis added); ECF No. 54-1, Cronos SEC Settlement Order ¶ 18; ECF No. 54-2, Hilson SEC Settlement Order ¶ 4.)

-10-

These factors weigh against any inference of scienter.  *See Slayton* v. *Am. Express Co.*, 604 F.3d 758, 777 (2d Cir. 2010) ("defendants engaging in a good-faith process" to uncover problems weighed against inference of scienter).

## CONCLUSION

There is no reason to re-litigate issues already presented to the Court, and with-prejudice dismissal remains appropriate where Plaintiff offers no basis for any viable amendment. Plaintiff's Motion for Reconsideration should be denied.

Dated: December 29, 2023
      New York, New York

Respectfully submitted,

 /s/ David M.J. Rein

Sharon L. Nelles
David M.J. Rein
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York  10004-2498
Telephone:    (212) 558-4000
Facsimile:    (212) 558-3588
*nelless@sullcrom.com*
*reind@sullcrom.com*

*Attorneys for Defendants Cronos Group Inc.,*
*Michael Gorenstein, and Jerry F. Barbato*