UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------- x
                  :

IN RE CRONOS GROUP INC. SECURITIES    :
LITIGATION,                            :

                  :        **MEMORANDUM & ORDER**

                  :

                  :        20-cv-1310-ENV-JMW

                  :

                  :

------------------------------------------------------------------- :
                  x

VITALIANO, D.J.

Upon defendants' motion, the amended complaint in this action was dismissed with prejudice on November 11, 2023.  *See* Mem. & Order, Dkt. 57, at 21.  Familiarity with the underlying facts, procedural history, and reasoning set forth in that memorandum and order is presumed and will not be needlessly repeated here.  Seeking an opportunity to further amend the complaint, plaintiff filed, on December 1, 2023, a motion for reconsideration.  *See* Pt.'s Mot., Dkt. 60.  Defendants filed their opposition on December 29, 2023.  *See* Defs.' Opp., Dkt. 61.[1]

For the reasons set forth below, plaintiff's motion for reconsideration is granted, and the November 11, 2023 order is vacated, but only to the extent that it dismissed the amended complaint with prejudice.  Plaintiff is granted leave to file a second amended complaint within 30 days of the date that this memorandum and order is entered on the docket.

---

[1]  First raised in the opposition papers with adequate response in the reply papers, the issue of the futility of any proposed further amendment of the complaint is sufficiently presented and will be considered on this motion without further briefing.

Legal Standard

"A party may move for reconsideration and obtain relief only when the party identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Cho v. Blackberry Ltd.*, 991 F.3d 155, 170 (2d Cir. 2021) (cleaned up). However, "the decision to grant or deny a motion for reconsideration rests within the sound discretion of the district court." *Caraballo v. Surriga,* 21-CV-285 (ARR) (VMS), 2024 WL 2701644, at *2 (E.D.N.Y. May 24, 2024) (internal quotations omitted).

Though the grant of leave to amend a complaint, whenever it is made, also lies in the sound discretion of the district court, *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007), Rule 15 provides that courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Certainly, courts have interpreted Rule 15 liberally, and "[a] court should deny leave to amend only if there is delay, bad faith, futility, or prejudice to the non-moving party." *Hosking v. New World Mrtg., Inc.*, 602 F. Supp. 2d 441, 445 (E.D.N.Y. 2009). That is why "[t]he party opposing the motion bears the burden of establishing that an amendment would be prejudicial or futile." *Eberle v. Town of Southampton*, 985 F. Supp. 2d 344, 346 (E.D.N.Y. 2013). In evaluating opposition to a proposed amendment, amendment is considered futile if it "would fail to cure prior deficiencies or to state a claim" when judged by the 12(b)(6) standard. *IBEW Loc. Union No. 58 Pension Tr. Fund & Annuity Fund v. Royal Bank of Scot. Grp., PLC*, 783 F.3d 383, 389 (2d Cir. 2015) (quotations omitted).

Discussion

In support of his application for reconsideration, plaintiff argues that the Court overlooked *Loreley Financing (Jersey) No. 3 Ltd. v. Wells Fargo Securities, LLC*, 797 F.3d 160, 190 (2d Cir. 2015), which plaintiff contends stands for the proposition that a plaintiff should not be denied leave to amend due to their prior decision to stand by their complaint in the absence of a definitive ruling from the court. *See* Pt.'s Mot. at 5–7. Substantively, plaintiff further argues that amendment would not be futile because orders entered into between defendants and the Securities Exchange Commission ("SEC") and Ontario Securities Commission ("OSC") (the "Regulatory Orders") following the filing of the first amended complaint "provide[] a significant new source of factual material from which Plaintiff could bolster his scienter allegations," including the finding that a former senior executive for the company "willfully violated" the federal securities laws. *Id.* at 9. Rejecting analogy to *Loreley*, defendants assert that plaintiff lost his opportunity to seek leave to amend by choosing to rest on his pleadings while a ruling on the motion to dismiss was pending despite being "made aware of the defects in the [Amended C]omplaint, ha[ving] numerous opportunities to address them, and fail[ing] to utilize those opportunities." Defs.' Opp. at 4, 6. They also claim, of course, that any proposed further amendment of the complaint would be futile. *See id.* at 7–10.

Especially in light of regulatory events occurring subsequent to the filing of the first amended complaint, there is no need to tarry on the *Loreley* point. Suffice it to say that plaintiff's argument on this point is persuasive. Particularly, as here, where the pleader has not had opportunity to consider the deficiencies perceived by the district court and respond to them, there is a strong preference to provide the pleader with an opportunity to do so in the form of a further amended complaint. *See Network Apps, LLC v. AT&T Mobility LLC*, 21-CV-718 (KPF), 2024 WL

3

706966, at *2 (S.D.N.Y. Feb. 20, 2024) (citing *APP Grp. Inc. v. Rudsak USA Inc.*, 22-CV-1965, 2024 WL 89120, at *4–5 (2d Cir. Jan. 9, 2024) (summary order)); *see also Loreley*, 797 F.3d at 190. Simply put, if a pleader, even after Rule 12 dismissal, can demonstrate a good faith possibility of successful amendment, unless the opponent can show substantial prejudice, leave to replead should be granted even if it had been denied in the original order of dismissal. The fact that the Cronos defendants will have to tailor and re-paste their original legal arguments to meet new factual allegations of the exact same stripe hardly ranks as substantial prejudice.

Turning to the substantive merits of the futility argument, defendants present two reasons why plaintiff's contemplated amendment would be futile, but neither satisfies defendants' burden of establishing futility. *First*, defendants argue that the Regulatory Orders cannot save plaintiff's pleadings because such orders "'are in the nature of allegations upon information and belief, which cannot ordinarily form the basis of a fraud claim'" absent additional allegations of non-conclusory facts, and "plaintiff has not identified any such non-conclusory facts." Defs.' Opp. at 9 (quoting *Loreley*, 797 F.3d at 180). *Second*, defendants argue that even if the allegations from the Regulatory Orders can be considered, scienter cannot be imputed to the company from the senior executive mentioned in the Orders. *See id.* at 9–11. Although both arguments present difficult questions of law and may resonate with the benefit of a second amended complaint and motion to dismiss briefing, the court is persuaded at this juncture that plaintiff is entitled to that opportunity.

Presumably, reacting to the potential potency of an adverse regulatory ruling, defendants present what they claim is the rule against considering such regulatory orders in assessing futility. But they overstate the rule restricting a district court's consideration of evidence of an adverse administrative order. Indeed, "[t]here is no absolute rule barring a private plaintiff from relying on settlements with government regulators to meet the requirements of Rule 9(b) for proving

fraud." *Nguyen v. FXCM*, 364 F. Supp. 3d 227, 236 (S.D.N.Y. 2019).  Rather, *Loreley* instructs that SEC orders "are in the nature of allegations upon information and belief, which cannot ordinarily form the basis of a fraud claim except as to matters peculiarly within the opposing party's knowledge."  797 F.3d at 180 (quotations omitted).  "While a complaint that merely recites others' allegations may therefore be insufficient [to satisfy the pleading requirements]," reliance on such findings may be "render[ed] unproblematic" by also alleging non-conclusory facts.  *Id.*; *see also In re Dentsply Sec. Litig.*, 665 F. Supp.3d 255, 276 (E.D.N.Y. 2023) (determining that reliance on an SEC finding was unproblematic because "the SEC Order does not add materially new facts to the Complaint," but "merely overlaps, and supports, plaintiff's separately stated allegations.").  Here, when considering the total mix of allegations related to scienter already existing in plaintiff's amended complaint, *see* Mem. & Order at 9–20, the court is convinced that plaintiff should be provided the opportunity to demonstrate that any additional allegations drawn directly from the Regulatory Orders merely support and synchronize separately stated allegations that, as bolstered, would now be sufficient to survive a motion to dismiss.

Defendants similarly overplay their hand by arguing that the scienter of the senior executive mentioned in the Orders cannot be imputed to the company because there is no connection between the executive and the alleged misstatements.  In fact, the SEC Order contains a finding that the executive "signed a sub-certification as a financial statement reviewer certifying that Cronos' quarterly financial statements were accurate, within his area of responsibility, and that he was not aware of any fraud involving the statements."  *See* Dkt. 54-2 at 7.  Thus, in contrast to the cases cited by defendants, at this juncture assessing the futility of a proposed amendment to the operative complaint, there appears to be sufficient "connective tissue" here between the executive and the alleged misstatement to arguably impute and plead scienter.  *See Rex and*

*Roberta Ling Living Trust v. B Communications Ltd., et al.*, 346 F. Supp.3d 389, 409–410 (S.D.N.Y. 2018) (the "connective tissue" requirement "is generally satisfied where the employee with knowledge of the facts that make a corporate statement misleading occupies a position likely to enjoy *some* oversight over the company's public-facing representations.") (emphasis added). Resolution of that issue will abide the pleading and any motion directed at it.

Conclusion

For the reasons stated above, plaintiff's motion for reconsideration is granted. Upon reconsideration, the Memorandum & Order of November 11, 2023 is vacated, but only to the extent it dismissed plaintiff's amended complaint with prejudice. Plaintiff is granted leave to file a second amended complaint within 30 days of the entry of this Order on the docket if he can do so in good faith and consistent with the rulings made in this Order.

So Ordered.

Dated:      Brooklyn, New Yok
            November 29, 2024

/s/ Eric N. Vitaliano
_____

ERIC N. VITALIANO
United States District Judge