# Exhibit 1

EXECUTION VERSION

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

IN RE CRONOS GROUP INC.
SECURITIES LITIGATION

Civil Action No. 2:20-cv-01310-ENV-JMW

## STIPULATION AND AGREEMENT OF SETTLEMENT

This Stipulation and Agreement of Settlement is made and entered into by and between Court-appointed Lead Plaintiff Keith D. Norman and Defendants Cronos Group Inc., Michael Gorenstein, and Jerry F. Barbato, by and through their counsel of record in the above-captioned Action pending in the United States District Court for the Eastern District of New York.  This Stipulation is intended by the Parties to fully, finally, and forever resolve, discharge, and settle the Released Plaintiff's Claims as against the Released Defendant Parties and the Released Defendants' Claims as against the Released Plaintiff Parties (all capitalized terms as defined below), upon and subject to the terms and conditions hereof, and subject to the Court's approval pursuant to Rule 23(e) of the Federal Rules of Civil Procedure.

**WHEREAS:**

A.      All words or terms used herein that are capitalized shall have the meanings ascribed to those words or terms herein and in ¶1 entitled "Definitions."

**I.      THE ACTION**

B.      On March 11, 2020, an initial complaint was filed in the United States District Court for the Eastern District of New York, captioned *Witte v. Cronos Group Inc. et al.*, Case No. 1:20-cv-01310-ENV-SIL, alleging violations of the federal securities laws against Defendants. ECF No. 1.

C.      By Order dated October 22, 2020, and pursuant to the Private Securities Litigation Reform Act of 1995, the Court: (i) appointed Keith D. Norman as Lead Plaintiff; (ii) approved Labaton Sucharow LLP (n/k/a Labaton Keller Sucharow LLP) as Lead Counsel; and (iii) renamed the Action *In re Cronos Group Inc. Securities Litigation*, No. 1:20-cv-01310-ENV-SIL.  ECF No. 35.

D.      On November 23, 2020, Lead Plaintiff filed the Consolidated Amended Class Action Complaint alleging that Cronos and its senior executives, Michael Gorenstein (Cronos's Chairman, President, and Chief Executive Officer) and Jerry F. Barbato (Cronos's Chief Financial Officer), violated Section 10(b) of the Exchange Act of 1934 and Rule 10b-5 promulgated thereunder, and, for the Individual Defendants, Section 20(a) of the Exchange Act.  ECF No. 37.

E.      Prior to filing the Complaint, Lead Plaintiff, through Lead Counsel, conducted its own investigation relating to the claims, defenses, and underlying events and transactions that are the subject of the Action.  This process included reviewing and analyzing: (i) documents filed with the Ontario Capital Markets Tribunal and Ontario Securities Commission in Canada and U.S. Securities and Exchange Commission filings by Cronos; (ii) securities analysts' reports and advisories about Cronos; (iii) press releases and other public statements issued by Cronos; (iv) media reports about Cronos; (v) other publicly available information; and (vi) consultation with experts in the cannabis industry and in areas of accounting and damages.  Additionally, Lead Plaintiff, through Lead Counsel, contacted and interviewed former employees of Cronos to discuss issues related to the Action.

## II.      ALLEGATIONS OF THE COMPLAINT

F.      In the Complaint, as subsequently amended, Lead Plaintiff alleges that Defendants violated the federal securities laws by improperly booking revenue for three transactions alleged

to be "round trip" transactions in the first and third quarters of 2019. Lead Plaintiff alleges that this improper revenue recognition artificially inflated Cronos's revenue for the first and third quarters of 2019 by 39% and 40% respectively.

G.    Lead Plaintiff alleges that in two transactions, Cronos purchased product simultaneously with its transfer of raw product. In the third transactions, Lead Plaintiff alleges that William Hilson, Cronos's former chief commercial officer, agreed that Cronos would buy back the product it sold to a counterparty as a derivative product or in some other form in the following quarter. Lead Plaintiff alleges that these transfers lacked commercial or economic substance and that Cronos improperly recorded each transfer as a "sale" in violation of accepted accounting practices, thereby inflating its revenue.

H.    Lead Plaintiff alleges that Defendants made misstatements during the period from May 9, 2019 through March 30, 2020, both dates inclusive by filing financial statements and making investor calls that presented the inflated revenue figures.

I.    Lead Plaintiff alleges that the market learned of the misstatements through four corrective disclosures. *First*, on February 24, 2020, before markets opened, Cronos announced it would delay its upcoming earnings call. *Second*, on March 2, 2020, after the markets closed, Cronos filed with the SEC an incomplete Form 10-K that omitted Cronos's audited financial results for 2019, along with a notification of late filing on Form 12b-25. *Third*, on March 17, 2020, after the markets closed, Cronos announced that it would restate its previously filed financial statements and that it would need to reduce its revenue for the first and third quarters of 2019. *Fourth*, on March 30, 2020, after the markets closed, Cronos filed its restated financial statements.

J.    Lead Plaintiff filed the Complaint on behalf of a putative class of "all persons and entities who purchased or otherwise acquired the publicly traded securities of Cronos on a U.S.

Stock Exchange between May 9, 2019, and March 30, 2020, inclusive . . . and were damaged thereby."

### III.    PROCEDURAL HISTORY

K.    On January 15, 2021, the Court adopted the Parties' proposed briefing schedule for a motion to dismiss.  As directed in the schedule, the Defendants' motion to dismiss, Lead Plaintiff's opposition, and Defendants' reply were fully briefed and filed on April 22, 2021. ECF Nos. 45-47.

L.    On November 11, 2023, the Court issued an order granting Defendants' motion to dismiss the Complaint with prejudice.  ECF No. 57.  The Court determined that the allegations, taken collectively, did not adequately plead scienter under Section 10(b) of the Exchange Act and, as a result, also dismissed Lead Plaintiff's claims under Section 20(a) of the Exchange Act.

M.    On December 1, 2023, Lead Plaintiff moved for reconsideration of the dismissal order, seeking leave amend based on additional information contained in Regulatory Materials made available from investigations by the SEC and OSC, as described further below.  ECF Nos. 59-60.  Defendants opposed the motion on December 29, 2023 (ECF No. 61) and Lead Plaintiff filed his reply on January 12, 2024 (ECF No. 63).

N.    On November 29, 2024, the Court granted Lead Plaintiff's motion for reconsideration and permitted Lead Plaintiff to file a further amended complaint and for Defendants to file another motion to dismiss.  ECF No. 64.

O.    On January 10, 2025, Lead Plaintiff filed the Second Amended Class Action Complaint.  ECF No. 66.  With the support of additional information from the Regulatory Materials, Lead Plaintiff asserted claims under Section 10(b) of the Exchange Act and Rule 10b-

5 promulgated thereunder against Cronos, Michael Gorenstein, and Jerry F. Barbato and under Section 20(a) of the Exchange Act against the Individual Defendants.

P.      On March 11, 2025, Defendants served their motion to dismiss the Second Amended Complaint, which is currently pending.  On May 12, 2025, Lead Plaintiff served his opposition to Defendants' motion to dismiss.

### IV.    THE SEC AND OSC INVESTIGATIONS AND SETTLEMENTS

Q.      Shortly after learning of the potential for material accounting errors in its financial statements, Cronos reported the potential errors to the SEC and the OSC.  ECF Nos. 54-1 - 54-5. Following this self-reporting both Regulators commenced investigations.

R.      In October 2022, the SEC and OSC announced settlement agreements with Cronos and with Hilson.

S.      The Regulators made findings for the purpose of the settlements and regulatory activities only: Cronos consented to the SEC's findings "[s]olely for the purpose of these proceedings and any other proceedings brought by or on behalf of the Commission, or to which the Commission is a party, and without admitting or denying the findings"; and agreed to the OSC's findings "[f]or the purposes of this proceeding, and any other regulatory proceeding commenced by a Canadian securities regulatory authority only."  These findings centered around the same three revenue recognition errors described in the Complaint.

T.      The Regulators found that there were two transactions between Cronos and a single counterparty, MediPharm Labs Inc., involving the sale of raw cannabis product by Cronos simultaneously with the purchase by Cronos of processed cannabis product.  The first of these transactions was in the first quarter of 2019, and the second was in the third quarter of 2019.  The Regulators found that these two transactions lacked commercial substance because the risk, timing

and amount of Cronos's future cash flow were not affected by the transactions, and that Cronos had improperly recognized revenue for the transactions.

U.    The Regulators found that, in a third transaction, William Hilson had entered an oral agreement with another counterparty, Heritage Cannabis Holdings Corp., under which Heritage would purchase cannabis from Cronos in the third quarter of 2019, and Cronos would repurchase the product back in a derivative form the following quarter.  The SEC found that Hilson did not disclose this oral promise to others at Cronos, and Cronos improperly recorded revenue for the sale to Heritage.

V.    The Regulators found that Cronos's disclosures and conduct related to these transactions violated certain securities laws.  The SEC found that Cronos's disclosures related to the third transaction violated Section 17(a) of the Securities Act of 1933 and Section 10(b) of the Exchange Act and Rules 10-b5(a) and (c) thereunder, which prohibit, *inter alia*, fraudulent statements and devices in connection with the purchase or sale of securities.  The SEC also found that Cronos violated Sections 13(a), 13(b)(2)(A) and 13(b)(2)(B) of the Exchange Act and rules promulgated thereunder.  The OSC found that in connection with the three transactions described above, Cronos violated the Ontario securities law by failing to file interim financial statements prepared in accordance with applicable accounting principles and acted in a manner contrary to the public interest.

W.    The Regulators found that Hilson negotiated the third transaction and that he failed to take appropriate steps to address the handling of revenue recognition issues for that transaction.  Further, the SEC found that Hilson "entered into [the] oral buy-back agreement" in that transaction without telling others at Cronos.  In the Regulators' separate settlements with Hilson, Hilson made voluntary payments of C$70,000 to the OSC, and the OSC barred Hilson from acting as a director

or officer of any reporting issuer for one year.  The SEC did not impose a civil penalty based on Hilson's payment of C$70,000 in his settlement with the OSC, but barred Hilson from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act or that is required to file reports pursuant to Section 15(d) of the Exchange Act for three years, and denied him the privilege of appearing or practicing before the SEC as an accountant.

X.    After considering mitigating factors, including Cronos's self-reporting, cooperation with regulators, and subsequent remedial steps, the SEC declined to impose a civil penalty on Cronos. The OSC acknowledged the same mitigating factors and imposed a C$1.3 million administrative penalty.  Cronos also agreed to engage a qualified independent consultant to review the Company's internal accounting and financial reporting controls, and make changes and improvements based on the independent consultant's recommendations.

**V.    THE ONTARIO ACTION**

Y.    On June 3, 2020, almost three months after the initial Complaint was filed in this Action, a different Cronos shareholder filed a statement of claim in the Ontario Superior Court of Justice captioned *Harpreet Badesha v. Cronos Group, Inc. et al*., Court File No. CV-20-00641990-00CP (Ontario Sup. Ct. Justice).  In addition to naming the Defendants in this Action, the statement of claim named other of Cronos's current and former directors, officers and employees as defendants: William Hilson, Kevin Crosthwaite Jr., Bronwen Evans, Murray Garnick, Bruce Gates, Jason Adler, James Rudyk, Jody Begley, Alan Friedman, and Michael Coates.

Z.    The Ontario Action statement of claim alleged the same revenue recognition misstatements as the Complaint in this Action.  It similarly alleged that Defendants made misrepresentations about the Company's revenue to investors.  The Ontario Action statement of

claim asserted violations of Ontario securities laws and alleged the same four corrective disclosures as the Complaint, as well as a fifth alleged corrective disclosure on March 19, 2020, when MarketWatch reported that the SEC had asked Cronos to preserve all records about revenue recognition related to bulk-resin purchases and wholesale sales of biomass or other products.

AA.    Plaintiff in the Ontario Action moved for leave to proceed and for class certification.  On June 28, 2021, the Ontario Court denied these motions.  Plaintiff in the Ontario Action appealed as to Cronos, Gorenstein and Barbato, but declined to continue to pursue claims against the other defendants named in the statement of claim.  On September 22, 2022, the Court of Appeal for Ontario granted the plaintiff in the Ontario Action leave to proceed under the Ontario Securities Act, and remitted the issue of whether the Ontario Action should be certified as a class proceeding back to the Ontario Court.

BB.    On October 10, 2023, the Ontario Court certified the class in the Ontario Action and appointed Harpreet Badesha as the representative plaintiff for the class, which it defined as: "All persons and entities who, during the period from May 9, 2019 at 6:59 a.m. ET to March 30, 2020 at 4:33 p.m. ET acquired Cronos shares in the secondary market other than Excluded Persons."  "Excluded Persons" in the Ontario Action means: "(i) Cronos and its subsidiaries, affiliates, officers, directors, senior employees, legal representatives, heirs, predecessors, successors and assigns, Michael Gorenstein or Jerry Barbato and any member of their families and any entity in which any of them has or had during the Class Period any legal or de facto controlling interest; and (ii) all persons and entities who sold or otherwise disposed of all their Cronos shares before February 24, 2020 at 7:30 a.m. ET."  The certified class in the Ontario Action includes shareholders who purchased shares anywhere in the world, including on the Toronto Stock Exchange and shareholders who purchased their shares on the NASDAQ.

CC.    On October 10, 2023, the Ontario Court also denied a motion brought by the Defendants in the Ontario Action to dismiss the claims advanced in the Ontario Action, on behalf of investors that purchased Cronos shares on the NASDAQ, on the grounds that those claims should be decided by the U.S. Court.

DD.    On January 22, 2024, the Ontario Court approved the notice of certification and opt-out deadline of July 22, 2024.  Notice was sent in March 2024, and the opt-out deadline for the Ontario Action has since passed.  Thirty-two opt-outs were received, representing 20,355 shares.

EE.    No trial date has yet been set in the Ontario Action.

## VI.    NEGOTIATION OF THE PROPOSED SETTLEMENT

FF.    In early 2025, prior to Lead Plaintiff serving his motion to dismiss opposition, the Parties began to explore the possibility of reaching a negotiated resolution of the Action and engaged Robert Meyer of JAMS to mediate this Action.  (Ontario Class Counsel was not involved.)  In advance of the mediation, the Parties exchanged mediation statements.  On May 16, 2025, the Parties engaged in a full-day, in person mediation session with the Mediator.  Although the Parties did not reach an agreement to settle the Action by the conclusion of the mediation session, they continued negotiations with the assistance of the Mediator thereafter.  On May 19, 2025, the Mediator made a formal mediator's proposal that the Parties settle on terms including a $10 million settlement payment (subject to agreement on more detailed terms, settlement documentation and Court approval).  That same day, each of the Parties accepted the Mediator's proposal, thereby reaching an agreement in principle to settle the Action.

GG.    The Parties memorialized their agreement in a Term Sheet on June 1, 2025, subject to the execution of a formal settlement agreement, related papers, approval by the Court, as well as the Settlement becoming effective on the Effective Date, as set forth in ¶43 below.

HH.    This Stipulation (together with the exhibits hereto) reflects the final and binding agreement between the Parties.

## VII.    CLAIMS OF LEAD PLAINTIFF AND BENEFIT OF SETTLEMENT

II.    Based upon their investigation and prosecution of the claims, Lead Plaintiff and Lead Counsel believe that the claims asserted in the Action have merit and that the information developed to date supports the claims asserted.  However, Lead Plaintiff and Lead Counsel recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Action through trial and appeals.  They also have taken into account the uncertain outcome and the risk of any litigation, especially in complex actions such as the Action, as well as the difficulties and delays inherent in such litigation.  Lead Counsel also is mindful of the inherent problems of proof and the possible defenses to the claims alleged in the Action.  Based on their evaluation, Lead Plaintiff and Lead Counsel believe that the Settlement set forth in this Stipulation confers substantial monetary benefits upon the Settlement Class and is in the best interests of Lead Plaintiff and the Settlement Class.

## VIII.    DEFENDANTS' DENIAL OF WRONGDOING AND LIABILITY

JJ.    Throughout the Action, Defendants have denied and continue to deny any and all allegations of wrongdoing or that they have committed any act or omission giving rise to any liability or violation of law, including the U.S. securities laws and Canadian securities laws. Defendants have denied and continue to deny each and every one of the claims alleged by Lead Plaintiff in the Action on behalf of the proposed class, including all claims in the Second Amended

Complaint.  Defendants also have denied, and continue to deny, *inter alia*, the allegations that Lead Plaintiff or putative class members have suffered damage or were otherwise harmed by the conduct alleged in the Action.  Defendants assert that, at all times, they acted in good faith.  In addition, Defendants maintain that they have meritorious defenses to all of the claims alleged in the Action.  Nonetheless, Defendants have determined that it is desirable and beneficial to them that the Action be settled in the manner and upon the terms and conditions set forth in this Stipulation, without any admission of liability or wrongdoing, to avoid the further expense, inconvenience, and burden of this Action, the distraction and diversion of personnel and resources, and to obtain the conclusive and complete dismissal and release of this Action and the Released Plaintiff's Claims.

KK.    Whether or not consummated, the Term Sheet, this Stipulation, any proceedings relating to the Settlement, or any of the terms of the Settlement, shall in no event be construed as, or deemed to be evidence of, an admission or concession on the part of Defendants, or any of them, with respect to any fact or matter alleged in the Action, or any claim of fault or liability or wrongdoing or damage whatsoever, or any infirmity in any claim or defense that has been or could have been asserted.  Each Defendant reserves all defenses to any claims that may be filed by anyone, including any individual or entity that has sought, or seeks, exclusion from the Settlement Class.

## IX.    TERMS OF SETTLEMENT AND STIPULATION OF SETTLEMENT

**NOW THEREFORE**, without any concession by Lead Plaintiff that the Action lacks merit, and without any concession by Defendants of any liability or wrongdoing or lack of merit of their defenses, it is hereby **STIPULATED AND AGREED**, by and among the Parties to this Stipulation, through their respective attorneys, subject to approval by the Court pursuant to Rule

23(e) of the Federal Rules of Civil Procedure, that, in consideration of the benefits flowing to the Parties hereto, all Released Plaintiff's Claims and all Released Defendants' Claims, as against all Released Parties, shall be fully, finally, and forever compromised, settled, released, discharged, and dismissed with prejudice, and without costs, upon and subject to the following terms and conditions:

## **DEFINITIONS**

1. As used in this Stipulation, the following terms shall have the meanings set forth below. In the event of any inconsistency between any definition set forth below and any definition in any other document related to the Settlement, the definition set forth below shall control.

(a) "Action" means the civil action captioned *In re Cronos Group Inc. Securities Litigation,* Case No. 2:20-cv-01310-ENV-JMW (E.D.N.Y.), pending in the United States District Court for the Eastern District of New York, before the Honorable Eric N. Vitaliano.

(b) "Authorized Claimant" means a Settlement Class Member who submits a valid Proof of Claim and Release form to the Claims Administrator that is accepted for payment.

(c) "CAFA" means the Class Action Fairness Act of 2005, 28 U.S.C. §1715 *et seq*.

(d) "CAFA Notice Date" means a date that is no more than ten (10) calendar days following the filing of this Stipulation with the Court.

(e) "Claimant" means a Person who or which submits a Claim Form to the Claims Administrator seeking to be eligible to share in the proceeds of the Net Settlement Fund.

(f) "Claims Administrator" means the firm to be retained by Lead Counsel, subject to Court approval, to provide all notices approved by the Court to Settlement Class Members, to process Proofs of Claim, and to administer the Settlement.

(g)    "Class Period" means the period from May 9, 2019 through March 30, 2020, both dates inclusive.

(h)    "Code" means the Internal Revenue Code of 1986, as amended.

(i)    "Company" means Cronos Group Inc.

(j)    "Complaint" means the Consolidated Amended Class Action Complaint filed in this Action.

(k)    "Court" means the United States District Court for the Eastern District of New York.

(l)    "Cronos" means Cronos Group Inc.

(m)    "Defendants" means Cronos Group Inc., Michael Gorenstein, and Jerry F. Barbato.

(n)    "Defendants' Counsel" means the law firm of Sullivan & Cromwell LLP.

(o)    "Effective Date" means the date upon which the Settlement shall have become effective, as set forth in ¶43 below.

(p)    "Escrow Account" means the separate escrow account maintained at Citibank, N.A. (Private Bank), wherein the Settlement Amount shall be deposited and held for the benefit of the Settlement Class pursuant to this Stipulation and subject to the jurisdiction of the Court.

(q)    "Escrow Agent" means Citibank, N.A. (Private Bank).

(r)    "Exchange Act" means the Securities Exchange Act of 1934.

(s)    "FDIC" means the Federal Deposit Insurance Corporation.

(t)    "Fee and Expense Application" means Lead Counsel's application, on behalf of Plaintiff's Counsel, for an award of attorneys' fees and payment of Litigation Expenses

incurred in prosecuting the case, including any expenses of Lead Plaintiff pursuant to 15 U.S.C. § 78u-4(a)(4) of the PSLRA.

(u)    "Final," with respect to a court order, including a judgment, means the later of: (i) if there is an appeal from a court order, the date of final affirmance on appeal and the expiration of the time for any further judicial review whether by appeal, reconsideration, or a petition for a *writ of certiorari* and, if *certiorari* is granted, the date of final affirmance of the order following review pursuant to the grant; or (ii) the date of final dismissal of any appeal from the order or the final dismissal of any proceeding on *certiorari* to review the order; or (iii) the expiration of the time for the filing or noticing of any appeal or petition for *certiorari* from the order (or, if the date for taking an appeal or seeking review of the order shall be extended beyond this time by order of the issuing court, by operation of law or otherwise, or if such extension is requested, the date of expiration of any extension if any appeal or review is not sought), without any such filing or noticing being made.  However, any appeal or proceeding seeking subsequent judicial review pertaining solely to the Plan of Allocation of the Net Settlement Fund, or to the Court's award of attorneys' fees or expenses, shall not in any way delay or affect the time set forth above for the Judgment to become Final or otherwise preclude the Judgment from becoming Final.

(v)    "Heritage" means Heritage Cannabis Holdings Corp.

(w)    "Individual Defendants" means Michael Gorenstein and Jerry F. Barbato.

(x)    "Judgment" means the judgment to be entered by the Court approving the Settlement which, subject to approval of the Court, shall be substantially in the form attached hereto as Exhibit B.

(y)    "Labaton" means Labaton Keller Sucharow LLP.

(z)    "Lead Counsel" means Labaton Keller Sucharow LLP.

(aa)    "Lead Plaintiff" means Keith D. Norman.

(bb)    "Litigation Expenses" means the costs and expenses incurred by Plaintiff's Counsel in connection with commencing, prosecuting, and settling the Action (which may include the costs and expenses of Lead Plaintiff directly related to his representation of the Settlement Class pursuant to the PSLRA), for which Lead Counsel intends to apply to the Court for payment from the Settlement Fund.

(cc)    "Mediator" means Robert Meyer of JAMS.

(dd)    "Net Settlement Fund" means the Settlement Fund less: (i) Court-awarded attorneys' fees and Litigation Expenses; (ii) Notice and Administration Expenses; (iii) Taxes; and (iv) any other fees or expenses approved by the Court.

(ee)    "Notice" means the long-form Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses to be sent to Settlement Class Members and posted on the Claim Administrator's website related to this Settlement, which, subject to approval of the Court, shall be substantially in the form attached hereto as Exhibit 1 to Exhibit A hereto.

(ff)    "Notice and Administration Expenses" means all costs, fees, and expenses incurred in connection with providing notice to the Settlement Class and the administration of the Settlement, including but not limited to: (i) providing notice of the proposed Settlement by email, mail, publication, or other means to Settlement Class Members; (ii) receiving and reviewing claims for payment from the Settlement Fund; (iii) applying the Plan of Allocation; (iv) communicating with Persons regarding the proposed Settlement and claims administration process; (v) distributing the proceeds of the Settlement; and (vi) fees related to the Escrow Account and investment of the Settlement Fund.

15

(gg)    "Notices" means the long-form Notice, Postcard Notice, and Summary Notice.

(hh)    "Ontario Action" means *Harpreet Badesha v. Cronos Group Inc. et al.*, CV-20-00641990-00CP (Ontario Sup. Ct. Justice).

(ii)    "Ontario Class Counsel" means Kalloghlian Myers LLP.

(jj)    "Ontario Court" means the Ontario Superior Court of Justice.

(kk)    "OSC" means the Ontario Securities Commission and the Capital Markets Tribunal.

(ll)    "Parties" means Keith D. Norman, Cronos Group Inc., Michael Gorenstein, and Jerry F. Barbato.

(mm)    "Person(s)" means any individual, corporation (including all divisions and subsidiaries), general or limited partnership, association, joint stock company, joint venture, limited liability company, professional corporation, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any other business or legal entity.

(nn)    "Plaintiff's Counsel" means Labaton Keller Sucharow LLP and The Schall Law Firm.

(oo)    "Plan of Allocation" means the proposed Plan of Allocation of Net Settlement Fund, which, subject to the approval of the Court, shall be substantially in the form described in the Notice.  Any Plan of Allocation is not part of this Stipulation and Settlement, and neither Defendants nor any Released Defendant Parties shall have any responsibility or liability with respect to any Plan of Allocation.

(pp)    "Postcard Notice" means the postcard notice concerning the Settlement to be sent to Settlement Class Members, which, subject to approval of the Court, shall be substantially in the form attached hereto as Exhibit A-4.

(qq)    "Preliminary Approval Order" means the proposed Order Granting Preliminary Approval of Class Action Settlement, Approving Form and Manner of Notice, and Setting Date for Hearing on Final Approval of Settlement, which, subject to the approval of the Court, shall be substantially in the form attached hereto as Exhibit A.

(rr)    "Proof of Claim" or "Claim Form" means the Proof of Claim and Release form for submitting a claim, which, subject to approval of the Court, shall be substantially in the form attached as Exhibit 2 to Exhibit A hereto.

(ss)    "PSLRA" means the Private Securities Litigation Reform Act of 1995.

(tt)    "Regulators" means the OSC and SEC.

(uu)    "Released Claims" means Released Plaintiff's Claims and Released Defendants' Claims.

(vv)    "Released Defendant Parties" means:

(i)    each Defendant;

(ii)    the family members of the Individual Defendants;

(iii)    direct or indirect parent entities, direct and indirect subsidiaries, related entities, and all affiliates of Cronos;

(iv)    any trust of which any Individual Defendant is the settlor or which is for the benefit of any Individual Defendant or his family members;

(v)    any firm, trust, corporation or other entity in which a Defendant has a controlling interest; and

17

(vi)    for any of the persons or entities listed in parts (i) through (v), as applicable, their respective past, present, and future parents, direct or indirect subsidiaries, affiliates, divisions, general partners, limited partners, principals, members, shareholders, joint ventures, officers, directors, managers, managing directors, supervisors, employees, contractors, consultants, experts, auditors, accountants, advisors, underwriters, insurers, reinsurers, indemnitors, trustees, trustors, agents, attorneys, predecessors, successors, assigns, heirs, executors, administrators, estate, and any controlling person thereof, all in their capacities as such (each of the foregoing, a "Released Defendant Party").

(ww)    "Released Defendants' Claims" means all claims and causes of action of every nature and description, whether known or Unknown (as defined below), whether arising under federal, state, common, or foreign law, including Canadian securities laws, Canadian federal and provincial laws and Canadian common law, in any court or forum, whether foreign or domestic, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Defendants, except for (i) claims relating to the enforcement of the Settlement or any order of the Court in the Action relating to the Settlement, or (ii) any claims against any Person who or which submits a request for exclusion that is accepted by the Court. Released Defendants' Claims does not include the Defendants' right to seek contribution against any Person whose liability to the Settlement Class has been released or extinguished by the Settlement, which right Defendants expressly reserve.

(xx)    "Released Parties" means the Released Defendant Parties and the Released Plaintiff Parties.

(yy)    "Released Plaintiff's Claims" means any and all:

18

(i)       claims and causes of action of every nature and description, whether known or Unknown (as defined below), contingent or absolute, mature or not mature, liquidated or unliquidated, accrued or not accrued, concealed or hidden, regardless of legal or equitable theory and whether arising under federal, state, common, or foreign law, including Canadian securities laws, Canadian federal and provincial laws and Canadian common law, that

(ii)      Lead Plaintiff or any other member of the Settlement Class asserted in the Action or could have asserted in the Action, or in any court or forum, whether foreign or domestic, including the Ontario Superior Court of Justice, that

(iii)     arise out of or are based upon both: (1) the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the complaints filed in the Action, and (2) the purchase, acquisition, or sale of Cronos publicly traded common stock on the NASDAQ, or any other public U.S. market for trading stocks, during the Class Period.

(iv)      Released Plaintiff's Claims include the claims asserted in the Ontario Action, *Harpreet Badesha v. Cronos Group Inc. et al.,* CV-20-00641990-00CP (Ontario Sup. Ct. Justice), that arise out of or are based on the purchase, acquisition, or sale of Cronos publicly traded common stock on the NASDAQ, or any other public U.S. market for trading stocks, during the Class Period.

(v)       Released Plaintiff's Claims do not include: (1) claims to enforce the Settlement; (2) claims in any shareholder derivative action; (3) claims that arise out of or are based on purchases/acquisitions of Cronos shares on the TSX during the Class Period; and (4) the claims of any regulatory or

governmental body, or the right of Settlement Class Members to recover therefrom.

(zz)    "Released Plaintiff Parties" means each and every:

(i)    Settlement Class Member, Lead Plaintiff, Plaintiff's Counsel, and each of their respective past or present trustees, officers, directors, partners, employees, affiliates, contractors, principals, agents, attorneys, predecessors, successors, assigns, insurers, parents, subsidiaries, general or limited partners or partnerships, and limited liability companies; and

(ii)    the spouses, members of the immediate families, representatives, and heirs of any Released Plaintiff Party who is an individual, as well as any trust of which any Released Plaintiff Party is the settlor or which is for the benefit of any of their immediate family members.

(iii)    Released Plaintiff Parties does not include any Person who timely and validly seeks exclusion from the Settlement Class.

(aaa)    "SEC" means the U.S. Securities and Exchange Commission.

(bbb)    "Second Amended Complaint" means Lead Plaintiff's Second Amended Class Action Complaint, filed on January 10, 2025.

(ccc)    "Securities Act" means the Securities Act of 1933.

(ddd)    "Settlement" means the resolution of the Action in accordance with the terms and provisions of this Stipulation.

(eee)    "Settlement Amount" means ten million U.S. dollars ($10,000,000.00).

(fff)    "Settlement Class" or "Settlement Class Member" means all persons and entities, irrespective of country of residence, who or which purchased or otherwise acquired the publicly traded common stock of Cronos on the NASDAQ, or any other public U.S. market for trading stocks, during the period from May 9, 2019 through March 30, 2020, both dates inclusive

(the Class Period), and were allegedly damaged thereby.  Excluded from the Settlement Class are: (i) Defendants; (ii) members of the immediate family of any Defendant who is an individual; (iii) all directors, officers or other employees of Cronos during the Class Period; (iv) any firm, trust, corporation, or other entity in which any Defendant has or had a controlling or beneficial interest; (v) Cronos's employee retirement and benefit plan(s) and their participants or beneficiaries, to the extent they made purchases through such plan(s); (vi) the legal representatives, affiliates, control persons, heirs, successors-in-interest, or assigns of any such excluded persons; and (vii) any persons and entities who or which exclude themselves by submitting a timely and valid request for exclusion that is accepted by the Court.  Purchases and acquisitions of Cronos common stock on the Toronto Stock Exchange or any non-U.S. public market for trading stocks are not part of the definition of the Settlement Class.

(ggg)    "Settlement Fund" means the Settlement Amount and any interest earned thereon, after it is deposited into the Escrow Account.

(hhh)    "Settlement Hearing" means the final hearing to be held by the Court to determine, *inter alia*, whether the proposed Settlement is fair, reasonable, and adequate and should be approved under Rule 23 of the Federal Rules of Civil Procedure.

(iii)    "Stipulation" means this Stipulation and Agreement of Settlement.

(jjj)    "Summary Notice" means the Summary Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses for publication, which, subject to approval of the Court, shall be substantially in the form attached as Exhibit 3 to Exhibit A hereto.

(kkk) "Supplemental Agreement" means the Confidential Supplemental Agreement Regarding Requests for Exclusion separately entered into by the Parties, through their counsel.

(lll)    "Taxes" means all federal, state, or local taxes of any kind on any income earned by the Settlement Fund, including any interest or penalties thereon, and the reasonable expenses and costs incurred in connection with the taxation of the Settlement Fund (including, without limitation, the expenses of tax attorneys and accountants and expenses relating to the filing of any tax return, information return or other tax document).

(mmm)"Tax Returns" means all returns, declarations, statements, reports, schedules, forms, and information returns and statements relating to Taxes, including any schedules and attachments thereto and any amendments thereof, in each case required or permitted to be filed with any taxing authority.

(nnn)    "Term Sheet" means the agreement-in-principle executed by the Parties on June 1, 2025.

(ooo)    "Termination Threshold" means the threshold in the Supplemental Agreement regarding the number of requests for exclusion from the Settlement Class needed to give rise to Defendants' termination rights under the Supplemental Agreement.

(ppp)    "TSX" means the Toronto Stock Exchange.

(qqq)    "Unknown Claims" means any and all Released Plaintiff's Claims that Lead Plaintiff or any other Settlement Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendant Parties, and any and all Released Defendants' Claims that any Defendant does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Plaintiff Parties, which if known by him, her, or it might

have affected his, her, or its decision(s) with respect to the Settlement, including but not limited to the decision to object to the terms of the Settlement or to exclude himself, herself, or itself from the Settlement Class. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date, Lead Plaintiff and Defendants shall expressly, and each other Settlement Class Member shall be deemed to have, and by operation of the Judgment shall have, to the fullest extent permitted by law, expressly waived and relinquished any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States or foreign law, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

Lead Plaintiff, other Settlement Class Members, or Defendants may hereafter discover facts, legal theories, or authorities in addition to or different from those which any of them now knows or believes to be true with respect to the subject matter of the Released Plaintiff's Claims and the Released Defendants' Claims, but Lead Plaintiff and Defendants shall expressly, fully, finally, and forever waive, settle, discharge, extinguish, and release, and each Settlement Class Member shall be deemed to have waived, settled, discharged, extinguished, and released, and upon the Effective Date and by operation of the Judgment shall have waived, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Plaintiff's Claims and Released Defendants' Claims as applicable, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. Lead Plaintiff and Defendants acknowledge, and other Settlement Class Members by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of

Released Plaintiff's Claims and Released Defendants' Claims was separately bargained for and was a material element of the Settlement.

## SCOPE AND EFFECT OF SETTLEMENT

2.    The obligations incurred pursuant to this Stipulation are: (i) subject to approval by the Court and the Judgment, reflecting such approval becoming Final; and (ii) in full and final disposition of the Action with respect to the Released Parties and any and all Released Plaintiff's Claims and Released Defendants' Claims.

3.    For purposes of this Settlement only, Defendants agree not to contest: (i) certification of the Action as a class action, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3), on behalf of the Settlement Class as defined in ¶11(fff); (ii) the appointment of Lead Plaintiff as Class Representative for the Settlement Class; and (iii) the appointment of Lead Counsel as Class Counsel for the Settlement Class pursuant to Federal Rule of Civil Procedure 23(g).  The Parties intend that the provisions herein concerning appointment and certification shall have no effect whatsoever in the event that the Effective Date does not occur.

4.    The obligations incurred pursuant to this Settlement shall be in full and final disposition of the Action as against Defendants, and shall fully and finally release any and all Released Plaintiff's Claims as against all Released Defendant Parties and shall also release all of the Released Defendants' Claims as against all Released Plaintiff Parties.  The Judgment shall, among other things, provide for the dismissal with prejudice of the Action against the Defendants, without costs to any party, except for the payments as expressly provided for herein.

5.    By operation of the Judgment, as of the Effective Date, Lead Plaintiff and each and every other Settlement Class Member, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, predecessors, successors, and assigns, in their capacities as

such, and any other person or entity legally entitled to bring Released Plaintiff's Claims on behalf of a Settlement Class Member, in that capacity, shall be deemed to have fully, finally, and forever waived, released, discharged, and dismissed each and every one of the Released Plaintiff's Claims against each and every one of the Released Defendant Parties and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining, either directly or indirectly, any action, suit, cause of action, claim, or demand asserting any and all of the Released Plaintiff's Claims against any and all of the Released Defendant Parties, whether or not any individual Settlement Class Member executes and delivers the Proof of Claim, and whether or not any individual Settlement Class Member shares or seeks to share in the Settlement Fund. Claims to enforce the Settlement are not released.

6.      By operation of the Judgment, as of the Effective Date, Defendants, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have fully, finally, and forever waived, released, discharged, and dismissed each and every one of the Released Defendants' Claims against each and every one of the Released Plaintiff Parties and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining, either directly or indirectly, any action, suit, cause of action, claim or demand asserting any and all of the Released Defendants' Claims against any and all of the Released Plaintiff Parties. Claims to enforce the Settlement are not released.

7.      Defendants expressly reserve the right to seek contribution against any Person whose liability to the Settlement Class has been released or extinguished by the Settlement.

## THE SETTLEMENT CONSIDERATION

8.      In full settlement of the claims asserted in the Action against Defendants and in consideration of the releases specified in ¶¶5-6, above, all of which the Parties agree are good and valuable consideration, Cronos shall pay, or cause to be paid, the Settlement Amount into the Escrow Account no later than thirty (30) calendar days following the later of (i) entry of the Preliminary Approval Order; and (ii) Lead Counsel providing to Defendants' Counsel the information necessary to effectuate a transfer of funds to the Escrow Account, including but not limited to, wire transfer instructions that include the bank name and ABA routing number, account name and number, and a complete and executed Form W-9 for the Settlement Fund that reflects a valid tax identification number for the Escrow Account in which the Settlement Amount is to be deposited.  Under no circumstances shall Defendants be required to contribute more to the Escrow Account than the Settlement Amount.

9.      The Escrow Agent shall hold the Settlement Amount, plus any accrued interest, in a segregated Escrow Account maintained by the Escrow Agent.

10.     With the sole exceptions of Cronos's obligation to effect payment of the Settlement Amount into the Escrow Account as provided for in ¶8, and Defendants' obligations pursuant to ¶25 and ¶41, Released Defendant Parties and Defendants' Counsel shall have no responsibility for, interest in, or liability whatsoever with respect to: (i) any act, omission, or determination by Lead Counsel, the Claims Administrator or the Escrow Agent, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (ii) the management, investment, or distribution of the Settlement Fund; (iii) the Plan of Allocation; (iv) the determination, administration, calculation, or payment of any claims asserted against the Settlement Fund; (v) any loss suffered by, or fluctuation in value of, the Settlement Fund; or

(vi) the payment or withholding of any Taxes, distributions or other payments from the Escrow Account, or the filing of any Tax Returns.

11.     Other than the obligation of Cronos to cause the payment of the Settlement Amount pursuant to ¶8, Defendants shall have no obligation to make any other payments into the Escrow Account or to any Settlement Class Member pursuant to this Stipulation, including, without limitation, any responsibility or liability related to any fees, Taxes, investment decisions, maintenance, supervision, or distribution of any portion of the Settlement Amount.

<u>USE AND TAX TREATMENT OF SETTLEMENT FUND</u>

12.     The Settlement Fund shall be used: (i) to pay any Taxes; (ii) to pay Notice and Administration Expenses; (iii) to pay any attorneys' fees and Litigation Expenses awarded by the Court; (iv) to pay any other fees and expenses awarded by the Court; and (v) to pay the claims of Authorized Claimants.

13.     The Net Settlement Fund shall be distributed to Authorized Claimants as provided in ¶¶26-31.  The Net Settlement Fund shall remain in the Escrow Account prior to the Effective Date.  All funds held in the Settlement Fund, and all earnings thereon, shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall have been disbursed or returned, pursuant to the terms of this Stipulation, or further order of the Court.  The Escrow Agent shall invest funds in the Settlement Fund in instruments backed by the full faith and credit of the United States Government (or a mutual fund invested solely in such instruments), or deposit some or all of the funds in non-interest-bearing transaction account(s) that are fully insured by the Federal Deposit Insurance Corporation in amounts that are up to the limit of FDIC insurance.  Defendants and Defendants' Counsel shall have no responsibility for, interest in, or liability whatsoever with respect to investment decisions executed

by the Escrow Agent.  All investment risks related to the investment of the Settlement Fund shall be borne solely by the Settlement Fund.

14.    After the Settlement Amount has been paid into the Escrow Account, the Parties agree to treat the Settlement Fund as a "qualified settlement fund" within the meaning of Section 468B of the Internal Revenue Code of 1986, and Treasury Regulation Section 1.468B-1.  All provisions of this Stipulation shall be interpreted in a manner that is consistent with the Settlement Fund being a "qualified settlement fund" within the meaning of Section 468B of the Code and Treasury Regulation Section 1.468B-1.  Lead Counsel shall timely make, or cause to be made, such elections as necessary or advisable to carry out the provisions of this paragraph 14, including the "relation-back election" (as defined in Treasury Regulation Section 1.468B-1) back to the earliest permitted date.  Such election shall be made in compliance with the procedures and requirements contained in such regulations.  It shall be the responsibility of Lead Counsel to timely and properly prepare and deliver, or cause to be prepared and delivered, the necessary documentation for signature by all necessary parties, and thereafter take all such actions as may be necessary or appropriate to cause the appropriate filing(s) to timely occur.  Consistent with the foregoing:

(a)    For the purposes of Section 468B of the Code and the Treasury Regulations promulgated thereunder, the "administrator" shall be Lead Counsel or its successors, who shall timely and properly file, or cause to be filed, all Tax Returns necessary or advisable with respect to the Escrow Account (including without limitation the returns described in Treasury Regulation Section 1.468B-2(k) and (l)).  Such Tax Returns (as well as the "relation-back election" described above) shall be consistent with this subparagraph and in all events shall reflect that all Taxes shall be paid out of such funds as provided in subparagraph (c) of this paragraph 14.

(b)    All Taxes shall be paid out of the Settlement Fund.  In all events,

Defendants and Defendants' Counsel shall have no liability or responsibility whatsoever for Taxes

or the filing of any Tax Return or other document with the Internal Revenue Service or any other

state or local taxing authority with respect to the Settlement Fund or the Escrow Account, or any

liability or responsibility for any taxes or governmental charges of any kind (or interest or

penalties imposed with respect thereto) imposed on any Claimant or other Person in connection

with the Settlement Fund or Escrow Account, including but not limited to any Taxes or tax

detriments that may be imposed with respect to any income earned by the Settlement Fund for

any period during which the Settlement fund does not qualify as a "qualified settlement fund" for

federal or state income tax purposes.  Upon written request, the Company will provide to the

Administrator a "Section 1.468B-3 Statement" (as described in Treasury Regulation Section

l.468B-3(e)) with respect to any transfers that the Company makes, or causes to be made, to the

Escrow Account.  In the event any Taxes or Taxes-related expenses are owed by any of the

Defendants on any earnings on the funds on deposit in the Escrow Account, such amounts shall

also be paid out of the Settlement Fund.

(c)    Taxes with respect to the Settlement Amount and the Escrow Account shall

be treated as, and considered to be, a cost of administration of the Settlement and shall be timely

paid, or caused to be paid, by Lead Counsel out of the Settlement Fund without prior order from

the Court or approval by Defendants.  Lead Counsel shall be obligated (notwithstanding anything

herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary

to pay such amounts (as well as any amounts that may be required to be withheld under Treasury

Regulation Section 1.468B-2(l)(2)).  The Parties agree to cooperate with each other, and their tax

29

attorneys and accountants to the extent reasonably necessary, to carry out the provisions of this paragraph 14.

15.     This is not a claims-made settlement.  If all conditions of the Settlement are satisfied and the Effective Date has occurred, Defendants, and any other Person funding the Settlement on a Defendant's behalf, shall not have any right to the return of the Settlement Fund or any portion thereof for any reason.

## ATTORNEYS' FEES AND EXPENSES

16.     Lead Counsel may apply, on behalf of Plaintiff's Counsel, to the Court for an award from the Settlement Fund of attorneys' fees and payment of Litigation Expenses incurred in prosecuting the Action, including reimbursement to Lead Plaintiff pursuant to the PSLRA, plus earnings on such amounts at the same rate and for the same periods as earned by the Settlement Fund.  Defendants shall have no responsibility for, and no liability with respect to, the attorneys' fees or Litigation Expenses or service awards that the Court may award.

17.     The amount of attorneys' fees and Litigation Expenses awarded by the Court is within the sole discretion of the Court.  Any attorneys' fees and Litigation Expenses awarded by the Court shall be paid from the Settlement Fund to Lead Counsel following entry of the Order awarding such attorneys' fees and Litigation Expenses and entry of the Judgment, notwithstanding the existence of any timely filed objections thereto or to the Settlement, or potential for appeal therefrom, or collateral attack on the Fee and Expense Application, the Settlement, or any part thereof.  Lead Counsel shall allocate any Court-awarded attorneys' fees and Litigation Expenses among Plaintiff's Counsel.

18.     Any payment of attorneys' fees and Litigation Expenses pursuant to ¶¶16-17 above shall be subject to Lead Counsel's obligation to make refunds or repayments to the Settlement

Fund of any paid amounts, plus accrued earnings at the same net rate as is earned by the Settlement Fund, if the Settlement is terminated pursuant to the terms of this Stipulation or fails to become effective for any reason, or if, as a result of any appeal or further proceedings on remand or successful collateral attack, the award of attorneys' fees and/or expenses is reduced or reversed by Final non-appealable court order. Lead Counsel, on behalf of itself and each partner and shareholder of it, agrees that the law firm and its partners and shareholders are subject to the jurisdiction of the Court for the purposes of enforcing this paragraph and the Settlement. Lead Counsel shall make the appropriate refund or repayment in full no later than thirty (30) calendar days after receiving notice of the termination of the Settlement pursuant to this Stipulation, notice from a court of appropriate jurisdiction of the disapproval of the Settlement by Final non-appealable court order, or notice of any reduction or reversal of the award of attorneys' fees and/or expenses by Final non-appealable court order. Lead Counsel agrees that it is subject to the jurisdiction of the Court for purposes of enforcing this paragraph.

19.    With the sole exception of Defendants' obligation to pay the Settlement Amount into the Escrow Account as provided for in ¶8, Defendants shall have no responsibility for, and no liability whatsoever with respect to, any payment whatsoever to Lead Counsel in the Action that may occur at any time.

20.    Defendants shall have no responsibility for, and no liability whatsoever with respect to, any allocation of any attorneys' fees or expenses in the Action, or to any other Person who may assert some claim thereto, or any fee or expense awards the Court may make in the Action.

21.    Defendants shall have no responsibility for, and no liability whatsoever with respect to, any attorneys' fees, costs, or expenses incurred by or on behalf of Settlement Class Members,

whether or not paid from the Escrow Account. The Settlement Fund will be the sole source of payment from Defendants for any award of attorneys' fees and expenses ordered by the Court.

22.     The procedure for and the allowance or disallowance by the Court of any Fee and Expense Application are not part of the Settlement set forth in this Stipulation, are not necessary or material terms of this Stipulation, are not a condition of this Stipulation, and any order or proceeding relating to any Fee and Expense Application, including an award of attorneys' fees or expenses in an amount less than the amount requested by Lead Counsel, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Stipulation, or affect or delay the finality of the Judgment approving the Stipulation and the Settlement set forth herein. Lead Plaintiff and Lead Counsel may not cancel or terminate the Stipulation or the Settlement in accordance with ¶44 or otherwise based on the Court's or any appellate court's ruling with respect to fees and expenses in the Action.

### NOTICE AND ADMINISTRATION EXPENSES

23.     Except as otherwise provided herein, the Net Settlement Fund shall be held in the Escrow Account until the Effective Date.

24.     Without further approval from Defendants or further order of the Court, Lead Counsel may pay from the Settlement Fund Notice and Administration Expenses reasonably and actually incurred. Taxes and fees related to the Escrow Account and investment of the Settlement Fund may be paid as incurred, without further approval of Defendants or further order of the Court.

25.     No later than ten (10) calendar days following the filing of this Stipulation with the Court (the CAFA Notice Date), Defendants shall serve the notice required under the CAFA, and shall confirm with Lead Counsel via email that such service was made. Defendants are solely responsible for the costs of the CAFA notice and administering the CAFA notice. At least seven

(7) calendar days before the Settlement Hearing, Defendants' Counsel shall file a letter with the Court providing notice that all requirements of CAFA §1715(b) have been complied with.  The Parties will request that the Settlement Hearing not be scheduled until at least 90 days following the CAFA Notice Date.

## DISTRIBUTION TO AUTHORIZED CLAIMANTS

26.    Except as otherwise provided herein, the Settlement Fund shall be held in the Escrow Account until the Effective Date.

27.    The Claims Administrator, subject to such supervision and direction of Lead Counsel or the Court as may be necessary or as circumstances may require, shall administer the Settlement in accordance with the terms of this Stipulation, the Court-approved Plan of Allocation, and subject to the jurisdiction of the Court.  Defendants and Defendants' Counsel shall have no responsibility for (except as stated in ¶¶8, 25, and 41), interest in, or liability whatsoever with respect to the administration of the Settlement or the actions or decisions of the Claims Administrator, and shall have no liability to the Settlement Class in connection with such administration.

28.    The Claims Administrator shall determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's recognized loss, as defined in the Plan of Allocation included in the Notice, or in such other plan of allocation as the Court may approve.

29.    Defendants have no role in the development of, and will take no position with respect to, the Plan of Allocation.  Any decision by the Court concerning the Plan of Allocation shall not affect the validity or finality of the proposed Settlement.  The Plan of Allocation is not a necessary term of this Stipulation, and it is not a condition of this Stipulation that any particular

plan of allocation be approved by the Court.  Lead Plaintiff and Lead Counsel may not cancel or terminate the Stipulation or the Settlement in accordance with ¶44 or otherwise based on the Court's or any appellate court's ruling with respect to the Plan of Allocation or any plan of allocation in the Action.  Defendants and Defendants' Counsel shall have no responsibility or liability for reviewing or challenging claims, the allocation of the Net Settlement Fund, or the distribution of the Net Settlement Fund.

30.    Upon the Effective Date and thereafter, and in accordance with the terms of the Stipulation, the Plan of Allocation, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants.

31.    If there is any balance remaining in the Net Settlement Fund (whether by reason of tax refunds, uncashed checks or otherwise) after at least six (6) months from the date of initial distribution of the Net Settlement Fund, the Claims Administrator shall, if feasible and economical after payment of Notice and Administration Expenses, Taxes, and attorneys' fees and expenses, if any, redistribute such balance among Authorized Claimants who have cashed their checks in an equitable and economic fashion, but in no case will a Claimant be entitled to a distribution exceeding that Claimant's recognized loss as defined in the Plan of Allocation.  Once it is no longer feasible or economical to make further distributions, any balance that still remains in the Net Settlement Fund after re-distribution(s) and after payment of outstanding Notice and Administration Expenses, Taxes, and attorneys' fees and expenses, if any, shall be contributed to Council of Institutional Investors, a non-sectarian, not-for-profit organization certified as tax-exempt under Section 501(c) of the Code, or such other non-sectarian, not-for-profit organization

certified as tax-exempt under Section 501(c) of the Code designated by Lead Plaintiff and

approved by the Court.

## ADMINISTRATION OF THE SETTLEMENT

32.    Any Settlement Class Member who fails to submit a valid Claim Form

(substantially in the form of Exhibit 2 to Exhibit A), including appropriate documentation of

claimed transactions, will not be entitled to receive any of the proceeds from the Net Settlement

Fund, except as otherwise ordered by the Court, but will nevertheless be bound by all of the terms

of this Stipulation and the Settlement, including the terms of the Judgment to be entered in the

Action and all releases provided for herein, and will be barred from bringing any action against

the Released Defendant Parties concerning the Released Plaintiff's Claims.

33.    Lead Counsel shall be responsible for supervising the administration of the

Settlement and disbursement of the Net Settlement Fund by the Claims Administrator.  Lead

Counsel shall have the right, but not the obligation, to advise the Claims Administrator to waive

what Lead Counsel deems to be *de minimis* or formal or technical defects in any Claim Form

submitted. Defendants and Defendants' Counsel shall have no liability, obligation, or

responsibility for the administration of the Settlement, the allocation of the Net Settlement Fund,

or the reviewing or challenging of claims.  Lead Counsel shall be solely responsible for designating

the Claims Administrator, subject to approval by the Court.

34.    For purposes of determining the extent, if any, to which a Claimant shall be entitled

to be treated as an Authorized Claimant, the following conditions shall apply:

(a)    Each Claimant shall be required to submit a Claim Form, substantially in

the form attached hereto as Exhibit 2 to Exhibit A, supported by such documents as are designated

therein, including proof of the Claimant's loss, or such other documents or proof as the Claims Administrator or Lead Counsel, in its discretion, may deem acceptable;

(b)    All Claim Forms must be submitted by the date set by the Court in the Preliminary Approval Order and specified in the Notices and Claim Form, unless such deadline is extended by Order of the Court.  Any Settlement Class Member who fails to submit a Claim Form by such date shall be barred from receiving any distribution from the Net Settlement Fund or payment pursuant to this Stipulation (unless, by Order of the Court or the discretion of Lead Counsel, late-filed Claim Forms are accepted), but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment and all releases provided for herein, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against any Released Defendant Party.  A Claim Form shall be deemed to be submitted when mailed, if received with a postmark on the envelope and if mailed by first-class or overnight U.S. Mail and addressed in accordance with the instructions thereon.  In all other cases, the Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator;

(c)    Each Claim Form shall be submitted to and reviewed by the Claims Administrator, under the supervision of Lead Counsel, which shall determine in accordance with this Stipulation the extent, if any, to which each claim shall be allowed;

(d)    Claim Forms that do not meet the submission requirements may be rejected.  Prior to rejecting a Claim Form in whole or in part, the Claims Administrator shall communicate with the Claimant in writing to give the Claimant the chance to remedy any curable deficiencies in the Claim Form submitted.  The Claims Administrator, under supervision of Lead Counsel, shall notify in writing, all Claimants whose claims the Claims Administrator proposes

to reject in whole or in part for curable deficiencies, setting forth the reasons therefor, and shall indicate in such notice that the Claimant whose claim is to be rejected has the right to a review by the Court if the Claimant so desires and complies with the requirements of subparagraph (e) below; and

(e)     If any Claimant whose timely claim has been rejected in whole or in part for curable deficiency desires to contest such rejection, the Claimant must, within twenty (20) calendar days after the date of mailing of the notice required in subparagraph (d) above, or a lesser period of time if the claim was untimely, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court.  If a dispute concerning a claim cannot be otherwise resolved, Lead Counsel shall thereafter present the request for review to the Court.

35.    Each Claimant who submits a Claim Form shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's claim, including but not limited to, all releases provided for herein and in the Judgment, and the claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to the Claimant's status as a Settlement Class Member and the validity and amount of the Claimant's claim.  In connection with processing the Claim Forms, no discovery shall be allowed on the merits of the Action or the Settlement.

36.    Payment pursuant to the Stipulation and Court-approved Plan of Allocation shall be deemed final and conclusive against any and all Claimants.  All Settlement Class Members whose claims are not approved shall be barred from participating in distributions from the Net Settlement Fund, but shall be bound by all of the terms of this Stipulation and the Settlement,

including the terms of the Judgment to be entered in the Action and the releases provided for herein and therein, and will be barred from bringing any action against the Released Defendant Parties concerning the Released Plaintiff's Claims.

37.    All proceedings with respect to the administration, processing and determination of claims described by this Stipulation and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of claims, shall be subject to the jurisdiction of the Court, but shall not in any event delay or affect the finality of the Judgment.

38.    No Person shall have any claim of any kind against the Released Defendant Parties or Defendants' Counsel with respect to the matters set forth in this section (*i.e.*, ¶¶32-39) or any of its subsections, or otherwise related in any way to the administration of the Settlement, including without limitation the processing of claims and distributions.

39.    No Person shall have any claim against Lead Plaintiff, Lead Counsel, the Released Defendant Parties, or the Claims Administrator, or other agent designated by Lead Counsel, based on the distributions made substantially in accordance with this Stipulation and the Settlement contained herein, the Plan of Allocation, or further order(s) of the Court.

## TERMS OF THE PRELIMINARY APPROVAL ORDER

40.    Concurrently with its application for preliminary approval by the Court of the Settlement contemplated by this Stipulation and promptly upon execution of this Stipulation, Lead Counsel shall apply to the Court for entry of the Preliminary Approval Order, which shall be substantially in the form annexed hereto as Exhibit A.  The Preliminary Approval Order will, *inter alia*, preliminarily approve the Settlement, set the date for the Settlement Hearing, approve the

form of notice, and prescribe the method for giving notice of the Settlement to the Settlement Class.

41.    Cronos shall use reasonable efforts to provide, or cause to be provided, to Lead Counsel or the Claims Administrator, at no cost to Lead Plaintiff or the Settlement Class, within twenty (20) business days of entry of the Preliminary Approval Order, lists in electronic searchable form, such as Excel, containing the names, emails and mailing addresses of Cronos's registered shareholders who purchased shares on the NASDAQ or any other public U.S. market for trading stocks during the period from May 9, 2019 through March 30, 2020, both dates inclusive, to the extent such lists are reasonably available from Cronos's stock transfer agent.  Cronos shall also take reasonable steps, at no cost to the Settlement Class, to request that the administrator in the Ontario Action provide names, emails and mailing addresses of Cronos shareholders of record who purchased shares on the NASDAQ or any other public U.S. market for trading stocks during the period from May 9, 2019 through March 30, 2020, both dates inclusive, gathered by the administrator in the Ontario Action to the Claims Administrator appointed in the Settlement.

## TERMS OF THE JUDGMENT

42.    If the Settlement contemplated by this Stipulation is approved by the Court, Lead Counsel, with Defendants' consent, shall request that the Court enter a Judgment substantially in the form annexed hereto as Exhibit B, pursuant to Rule 54 of the Federal Rules of Civil Procedure.

## EFFECTIVE DATE OF SETTLEMENT

43.    The Effective Date of this Settlement shall be the first business day on which all of the following shall have occurred or been waived:

(a)    entry of the Preliminary Approval Order, which shall be in all material respects substantially in the form set forth in Exhibit A annexed hereto;

(b)    payment of the Settlement Amount into the Escrow Account;

(c)    final approval by the Court of the Settlement, following notice to the Settlement Class and the Settlement Hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure;

(d)    a Final order by the Ontario Court, or equivalent relief, amending the definition of the certified class in the Ontario Action to exclude claims based on purchases by members of the Settlement Class on the NASDAQ or any other public U.S. market for trading stock;[1]

(e)    expiry of the time to exercise the termination rights provided in this Stipulation, or if such termination rights have otherwise been waived; and

(f)    a Judgment, which shall be in all material respects substantially in the form set forth in Exhibit B annexed hereto, has been entered by the Court and has become Final.

## WAIVER OR TERMINATION

44.    Defendants and Lead Plaintiff shall have the right to terminate the Settlement and this Stipulation by providing written notice of their election to do so, through counsel, to all other Parties hereto within thirty (30) calendar days of: (i) the Court's Final refusal to enter the Preliminary Approval Order in any material respect; (ii) the Court's Final refusal to approve this Stipulation or any material part of it; (iii) the Court's Final refusal to enter the Judgment in any material respect; (iv) the date upon which the Judgment is modified or reversed in any material respect by a Final order of the Court, the United States Court of Appeals, or the Supreme Court of the United States; or (v) the failure of the Effective Date to occur for any reason.  Lead Plaintiff

---

[1] It is the Parties' intention that former Settlement Class Members (that is, those whose requests for exclusion are allowed by the Court) will remain able to pursue their claims in the Ontario Action with respect to their purchases on the NASDAQ, TSX, or any other public U.S. or non-U.S. market for trading stock.

shall not have the right to terminate the Settlement due to any decision, ruling, or order respecting the Fee and Expense Application or any plan of allocation.

45.    In addition to the foregoing, Defendants shall also have the right to terminate the Settlement if: (i) they are unable to obtain a Final order in the Ontario Court or equivalent relief amending the certified class definition in the Ontario Action to exclude claims based on purchases by members of the Settlement Class on the NASDAQ or any other public U.S. market for trading stock; or (ii) in the event the Termination Threshold has been reached.

(a)    Simultaneously herewith, Defendants' Counsel and Lead Counsel are executing a Confidential Supplemental Agreement Regarding Requests for Exclusion. The Supplemental Agreement sets forth certain conditions under which Defendants shall have the option, in their sole discretion, to terminate the Settlement and render this Stipulation null and void in the event that requests for exclusion from the Settlement Class exceed certain agreed-upon criteria (the Termination Threshold). The Parties agree to maintain the confidentiality of the Supplemental Agreement, which shall not be filed unless a dispute arises as to its terms, or as otherwise ordered by the Court or Ontario Court, nor shall the Supplemental Agreement otherwise be disclosed unless ordered by the Court or Ontario Court. If submission of the Supplemental Agreement is required for resolution of a dispute or is otherwise ordered by the Court or Ontario Court, the Parties will undertake to have the Termination Threshold submitted *in camera* or under seal. In the event of a termination of this Settlement pursuant to the Supplemental Agreement, this Stipulation shall become null and void and of no further force and effect, with the exception of the provisions of ¶¶49-52 which shall continue to apply. Notwithstanding the foregoing, Defendants may include a redacted copy of the Supplemental Agreement with any notice provided pursuant to CAFA.

46.     The Preliminary Approval Order, attached hereto as Exhibit A, shall provide that requests for exclusion shall be received no later than twenty-one (21) calendar days prior to the Settlement Hearing.  Upon receiving any request for exclusion pursuant to the Notices, or any retractions of requests for exclusion, Lead Counsel shall, on a rolling basis as soon as practicable after receipt, and in no event later than three (3) calendar days after receiving a request for exclusion or retractions of requests for exclusion notify Defendants' Counsel by email of such request for exclusion or retractions of requests for exclusion, and provide copies of such requests or retractions and any documentation accompanying them by email.  In the final eighteen (18) calendar days before the Settlement Hearing, Lead Counsel must notify Defendants' counsel of any such request immediately upon receipt.

47.     Lead Plaintiff shall have the right to terminate the Settlement in the event that the Settlement Amount has not been paid in the time period provided for in ¶8 above, by providing written notice of the election to terminate to all other Parties and, thereafter, there is a failure to pay the Settlement Amount within fourteen (14) calendar days of such written notice.

48.     If, before the Settlement becomes Final, any of the Defendants files for protection under the Bankruptcy Code or any similar law, or a trustee, receiver, conservator, or other fiduciary is appointed under Bankruptcy, or any similar law, and in the event of the entry of a Final order of a court of competent jurisdiction determining the transfer of money or any portion thereof to the Settlement Fund by or on behalf of such Defendant to be a preference, voidable transfer, fraudulent transfer, or similar transaction and any portion thereof is required to be returned, and such amount is not promptly deposited into the Settlement Fund by others, then, at the election of Lead Plaintiff, the Parties shall jointly move the Court to vacate and set aside the release given and the Judgment entered and the Parties and the members of the Settlement Class shall be restored to their litigation

positions immediately prior to June 1, 2025.

49.    If an option to withdraw from and terminate this Stipulation and Settlement arises under any of ¶¶44-48 above: (i) neither Defendants nor Lead Plaintiff (as the case may be) will be required for any reason or under any circumstance to exercise that option; and (ii) any exercise of that option shall be made in good faith, but in the sole and unfettered discretion of Defendants or Lead Plaintiff, as applicable.

50.    With the exception of the provisions of ¶¶49-52, which shall continue to apply, in the event the Settlement is terminated as set forth herein or cannot become effective for any reason, then the Settlement shall be without prejudice, and none of its terms shall be effective or enforceable except as specifically provided herein; the Parties shall be deemed to have reverted to their respective litigation positions in the Action immediately prior to June 1, 2025; and, except as specifically provided herein, the Parties shall proceed in all respects as if this Stipulation and any related order had not been entered.  In such event, this Stipulation, and any aspect of the discussions or negotiations leading to this Stipulation shall not be admissible in this Action and shall not be used against or to the prejudice of Defendants or against or to the prejudice of Lead Plaintiff, in any court filing, deposition, at trial, or otherwise.

51.    In the event the Settlement is terminated, as provided herein, or fails to become effective, any portion of the Settlement Amount previously paid into the Escrow Account, together with any earnings thereon, less any Taxes paid or due, less Notice and Administration Expenses actually incurred and paid or payable from the Settlement Amount, shall be returned to those who funded the Settlement within thirty (30) calendar days after written notification of such event in accordance with instructions provided by Defendants' Counsel to Lead Counsel.  At the request of Defendants, Lead Counsel or its designees shall apply for any Tax refund owed on the amounts

in the Escrow Account and pay the proceeds, after any deduction of any fees or expenses incurred in connection with such application(s), of such refund to those who funded the Settlement or as otherwise directed by Cronos.

## NO ADMISSION

52.    Defendants have denied and continue to deny any and all allegations of wrongdoing or that they have committed any act or omission giving rise to any liability or violation of law, including the U.S. securities laws and Canadian securities laws.  Defendants have denied and continue to deny each and every one of the claims alleged by Lead Plaintiff in the Action on behalf of the proposed class, including all claims in the Second Amended Complaint.  Defendants also have denied, and continue to deny, *inter alia*, the allegations that Lead Plaintiff or putative class members have suffered damage or were otherwise harmed by the conduct alleged in the Action. Defendants assert that, at all times, they acted in good faith.  In addition, Defendants maintain that they have meritorious defenses to all of the claims alleged in the Action.

53.    Except as set forth in ¶54 below, this Stipulation, whether or not consummated, and whether or not approved by the Court, and any discussion, negotiation, proceeding, or agreement relating to the Stipulation, the Settlement, and any matter arising in connection with settlement discussions or negotiations, proceedings, or agreements, shall not be offered or received against or to the prejudice of the Parties or their respective counsel, for any purpose other than in an action to enforce the terms hereof, and in particular:

(a)    do not constitute, and shall not be offered or received against or to the prejudice of Defendants as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by Defendants with respect to the truth of any allegation by Lead Plaintiff and the Settlement Class, or the validity of any claim that has been or could have

been asserted in the Action or in any litigation, including but not limited to the Released Plaintiff's Claims, or of the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, damages, negligence, fault, or wrongdoing of Defendants or any Person whatsoever, or the appropriateness of treating this Action as a class action for any other purpose than the Settlement;

(b)    do not constitute, and shall not be offered or received against or to the prejudice of Defendants as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by Defendants, or against or to the prejudice of Lead Plaintiff, or any other member of the Settlement Class as evidence of any infirmity in the claims of Lead Plaintiff, or the other members of the Settlement Class;

(c)    do not constitute, and shall not be offered or received against or to the prejudice of Defendants, Lead Plaintiff, any other member of the Settlement Class, or their respective counsel, as evidence of a presumption, concession, or admission with respect to any liability, damages, negligence, fault, infirmity, or wrongdoing, or in any way referred to for any other reason against or to the prejudice of any of the Defendants, Lead Plaintiff, other members of the Settlement Class, or their respective counsel, in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

(d)    do not constitute, and shall not be construed against Defendants, Lead Plaintiff, or any other member of the Settlement Class, as an admission or concession that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial; and

(e)    do not constitute, and shall not be construed as or received in evidence as an admission, concession, or presumption against Lead Plaintiff, or any other member of the Settlement Class that any of their claims are without merit or infirm or that damages recoverable would not have exceeded the Settlement Amount.

54.    Notwithstanding ¶53 above, the Parties, and their respective counsel, may file this Stipulation or the Judgment in any action or proceeding, of any nature, brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, statute of limitations, statute of repose, good-faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim, or to effectuate any liability protection granted them under any applicable insurance policy.  The Parties may file this Stipulation and/or the Judgment in any action or proceeding, of any nature, to enforce the terms of this Stipulation and/or the Judgment.  All Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement.

## MISCELLANEOUS PROVISIONS

55.    All of the exhibits to the Stipulation, except any plan of allocation to the extent incorporated in those exhibits, and the Supplemental Agreement are material and integral parts hereof and are fully incorporated herein by this reference.  Notwithstanding the foregoing, in the event that there is a conflict or inconsistency between the terms of this Stipulation and the terms of any exhibit attached hereto, the terms of this Stipulation shall control.

56.    The Parties intend the Settlement to be the full, final, and complete resolution of all claims asserted or that could have been asserted by the Parties with respect to the Released Plaintiff's Claims and Released Defendants' Claims.  Accordingly, the Parties agree not to assert in any forum that the Action was brought, prosecuted, or defended in bad faith or without a

reasonable basis.  The Parties and their respective counsel shall not make any applications for sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure in connection with the maintenance, prosecution, defense, and settlement of the Action.  The Parties agree that the amount paid and the other terms of the Settlement were negotiated at arm's-length and in good faith by the Parties and their respective counsel and reflect a settlement that was reached voluntarily based upon adequate information and after consultation with experienced legal counsel.

57.    This Stipulation, along with its exhibits and the Supplemental Agreement may not be modified or amended, nor may any of its provisions be waived, except by a writing signed by counsel for the Parties hereto, or their successors, that are materially and adversely affected by the modification, amendment, or waiver.

58.    The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

59.    The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and any expenses and implementing and enforcing the terms of this Stipulation.

60.    The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

61.    This Stipulation, its exhibits, and the Supplemental Agreement constitute the entire agreement among the Parties concerning the Settlement and supersede any and all prior agreements, written or oral, between the Parties.  No representation, warranty, or inducement has been made by any Party concerning this Stipulation and its exhibits other than those contained and memorialized in such documents.

62.     Nothing in the Stipulation, or the negotiations relating thereto, is intended to or shall be deemed to constitute a waiver of any applicable privilege or immunity, including, without limitation, attorney-client privilege, joint defense privilege, or work product protection.

63.     Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of this Stipulation.

64.     All designations and agreements made, or orders entered during the course of the Action, relating to the confidentiality of documents or information shall survive this Stipulation.

65.     This Stipulation may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument.  Signatures sent by facsimile or via email in pdf format shall be deemed originals.

66.     This Stipulation shall be binding when signed, but the Settlement shall be effective upon the entry of the Judgment and the payment in full of the Settlement Amount, subject only to the condition that the Effective Date will have occurred.

67.     This Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties.

68.     The construction, interpretation, operation, effect, and validity of this Stipulation, all documents necessary to effectuate it, and any disputes arising out of or relating to it, shall be governed by the laws of the State of New York without regard to conflicts of laws, except to the extent that federal law requires that federal law govern.

69.     This Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that it is the result of arm's-length negotiations among the Parties, and all Parties have contributed substantially and materially to the preparation of this Stipulation.

70.     All counsel and any other person executing this Stipulation and any of the exhibits hereto, or any related Settlement document, warrant and represent that they have the full authority to do so, and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

71.     Lead Plaintiff and Lead Counsel agree that they will use their best efforts to obtain all necessary approvals of the Court required by this Stipulation, including promptly applying for preliminary approval by the Court of the Settlement and for the scheduling of a hearing for consideration of Final approval of the Settlement and Lead Counsel's Fee and Expense Application.  Defendants and their counsel agree to cooperate fully and provide such support as may be reasonably requested by Lead Plaintiff or Lead Counsel with respect to such approvals, and the Parties agree to promptly execute all such other documentation as reasonably may be required to obtain Final approval by the Court of the Settlement.

72.     No opinion or advice concerning the tax consequences of the Settlement to individual Settlement Class Members or any of the Parties or any of the Released Defendant Parties is being given or will be given by Lead Counsel or Defendants' Counsel; nor is any representation or warranty in this regard made by virtue of this Settlement.  Settlement Class Members will be directed to consult their own tax advisors regarding the tax consequences of the Settlement, and any tax reporting obligations they might have with respect to it.  It is the sole responsibility of each Settlement Class Member to determine the amount of and pay taxes on any amount received pursuant to the Settlement, and Lead Plaintiff and Defendants shall have no liability for such taxes.

73.     Except as otherwise provided herein, each Party shall bear its own costs.

**IN WITNESS WHEREOF**, the Parties have caused this Stipulation to be executed by their duly authorized attorneys, as of December 2, 2025.

**LABATON KELLER SUCHAROW LLP**

_____

Carol Villegas
Christine M. Fox
Jake Bissell-Linsk
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
Email:  cvillegas@labaton.com
            cfox@labaton.com
            jbissell-linsk@labaton.com


*Counsel for Lead Plaintiff Keith D. Norman and*
*Lead Counsel for the Proposed Class*

**THE SCHALL LAW FIRM**
Brian Schall
Rina Restaino
1880 Century Park East, Suite 404
Los Angeles, California  90067
Telephone: (310) 301-3335
Facsimile: (310) 388-0192
Email:  brian@schallfirm.com
            rina@schallfirm.com


*Additional Counsel for Keith D. Norman*


**SULLIVAN & CROMWELL LLP**


_____

David M.J. Rein
125 Broad Street
New York, NY 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
Email:  reind@sullcrom.com

*Attorneys for Defendants Cronos Group Inc.,*
*Michael Gorenstein and Jerry F. Barbato*

50

**LABATON KELLER SUCHAROW LLP**

_____

Carol Villegas
Christine M. Fox
Jake Bissell-Linsk
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477
Email:  cvillegas@labaton.com
        cfox@labaton.com
        jbissell-linsk@labaton.com

_Counsel for Lead Plaintiff Keith D. Norman and_
_Lead Counsel for the Proposed Class_

**THE SCHALL LAW FIRM**
Brian Schall
Rina Restaino
1880 Century Park East, Suite 404
Los Angeles, California  90067
Telephone: (310) 301-3335
Facsimile: (310) 388-0192
Email:  brian@schallfirm.com
        rina@schallfirm.com

_Additional Counsel for Keith D. Norman_

**SULLIVAN & CROMWELL LLP**

_____

David M.J. Rein
125 Broad Street
New York, NY 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
Email:  reind@sullcrom.com

_Attorneys for Defendants Cronos Group Inc.,_
_Michael Gorenstein and Jerry F. Barbato_

50

# Exhibit A

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE CRONOS GROUP INC. SECURITIES LITIGATION | Civil Action No. 2:20-cv-01310-ENV-JMW |

**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, APPROVING FORM AND MANNER OF NOTICE, AND SETTING DATE FOR HEARING ON FINAL APPROVAL OF SETTLEMENT**

**WHEREAS:**

A.      As of December 2, 2025, Court-appointed Lead Plaintiff Keith D. Norman ("Lead Plaintiff"), on behalf of himself and the proposed Settlement Class, and Defendants Cronos Group Inc. ("Cronos" or the "Company"), Michael Gorenstein, and Jerry F. Barbato (collectively, "Defendants" and, together with Lead Plaintiff, the "Parties"), by and through their counsel of record, entered into a Stipulation and Agreement of Settlement (the "Stipulation") in the above-captioned litigation (the "Action"), which is subject to review under Rule 23 of the Federal Rules of Civil Procedure and which, together with the exhibits thereto, sets forth the terms and conditions of the proposed settlement of the Action and the claims alleged in the Second Amended Class Action Complaint (the "Second Amended Complaint"), filed on January 10, 2025, on the merits and with prejudice (the "Settlement");

B.      The Court has reviewed and considered the Stipulation and the accompanying exhibits;

C.      The Parties to the Stipulation have consented to the entry of this order; and

D.      All capitalized terms used in this order that are not otherwise defined herein have the meanings defined in the Stipulation.

**NOW, THEREFORE, IT IS HEREBY ORDERED**, this _____ day of _____, ____ that:

1.    **Preliminary Approval and Preliminary Class Certification**. The Court has reviewed the Stipulation and preliminarily finds, pursuant to Federal Rule of Civil Procedure 23(e)(1), that the Court will likely be able to approve the proposed Settlement as fair, reasonable, and adequate under Federal Rule of Civil Procedure 23(e)(2) and will likely be able to certify the proposed Settlement Class, subject to further consideration at the Settlement Hearing described below.

2.    Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court preliminarily certifies, for purposes of the Settlement only, the Settlement Class of: all persons and entities, irrespective of country of residence, who or which purchased or otherwise acquired the publicly traded common stock of Cronos on the NASDAQ, or any other public U.S. market for trading stocks, during the period from May 9, 2019 through March 30, 2020, both dates inclusive (the "Class Period"), and were allegedly damaged thereby.  Excluded from the Settlement Class are: (i) Defendants; (ii) members of the immediate family of any Defendant who is an individual; (iii) all directors, officers or other employees of Cronos during the Class Period; (iv) any firm, trust, corporation, or other entity in which any Defendant has or had a controlling or beneficial interest; (v) Cronos's employee retirement and benefit plan(s) and their participants or beneficiaries, to the extent they made purchases through such plan(s); and (vi) the legal representatives, affiliates, control persons, heirs, successors-in-interest, or assigns of any such excluded person. Also excluded from the Settlement Class are those Persons who or which timely and validly seek exclusion from the Settlement Class in accordance with the requirements set forth below and in the Notice.  Purchases and acquisitions of Cronos common stock on the Toronto

2

Stock Exchange ("TSX") or any non-U.S. public market for trading stocks are not part of the definition of the Settlement Class.

3.      The Court finds and preliminarily concludes that the prerequisites of class action certification under Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure have been satisfied for the Settlement Class defined herein, and for the purposes of the Settlement only, in that:

(a)      the members of the Settlement Class are so numerous that joinder of all Settlement Class Members is impracticable;

(b)      there are questions of law and fact common to the Settlement Class Members;

(c)      the claims of Lead Plaintiff are typical of the Settlement Class's claims;

(d)      Lead Plaintiff and Lead Counsel have fairly and adequately represented and protected the interests of the Settlement Class;

(e)      the questions of law and fact common to Settlement Class Members predominate over any individual questions; and

(f)      a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering:

(i)      the interests of the Settlement Class Members in individually controlling the prosecution of the separate actions;

(ii)      the extent and nature of any litigation concerning the controversy already commenced by Settlement Class Members;

(iii)      the desirability or undesirability of concentrating the litigation of these claims in this particular forum; and

3

(iv)    the difficulties likely to be encountered in the management of the class action.

4.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for purposes of the Settlement only, Lead Plaintiff Keith D. Norman is preliminarily certified as Class Representative for the Settlement Class, and the law firm of Labaton Keller Sucharow LLP is preliminarily appointed Class Counsel for the Settlement Class.

5.    **Settlement Hearing**. A hearing (the "Settlement Hearing") pursuant to Rule 23(e) of the Federal Rules of Civil Procedure is hereby scheduled to be held before the Court, either in person or remotely at the Court's discretion, at the United States District Court, Eastern District of New York, 225 Cadman Plaza East, Brooklyn, NY 11201, Courtroom 4 C S, on _____, _____, at __:____ _.m. [a date approximately 110 days from entry of this order] for the following purposes:

(a)    to determine whether the proposed Settlement is fair, reasonable and adequate, and should be approved by the Court;

(b)    to determine whether the proposed Final Judgment ("Judgment"), as provided under the Stipulation, should be entered and to determine whether the release by the Settlement Class of the Released Plaintiff's Claims, as set forth in the Stipulation, should be provided to the Released Defendant Parties;

(c)    to determine, for purposes of the Settlement only, whether the Settlement Class should be finally certified; whether Lead Plaintiff should be finally certified as Class Representative for the Settlement Class; and whether the law firm of Labaton Keller Sucharow LLP should be finally appointed as Class Counsel for the Settlement Class;

(d)     to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved by the Court;

(e)     to consider Lead Counsel's application for an award of attorneys' fees and Litigation Expenses (which may include an application for an award to Lead Plaintiff for reimbursement of his reasonable costs and expenses directly related to his representation of the Settlement Class, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"));

(f)     to consider Settlement Class Members' objections to the Settlement, if any, provided that they give proper notice that they intend to appear at the Settlement Hearing; and

(g)     to rule upon such other matters as the Court may deem appropriate.

6.     The Court reserves the right to approve the Settlement with or without modification and with or without further notice to the Settlement Class of any kind.  The Court further reserves the right to enter the Judgment approving the Settlement regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and/or expenses.  The Court may also adjourn the Settlement Hearing, decide to hold the hearing remotely, or modify any of the dates herein without further individual notice to members of the Settlement Class.  Any such changes shall be posted on the website of the Claims Administrator.

7.     **Approval of Form and Manner of Giving Notice**. The Court approves the form, substance and requirements of the long-form Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses (the "Notice"), the Proof of Claim and Release form ("Claim Form"), the Summary Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses ("Summary Notice"), and the Postcard Notice, substantially in the forms annexed hereto as Exhibits 1 through 4, respectively, and finds they collectively:

(a)    constitute the best notice to Settlement Class Members practicable under the circumstances;

(b)    constitute notice that is reasonably calculated to apprise Settlement Class Members of: (i) the effect of the Settlement, (ii) the releases provided therein, including the release of certain of the Settlement Class Members' claims asserted in *Harpreet Badesha v. Cronos Group Inc. et al.*, CV-20-00641990-00CP (Ontario Sup. Ct. Justice), (iii) the proposed Plan of Allocation for the proceeds of the Settlement, (iv) Class Counsel's request for payment of attorneys' fees and expenses incurred in connection with the prosecution of the Action, (v) Settlement Class Members' rights to object thereto or seek exclusion from the Settlement Class, including to assert or continue to assert claims that may be pending in the Ontario Action or potentially participate in a future settlement or judgment in the Ontario Action, and (vi) a Settlement Class Member's right to appear at the Settlement Hearing;

(c)    constitute due, adequate, and sufficient notice to all Persons entitled to receive notice of the proposed Settlement; and

(d)    satisfy the notice requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the PSLRA.

8.    **Retention of Claims Administrator and Notice Date**. The Court approves the retention of A.B. Data, Ltd. ("A.B. Data" or "Claims Administrator") as the Claims Administrator. The Court has been advised that the Claims Administrator was previously authorized by the Ontario Superior Court of Justice ("Ontario Court") to issue notice in connection with the

certification of a class in *Harpreet Badesha v. Cronos Group Inc. et al.*, CV-20-00641990-00CP (Ontario Sup. Ct. Justice) ("Ontario Action").

9.      Cronos, to the extent it has not already done so, shall use reasonable efforts to provide, or cause to be provided, to Lead Counsel or the Claims Administrator, at no cost to Lead Counsel, the Settlement Class, or the Claims Administrator, within twenty (20) business days of entry of this Preliminary Approval Order, lists in electronic searchable form, such as Excel, containing the names, emails and mailing addresses of Cronos's registered shareholders who purchased shares on the NASDAQ or any other public U.S. market for trading stocks during the period from May 9, 2019 through March 30, 2020, both dates inclusive, to the extent such lists are reasonably available from Cronos's stock transfer agent.  Cronos shall also take reasonable steps, at no cost to the Settlement Class, Class Counsel, or the Claims Administrator, to request that the administrator in the Ontario Action provide names, emails and mailing addresses of Cronos shareholders of record who purchased shares on the NASDAQ or any other public U.S. market for trading stocks during the period from May 9, 2019 through March 30, 2020, both dates inclusive, gathered by the administrator in the Ontario Action to the Claims Administrator appointed in the Settlement.

10.      Commencing on or before twenty-five (25) business days after entry of this Preliminary Approval Order ("Notice Date"), the Claims Administrator shall cause the Postcard Notice (or a link to the Postcard Notice) to be sent via email (where possible) or otherwise by mail, postage prepaid, to all Settlement Class Members who can be identified with reasonable effort based on the records set forth in Paragraph 9.

11.      **Nominee Procedures.**  The Court has been advised that in the Ontario Action, banks, brokers and other nominees ("Nominees") were notified by A.B. Data that if they held

7

Cronos shares acquired in the secondary market during the Class Period for the beneficial interest

of their customers, they were to either: (i) request from A.B. Data sufficient copies of the Ontario

Action notice to forward to their customers; or (ii) provide a list of the names, addresses, and

emails (if available) of all such beneficial owners to A.B. Data.

(a)     On or before the Notice Date, A.B. Data shall provide the Nominees in its

proprietary list of Nominees, including the Nominees who were notified about the Ontario Action,

with a copy of the Notice or a link to the Notice.  A.B. Data shall advise the Nominees that for

those who previously chose the first option in paragraph 11 above (*i.e.*, requested from A.B. Data

sufficient copies of the Ontario Action notice to forward to their customers), A.B. Data shall

forward the same number of Postcard Notices to such Nominees, and the Nominees shall, within

ten (10) calendar days of receipt of the Postcards, mail them to the beneficial owners.  Unless the

Nominee has identified additional beneficial owners, who bought on the NASDAQ or any other

public U.S. market for trading stocks, whose names and addresses were not previously provided,

such Nominees need not take any further action.

(b)     For Nominees who previously chose the second option in paragraph 11

above (*i.e.*, provided a list of names, addresses, and emails of beneficial holders to A.B. Data, A.B.

Data shall promptly email (or mail if no email was provided) a link to the Postcard Notice (or the

Postcard Notice) to each of the beneficial owners whose names and addresses the Nominee

previously supplied.  Unless the Nominee has identified additional beneficial owners, who bought

on the NASDAQ or any other public U.S. market for trading stocks, whose names and addresses

were not previously provided, such Nominees need not take any further action.

(c)     For Nominees that have identified additional beneficial owners who were

not previously identified in connection with the Ontario Action but who are Settlement Class

Members, such Nominees shall either: (i) within ten (10) calendar days of receipt of the Notice,

request from A.B. Data sufficient copies of the Postcard to forward to all such additional beneficial

owners, which the Nominee shall, within ten (10) calendar days of receipt of those Postcards from

A.B. Data, mail to the beneficial owners; or (ii) within ten (10) calendar days of receipt of the

Notice, provide a list of the names, addresses, and emails (if available) of all such additional

beneficial owners to A.B. Data, and A.B. Data shall provide Postcards to these additionally

identified Persons.

(d)     Nominees that elect to send the Postcard to their beneficial owners shall

also send a statement to A.B. Data confirming that the mailing was made and shall retain their

mailing records for use in connection with any further notices that may be provided in the Action.

(e)     Upon full and timely compliance with this Order, Nominees who mail the

Postcards to beneficial owners, or who provide additional names, addresses, and emails of

beneficial owners to the Claims Administrator, may seek reimbursement of their reasonable

expenses actually incurred in complying with this Order of up to $0.10 per name/address/email

provided and up to $0.10, plus postage at the Claims Administrator's rate for bulk mailings, by

providing the Claims Administrator with proper documentation supporting the expenses for which

reimbursement is sought.  Nominees whose research yields no records, or a minimal number of

beneficial owners, may ask the Claims Administrator to consider an upward adjustment for the

reasonable costs incurred to perform their research.  Such properly documented expenses incurred

by Nominees in compliance with the terms of this Order shall be paid from the Settlement Fund,

with any disputes as to the reasonableness or documentation of expenses subject to review by the

Court.

12. **Other Notice Provisions**. No later than the Notice Date, the Claims Administrator shall cause copies of the long-form Notice and the Claim Form to be posted on a website developed for the Settlement, from which copies of the Postcard Notice, Notice and Claim Form can be downloaded. The website shall provide the contact information for plaintiffs' counsel in the Ontario Action and link to the website for the Ontario Action (www.ontariocronosclassaction.com) Lead Counsel shall, at or before the Settlement Hearing, file with the Court proof of dissemination of the Postcard Notice, Notice, and Claim Form.

13. No later than the Notice Date, Cronos shall cause the Summary Notice, Notice, and Claim Form to be posted in the Investor Relations section of Cronos's website. Cronos's counsel shall, at or before the Settlement Hearing, file with the Court proof of posting the Summary Notice, Notice, and Claim Form on the website.

14. The Court approves the form of the Summary Notice and directs that within fourteen (14) calendar days of the Notice Date, Lead Counsel shall cause the Summary Notice to be published in English in *The Wall Street Journal* and *The Globe and Mail*, to be published in French in *La Presse,* and to be transmitted as a press release in the United States and Canada using a wire service. Lead Counsel shall, at or before the Settlement Hearing, file with the Court proof of dissemination of the Summary Notice.

15. The form and content of the notice program described herein, and the methods set forth herein of notifying the Settlement Class of the Settlement and its terms and conditions, meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the PSLRA, and due process, constitute the best notice practicable under the circumstances, and shall constitute due, adequate and sufficient notice to all persons and entities entitled thereto.

16.     **Claim Process**. In order to be eligible to receive a distribution from the Net Settlement Fund, in the event the Settlement is effected in accordance with the terms and conditions set forth in the Stipulation, each claimant shall take the following actions and be subject to the following conditions:

(a)     A properly executed Claim Form, substantially in the form annexed hereto as Exhibit 2, must be submitted to the Claims Administrator, at the address stated, postmarked no later than ten (10) calendar days before the Settlement Hearing.  Such deadline may be further extended by Court order or by Lead Counsel in its discretion.  Each Claim Form shall be deemed to have been submitted when postmarked (if properly addressed and mailed by first-class or overnight mail, postage prepaid).  Any Claim Form submitted in any other manner shall be deemed to have been submitted when it is actually received at the address designated in the Claim Form. Any Settlement Class Member who does not timely submit a Claim Form within the time provided for shall be barred from sharing in the distribution of the Net Settlement Fund, unless otherwise ordered by the Court or allowed by Lead Counsel, but shall remain bound by all determinations and judgments in this Action concerning the Settlement, as provided by paragraph 18 of this order.

(b)     The Claim Form submitted by each claimant must satisfy the following conditions, unless otherwise allowed pursuant to the Stipulation: (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by the Claims Administrator and/or Lead Counsel; (iii) if the person executing the Claim Form is acting in a representative

capacity, a certification of his, her or its current authority to act on behalf of the claimant must be included in the Claim Form; and (iv) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury. Claimants bear the burden of establishing their right to a recovery from the Net Settlement Fund.

(c)    As part of the Claim Form, each claimant shall submit to the jurisdiction of the Court with respect to the claim submitted.

17.    **Appearances, Requests for Exclusion, and Objections**. Any Settlement Class Member may enter an appearance in this Action, at his, her or its own expense, individually or through counsel of his, her or its own choice.  If any Settlement Class Member does not enter an appearance, he, she or it will be represented by Lead Counsel.

18.    Settlement Class Members shall be bound by all orders, determinations, and judgments in this Action concerning the Settlement, whether favorable or unfavorable, unless such Persons request exclusion from the Settlement Class in a timely and proper manner, as hereinafter provided.  A putative Settlement Class Member wishing to make such an exclusion request shall send (i) via email to the address designated in the Notice for such exclusions or (ii) via first-class mail to the address designated in the Notice, the request in written form by for such exclusions, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing. Such request for exclusion must state the name, address, telephone number, and email address (if any) of the Person seeking exclusion, must state that the sender requests to be "excluded from the Settlement Class in *In re Cronos Group Inc. Securities Litigation*, No. 20-cv-01310-ENV (E.D.N.Y.)" and must be signed by such Person.  Such Persons requesting exclusion are also directed to state the information requested in the Notice, including, but not limited to: the date(s),

price(s), and number(s) of shares for each purchase and sale (if any) of Cronos publicly traded common stock purchased or otherwise acquired on the NASDAQ, or any other public U.S. market for trading stocks, during the Class Period. Requests must be submitted with documentary proof of purchases during the Class Period that demonstrates the requester's status as a Settlement Class Member. The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.

19.     Putative Settlement Class Members requesting exclusion from the Settlement Class shall not be eligible to receive any payment out of the Net Settlement Fund.

20.     Any Settlement Class Member who does not request exclusion from the Settlement Class may object to the proposed Settlement, the proposed Plan of Allocation, and/or Lead Counsel's application for attorneys' fees and expenses.  Any objections must: (a) state the name, address, telephone number, and email address of the objector and must be signed by the objector; (b) state that the objector is objecting to the proposed Settlement, Plan of Allocation, or application for attorneys' fees and Litigation Expenses in "*In re Cronos Group Inc. Securities Litigation*, No. 20-cv-01310-ENV (E.D.N.Y.)"; (c) state the objection(s) and the specific reasons for each objection, including whether it applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class, and any legal and evidentiary support, and witnesses, the Settlement Class Member wishes to bring to the Court's attention; and (d) include documents sufficient to prove the objector's membership in the Settlement Class, such as the date(s), price(s), and number(s) of shares of Cronos publicly traded common stock purchased or otherwise acquired on the NASDAQ, or any other public U.S. market for trading stocks, during the Class Period. Objectors who are represented by counsel must also provide the name, address and telephone

number of all counsel, if any, who represent them; the number of times the objector and their counsel have filed an objection to a class action settlement in the last five years; the nature of each such objection in each case; and the name and docket number of each case.

21.    The Court will consider any Settlement Class Member's objection to the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees or expenses only if such Settlement Class Member has served by hand or by mail his, her or its written objection and supporting papers, such that they are received on or before twenty-one (21) calendar days before the Settlement Hearing, upon Lead Counsel: Jake Bissell-Linsk, Labaton Keller Sucharow LLP, 140 Broadway, New York, NY 10005; and Defendants' Counsel: David M.J. Rein, Sullivan & Cromwell LLP, 125 Broad Street, New York, NY 10004, and has filed by that date, either by mail or in person, said objections and supporting papers with the Clerk of the Court, United States District Court for the Eastern District of New York, 225 Cadman Plaza East, Brooklyn, NY 11201.  Any Settlement Class Member who does not make his, her, or its objection in the manner provided for in the Notice shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to any aspect of the Settlement, to the Plan of Allocation, or to the request for attorneys' fees and expenses, unless otherwise ordered by the Court, but shall otherwise be bound by the Judgment to be entered and the releases to be given.

22.    Attendance at the Settlement Hearing is not necessary, however, persons wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees and expenses are required to state in their written objection their intention to appear at the hearing.  Persons who intend to object to the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees and expenses and desire to present evidence at the Settlement Hearing must include in their written objections the

identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Hearing.

23.    Settlement Class Members do not need to appear at the hearing or take any other action to state their approval.

24.    **Stay of Proceedings**. Until otherwise ordered by the Court, the Court stays all proceedings in the Action, other than proceedings necessary to carry out or enforce the terms and conditions of the Settlement.  Pending final determination of whether the Settlement should be approved, Lead Plaintiff, all Settlement Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute or commence any action which asserts Released Plaintiff's Claims against the Released Defendant Parties.

25.    **Miscellaneous Matters**. As provided in the Stipulation, Lead Counsel may pay the Claims Administrator the reasonable fees and costs associated with giving notice to the Settlement Class and the review of claims and administration of the Settlement out of the Settlement Fund.

26.    All papers in support of the Settlement, Plan of Allocation, and Lead Counsel's request for an award of attorneys' fees and expenses shall be filed with the Court and served on or before thirty-five (35) calendar days prior to the date set herein for the Settlement Hearing.  If any party deems reply papers in support necessary, they are to be filed with the Court and served no later than seven (7) calendar days prior to the Settlement Hearing.

27.    No person who is not a Settlement Class Member or Plaintiff's Counsel shall have any right to any portion of, or to any distribution of, the Net Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Stipulation.

28.     All funds held in escrow shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court until such time as such funds shall be disbursed pursuant to the Stipulation and/or further order of the Court.

29.     Neither Defendants nor their counsel shall have any responsibility for the Plan of Allocation nor any application for attorney's fees or Litigation Expenses submitted by Lead Counsel or Lead Plaintiff.

30.     With the exception of the provisions of ¶¶ 49-52 of the Stipulation, if the Settlement fails to become effective or is terminated as defined in the Stipulation, then both the Stipulation, including any amendment(s) thereof, except as expressly provided in the Stipulation, and this Preliminary Approval Order shall be null and void, of no further force or effect, and without prejudice to any Party, and may not be introduced as evidence or used in any actions or proceedings by any person or entity against the Parties, and the Parties shall be deemed to have reverted to their respective litigation positions in the Action as of June 1, 2025.

31.     Neither this Order, the Term Sheet, the Stipulation whether or not consummated, and whether or not approved by the Court, and any discussion, negotiation, proceeding, or agreement relating to the Stipulation, the Settlement, and any matter arising in connection with settlement discussions or negotiations, proceedings, or agreements, shall not be offered or received against or to the prejudice of the Parties or their respective counsel, for any purpose other than in an action to enforce the terms hereof, and in particular:

(a)     do not constitute, and shall not be offered or received against or to the prejudice of Defendants as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by Defendants with respect to the truth of any allegation by Lead Plaintiff and the Settlement Class, or the validity of any claim that has been or could have

16

been asserted in the Action or in any litigation, including but not limited to the Released Plaintiff's Claims, or of the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, damages, negligence, fault, or wrongdoing of Defendants or any Person whatsoever, or the appropriateness of treating this Action as a class action for any other purpose than the Settlement;

(b)     do not constitute, and shall not be offered or received against or to the prejudice of Defendants as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by Defendants, or against or to the prejudice of Lead Plaintiff, or any other member of the Settlement Class as evidence of any infirmity in the claims of Lead Plaintiff, or the other members of the Settlement Class;

(c)     do not constitute, and shall not be offered or received against or to the prejudice of Defendants, Lead Plaintiff, any other member of the Settlement Class, or their respective counsel, as evidence of a presumption, concession, or admission with respect to any liability, damages, negligence, fault, infirmity, or wrongdoing, or in any way referred to for any other reason against or to the prejudice of any of the Defendants, Lead Plaintiff, other members of the Settlement Class, or their respective counsel, in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

(d)     do not constitute, and shall not be construed against Defendants, Lead Plaintiff, or any other member of the Settlement Class, as an admission or concession that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial; and

(e)    do not constitute, and shall not be construed as or received in evidence as an admission, concession, or presumption against Lead Plaintiff, or any other member of the Settlement Class that any of their claims are without merit or infirm or that damages recoverable would not have exceeded the Settlement Amount.

32.    The Court retains exclusive jurisdiction over the Action for purposes of implementing or enforcing the Settlement.


DATED this _____ day of _____, ____

                                        BY THE COURT:


                                        _____
                                        Honorable Eric N. Vitaliano
                                        UNITED STATES DISTRICT JUDGE

# Exhibit A-1

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE CRONOS GROUP INC. SECURITIES LITIGATION | Civil Action No. 2:20-cv-01310-ENV-JMW |

**NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED SETTLEMENT,**
**AND MOTION FOR ATTORNEYS' FEES AND EXPENSES**

**If you purchased or otherwise acquired the publicly traded common stock of Cronos Group Inc. on the NASDAQ, or any other public U.S. market for trading stocks, during the period from May 9, 2019 through March 30, 2020, both dates inclusive (the "Class Period"), and were allegedly damaged thereby, irrespective of your country of residence, you may be entitled to a payment from a class action settlement.[1]**

*A Federal Court authorized this Notice.  This is <u>not</u> a solicitation from a lawyer.*

- This Notice describes important rights you may have and what steps you must take if you wish to participate in the Settlement of this securities class action (the "Action" or "U.S. Action"), wish to object, or wish to be excluded from the Settlement Class.

- If approved by the Court, the proposed Settlement will create a $10,000,000 (USD) fund, plus earned interest, for the benefit of eligible Settlement Class Members after the deduction of Court-approved attorneys' fees, expenses, and Taxes. This is an average recovery of approximately $0.06 per eligible Cronos share before deductions for awarded attorneys' fees and Litigation Expenses, and approximately $0.04 per eligible share after deductions for awarded attorneys' fees and Litigation Expenses.

- The Settlement resolves claims by Court-appointed Lead Plaintiff Keith D. Norman that have been asserted on behalf of the Settlement Class (defined below) against Defendants Cronos Group Inc. ("Cronos"), Michael Gorenstein, and Jerry F. Barbato. The Settlement avoids the costs and risks of continuing the litigation; pays money to eligible investors; and releases the Released Defendant Parties (defined below) from liability for the Released Plaintiff's Claims.

- Additionally, if you are a Settlement Class Member, you are also a member of the certified class ("Ontario Certified Class") in *Harpreet Badesha v. Cronos Group Inc. et al.*, CV-20-00641990-00CP, pending in the Ontario Superior Court of Justice (the "Ontario Action"), which you may have previously received a notice about. If you have not previously excluded yourself from the Ontario Certified Class, you currently have the right to participate in the Ontario Action and are bound by all orders in that lawsuit, whether favorable or unfavorable.

- If approved, the Settlement will release claims the Settlement Class Members advanced in the U.S. Action and the Ontario Action with respect to trading on the NASDAQ (or any other public U.S. market for trading stocks) and extinguish any entitlement of the Settlement Class Members to a future recovery obtained in the Ontario Action based on those claims in exchange for the Settlement Amount in the U.S. Action.

---

[1] The terms of the Settlement are in the Stipulation and Agreement of Settlement, dated December 2, 2025 (the "Stipulation"), which can be viewed at www._____.com.  All capitalized terms not defined in this Notice have the same meanings as defined in the Stipulation.

- As discussed below, Plaintiffs' counsel in the Ontario Action ("Ontario Class Counsel"), who was appointed by the Ontario Court in October 2023 to act for the Ontario Certified Class, opposes the proposed Settlement and objects to its approval.

- Claims about purchases on the Toronto Stock Exchange (the "TSX") and other public non-U.S. markets for trading stock are not released by the Settlement. *See* Questions ___ and ___ below for more information about the Ontario Action and requesting exclusion.

**If you are a Settlement Class Member, the Settlement will affect your legal rights whether you act or do not act.  Please read this Notice carefully.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM BY _____, 2026** | The <u>only</u> way to get a payment in this Action. *See* Question 8 for details. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT CLASS BY _____, 2026** | **Get no payment in this Action**. Assuming your claim is timely brought, this is the only option that might allow you to ever bring or continue to be part of any other lawsuit, including the Ontario Action, against Defendants and/or the other Released Defendant Parties concerning the Released Plaintiff's Claims. *See* Question 10 for details. |
| **OBJECT BY _____, 2026** | Write to the Court about why you do not like the Settlement, the Plan of Allocation for distributing the proceeds of the Settlement, and/or Lead Counsel's Fee and Expense Application. If you object, you will still be in the Settlement Class. *See* Question 14 for details. |
| **PARTICIPATE IN A HEARING ON _____, 2026 AND FILE A NOTICE OF INTENTION TO APPEAR BY _____, 2026** | Ask to speak in Court at the Settlement Hearing about the fairness of the Settlement and other requested relief. *See* Questions 16 and 18 for details. |
| **DO NOTHING** | Get no payment. Give up all legal rights relating to the claims at issue. Still be bound by the terms of the Settlement, including the release of all "Released Plaintiff's Claims" asserted against the Released Defendant Parties. *See* Question ___ for details. |

- These rights and options—**and the deadlines to exercise them**—are explained below.

- The Court in charge of this case still has to decide whether to approve the proposed Settlement. Payments will be made to all eligible Settlement Class Members who timely submit valid Claim Forms, if the Court approves the Settlement and after any appeals are resolved.

## WHAT THIS NOTICE CONTAINS

| | |
|---|---|
| PSLRA Summary of the Notice | Page __ |
| Why did I get the Postcard Notice? | Page __ |
| How do I know if I am part of the Settlement Class? | Page __ |
| Are there exceptions to being included? | Page __ |
| Why is this a class action? | Page __ |
| What is this case about and what has happened so far? | Page __ |
| What are the key differences between the Action and the Ontario Action? | Page __ |
| What are the reasons for the Settlement? | Page __ |
| What does the Settlement provide? | Page __ |
| How can I receive a payment? | Page __ |
| What am I giving up to receive a payment and by staying in the Settlement Class? | Page __ |
| How do I exclude myself from the Settlement Class? | Page __ |
| If I do not exclude myself, can I sue Defendants and the other Released Defendant Parties for the same reasons later? | Page __ |
| Do I have a lawyer in this case? | Page __ |
| Do I have a lawyer in the Ontario Action? | Page __ |
| How will the lawyers be paid in the U.S. Action if the Settlement is approved? | Page __ |
| How do I tell the Court that I do not like something about the proposed Settlement? | Page __ |
| What is the difference between objecting and seeking exclusion? | Page __ |
| Why does Ontario Class Counsel object to the Settlement? | Page __ |
| When and where will the Court decide whether to approve the Settlement? | Page __ |
| Do I have to come to the Settlement Hearing? | Page __ |
| May I speak at the Settlement Hearing? | Page __ |
| What happens if I do nothing at all? | Page __ |
| Are there more details about the Settlement? | Page __ |
| How will my claim be calculated? | Page __ |
| Special notice to securities brokers and nominees. | Page __ |

## PSLRA SUMMARY OF THE NOTICE

### Statement of the Settlement Class's Recovery

1.      Lead Plaintiff has entered into the proposed Settlement with Defendants which, if approved by the Court, will resolve the Action in its entirety and related claims. Subject to Court approval, Lead Plaintiff, on behalf of the Settlement Class, has agreed to settle the Action in exchange for a payment of $10,000,000 (USD) in cash (the "Settlement Amount"), which will be deposited into an interest-bearing Escrow Account (the "Settlement Fund"). Based on Lead

Plaintiff's consulting damages expert's estimate of the number of shares of Cronos publicly traded common stock purchased on NASDAQ (or any other public U.S. market for trading stocks) and eligible to participate in the Settlement, and assuming that all investors eligible to participate in the Settlement do so, it is estimated that the average recovery, before deduction of any Court-approved fees and expenses, such as attorneys' fees, Litigation Expenses, Taxes, and Notice and Administration Expenses, would be approximately \$___ per eligible share. If the Court approves Lead Counsel's Fee and Expense Application (discussed below), the average recovery would be approximately \$___ per eligible share. **These average recovery amounts are only estimates and Settlement Class Members may recover more or less than these estimates.** A Settlement Class Member's actual recovery will depend on, for example: (i) the number and value of claims submitted; (ii) the amount of the Net Settlement Fund; (iii) when and how many shares of Cronos publicly traded common stock the Settlement Class Member purchased on the NASDAQ, or any other public U.S. market for trading stocks; and (iv) whether and when the Settlement Class Member sold their common stock. *See* the Plan of Allocation beginning on page [__] for information about the calculation of your Recognized Claim.

**Statement of Potential Outcome of Case if the Action Continued to Be Litigated**

2.    The Parties disagree about both liability and damages and do not agree about the amount of damages that would be recoverable if Lead Plaintiff were to prevail on each claim. The issues on which the Parties disagree include, for example: (i) whether Defendants made any statements or omissions that were materially misleading or were otherwise actionable under the federal securities laws; (ii) whether any such statements or omissions were made with the requisite level of intent; (iii) the amount by which the prices of Cronos publicly traded common stock was allegedly artificially inflated, if at all, during the Class Period; (iv) whether Defendants' statements or omissions caused class members' losses; and (v) the extent to which factors such as general market, economic and industry conditions influenced the trading prices of Cronos publicly traded common stock at various times.

3.      Defendants have denied and continue to deny any and all allegations of wrongdoing or fault asserted in the Action, deny that they have committed any act or omission giving rise to any liability or violation of law, and deny that Lead Plaintiff and the Settlement Class have suffered any loss attributable to Defendants' actions or omissions.

**Statement of Attorneys' Fees and Expenses Sought**

4.      Lead Counsel, on behalf of Plaintiff's Counsel,[2] will apply to the Court for attorneys' fees from the Settlement Fund in an amount not to exceed 33% of the Settlement Fund, which includes any accrued interest, or $3,300,000, plus accrued interest. Lead Counsel will also apply for payment of Litigation Expenses incurred in prosecuting the Action in an amount not to exceed $200,000, plus accrued interest, which may include an application pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA") for the reasonable costs and expenses (including lost wages) of Lead Plaintiff directly related to his representation of the Settlement Class. If the Court approves Lead Counsel's Fee and Expense Application in full, the average amount of fees and expenses is estimated to be approximately $0.02 per eligible share. A copy of the Fee and Expense Application will be posted on www. _____ after it has been filed with the Court.

**Reasons for the Settlement**

5.      For Lead Plaintiff, the principal reason for the Settlement is the guaranteed cash benefit to the Settlement Class.  This benefit must be compared to, among other factors, the risk that the Court may grant some or all of the Defendants' currently pending motion to dismiss the Second Amended Complaint, the uncertainty of being able to prove the allegations in the Second Amended Complaint and certify a litigation class; the difficulties and delays inherent in completing discovery; the risk that the Court may grant some or all of the anticipated summary judgment motions to be filed by Defendants; the risks of litigation, especially in complex securities actions like this; as well as the difficulties and delays inherent in such litigation (including any trial and

---

[2] "Plaintiff's Counsel" are Labaton Keller Sucharow LLP ("Labaton") and The Schall Law Firm ("Schall Law").

appeals). For Defendants, who deny all allegations of wrongdoing or liability whatsoever and deny that Settlement Class Members were damaged, the principal reasons for entering into the Settlement are to end the burden, expense, uncertainty, and risk of further litigation.

**Identification of Representatives**

6.      Lead Plaintiff and the Settlement Class are represented by Lead Counsel, Jake Bissell-Linsk, Labaton Keller Sucharow LLP, 140 Broadway, New York, NY 10005, (888) 219-6877, www.labaton.com, settlementquestions@labaton.com.

7.      Further information regarding this Action, the Settlement, and this Notice may be obtained by contacting the Claims Administrator: *Cronos U.S. Securities Settlement*, c/o A.B. Data Ltd., P.O. Box ___, ___, __ __, (XXX) XXX-XXXX, www.____.com.

8.      For questions about the Ontario Action, visit www.ontariocronosclassaction.com or you can contact Ontario Class Counsel by emailing cronos@kalloghlianmyers.com or calling (647) 969-4472.

**Please Do Not Call the Court with Questions About the Settlement.**

**BASIC INFORMATION**

| 1.  Why did I get the Postcard Notice? |
|---|

9.      You may have received a Postcard Notice about the proposed Settlement. This long-form Notice provides additional information about the Settlement and related procedures. The Court authorized that the Postcard Notice be sent to you because you or someone in your family may have purchased or acquired Cronos publicly traded common stock on the NASDAQ, or another public U.S. market for trading stocks, during the Class Period. **Receipt of the Postcard Notice does not mean that you are a Member of the Settlement Class or that you will be entitled to receive a payment. The Parties to the Action do not have access to your individual investment information. If you wish to be eligible for a payment, you are required to submit the Claim Form that is available at www.____.com. *See* Question 8 below.**

10.      The Court directed that the Postcard Notice be sent to Settlement Class Members because they have a right to know about the proposed Settlement of this class action lawsuit, and about all of their options, before the Court decides whether to approve the Settlement.

11.      The Court in charge of the Action is the United States District Court for the Eastern District of New York, and the case is known as *In re Cronos Group Inc. Securities Litigation*, Case No. 2:20-cv-01310-ENV-JMW (E.D.N.Y.). The Action is assigned to the Honorable Eric N. Vitaliano, United States District Judge.

| **2. How do I know if I am part of the Settlement Class?** |
| --- |

12.      The Court directed that everyone who fits the following description is a Settlement Class Member and subject to the Settlement, unless they are an excluded person (see Question 3 below) or take steps to exclude themselves from the Settlement Class (*see* Question 10 below):

> all persons and entities, irrespective of country of residence, who or which purchased or otherwise acquired the publicly traded common stock of Cronos Group Inc. on the NASDAQ, or any other public U.S. market for trading stocks, during the period from May 9, 2019 through March 30, 2020, both dates inclusive, and were allegedly damaged thereby.

13.      You may be a member of the Settlement Class if you purchased Cronos common stock on the NASDAQ or another public U.S. market.  All members of the Settlement Class are also members of the Ontario Certified Class. If you purchased shares **only** on the TSX, you **are not** a member of the Settlement Class, though you may be a member of the Ontario Certified Class.

14.      If one of your mutual funds purchased Cronos publicly traded common stock during the Class Period, that does not make you a Settlement Class Member, although your mutual fund may be.  You are a Settlement Class Member only if you individually purchased Cronos publicly traded common stock on the NASDAQ or another public U.S. market during the Class Period.

15.      Check your investment records or contact your broker to see if you have any eligible purchases or acquisitions. Look for trades on the NASDAQ, a U.S. market, or in U.S.

Dollars.  **The Parties to the Action do not independently have access to your trading
information.**

| 3.  Are there exceptions to being included? |
|---|

16.	Yes. There are some individuals and entities who are excluded from the Settlement
Class by definition. Excluded from the Settlement Class are: (i) Defendants; (ii) members of the
immediate family of any Defendant who is an individual; (iii) all directors, officers or other
employees of Cronos during the Class Period; (iv) any firm, trust, corporation, or other entity in
which any Defendant has or had a controlling or beneficial interest; (v) Cronos's employee
retirement and benefit plan(s) and their participants or beneficiaries, to the extent they made
purchases through such plan(s); and (vi) the legal representatives, affiliates, control persons, heirs,
successors-in-interest, or assigns of any such excluded persons. **Purchases and acquisitions of
Cronos common stock on the TSX or any non-U.S. public market for trading stocks are not
part of the definition of the Settlement Class and are not impacted by the Settlement.**  Also
excluded from the Settlement Class are any persons or entities who timely and validly seek
exclusion from the Settlement Class in accordance with the procedures described in Question 10
below.

| 4.  Why is this a class action? |
|---|

17.	In a class action, one or more persons or entities (in this case, Lead Plaintiff) sue
on behalf of people and entities who have similar claims.  Together, these people and entities are
a "class," and each is a "class member."  A class action allows one court to resolve, in a single
case, many similar claims that, if brought separately by individual people, might be too small
economically to litigate.  One court resolves the issues for all class members at the same time,
except for those who exclude themselves, or "opt-out," from the class.  In this Action, the Court
has appointed Keith Norman as Lead Plaintiff and Labaton Sucharow LLP (n/k/a Labaton Keller
Sucharow LLP) to serve as Lead Counsel.

| **5. What is this case about and what has happened so far?** |
| --- |

18.    Cronos is a global medical and legal cannabinoid company with operations in Canada and Israel, as well as distribution in additional international markets. During the Class Period, Cronos sought to establish various brands of cannabis products in different markets, develop a supply chain, and develop intellectual property related to cannabis products. The Action is based on allegations that Defendants made false and misleading statements about Cronos's revenue during the Class Period, as a result of improper revenue recognition related to three "round trip" transactions that led to restatements reducing its 1Q2019 and 3Q2019 revenue.

### This Action

19.    By Order dated October 22, 2020, and pursuant to the PSLRA, the Court: (i) appointed Keith D. Norman as Lead Plaintiff; (ii) approved Labaton as Lead Counsel; and (iii) renamed the Action *In re Cronos Group Inc. Securities Litigation*, No. 1:20-cv-01310-ENV-SIL.

20.    On November 23, 2020, Lead Plaintiff filed the Consolidated Amended Class Action Complaint alleging that Cronos and its senior executives, Michael Gorenstein (Cronos's Chairman, President, and Chief Executive Officer) and Jerry F. Barbato (Cronos's Chief Financial Officer), violated Section 10(b) of the Exchange Act of 1934 ("Exchange Act") and, for the Individual Defendants, Section 20(a) of the Exchange Act.

21.    Prior to filing the Complaint, Lead Plaintiff, through Lead Counsel, conducted its own investigation relating to the claims, defenses, and underlying events and transactions that are the subject of the Action.  This process included reviewing and analyzing: (i) documents filed with the Ontario Securities Commission and Ontario Capital Markets Tribunal ("OSC") in Canada and the U.S. Securities and Exchange Commission ("SEC"); (ii) securities analysts' reports and advisories about Cronos; (iii) press releases and other public statements issued by Cronos; (iv) media reports about Cronos; (v) other publicly available information; and (vi) consultation with experts in the cannabis industry and in areas of accounting and damages.  Additionally, Lead Plaintiff, through Lead Counsel, contacted and interviewed former employees of Cronos to discuss issues related to the Action.

22.     On January 15, 2021, the Court adopted the Parties' proposed briefing schedule for Defendants' motion to dismiss the Complaint.  As directed in the schedule, the Defendants' motion to dismiss, Lead Plaintiff's opposition, and Defendants' reply were fully briefed and filed on April 22, 2021.

23.     On November 11, 2023, the Court issued an order granting Defendants' motion to dismiss the Complaint with prejudice.  The Court determined that the allegations, taken collectively, did not adequately plead the required level of intent, "scienter," under Section 10(b) of the Exchange Act and, as a result, also dismissed Lead Plaintiff's claims under Section 20(a) of the Exchange Act.

24.     On December 1, 2023, Lead Plaintiff moved for reconsideration of the dismissal order, seeking permission to amend based on additional information contained in regulatory materials made available from investigations by the SEC and the OSC.  Defendants opposed the motion on December 29, 2023 and Lead Plaintiff filed his reply on January 12, 2024.

25.     On November 29, 2024, the Court granted Lead Plaintiff's motion for reconsideration and permitted Lead Plaintiff to file a further amended complaint and for Defendants to file another motion to dismiss.

26.     On January 10, 2025, Lead Plaintiff filed the Second Amended Class Action Complaint.

27.     On March 11, 2025, Defendants served their motion to dismiss the Second Amended Complaint, which is currently pending.  On May 12, 2025, Lead Plaintiff served his opposition to Defendants' motion to dismiss. Formal discovery has been stayed while the motion to dismiss has been pending, pursuant to the PSLRA.

**The Ontario Action**

28.     On June 3, 2020, after the initial complaint was filed in the Action, but before Lead Plaintiff was appointed or the Consolidated Amended Class Action Complaint was filed in the Action, a different Cronos shareholder filed a statement of claim in the Ontario Superior Court of Justice called *Harpreet Badesha v. Cronos Group, Inc. et al.*, Court File No. CV-20-00641990-

00CP (Ontario Sup. Ct. Justice).  In addition to naming the Defendants, the statement of claim named other of Cronos's current and former directors, officers and employees as defendants: William Hilson, Kevin Crosthwaite Jr., Bronwen Evans, Murray Garnick, Bruce Gates, Jason Adler, James Rudyk, Jody Begley, Alan Friedman, and Michael Coates.

29.    The Ontario Action statement of claim alleged the same revenue recognition misstatements as the complaints in this Action.  It similarly alleged that Defendants made misrepresentations to investors about the Company's revenue.  The Ontario Action statement of claim asserted violations of Ontario securities laws.

30.    Plaintiff in the Ontario Action moved for permission to proceed and for class certification.  On June 28, 2021, the Ontario Court denied these motions.  Plaintiff in the Ontario Action appealed as to Cronos, Gorenstein and Barbato, but declined to continue to pursue claims against the other defendants named in the statement of claim.  On September 22, 2022, the Court of Appeal for Ontario granted the plaintiff in the Ontario Action leave to proceed under the Ontario Securities Act, and remitted the issue of whether the Ontario Action should be certified as a class proceeding back to the Ontario Court.

31.    On October 10, 2023, the Ontario Court certified the class in the Ontario Action, which it defined as:  "all persons and entities who, during the period from May 9, 2019 at 6:59 a.m. ET to March 30, 2020 at 4:33 p.m. ET, acquired Cronos shares in the secondary market other than Excluded Persons."  "Excluded Persons" in the Ontario Action means: "(i) Cronos and its subsidiaries, affiliates, officers, directors, senior employees, legal representatives, heirs, predecessors, successors and assigns, Michael Gorenstein or Jerry Barbato and any member of their families and any entity in which any of them has or had during the Class Period any legal or de facto controlling interest; and (ii) all persons and entities who sold or otherwise disposed of all their Cronos shares before February 24, 2020 at 7:30 a.m. ET."  The Ontario Certified Class includes shareholders who purchased shares anywhere in the world, including the TSX and the NASDAQ. Therefore, all members of the Settlement Class are also members of the Ontario Certified Class.

11

32.     On October 10, 2023, the Ontario Court also denied a motion brought by the Defendants in the Ontario Action to dismiss the claims advanced in the Ontario Action, on behalf of investors that purchased Cronos shares on the NASDAQ, on the grounds that those claims should be decided by the U.S. Court.

33.     On January 22, 2024, the Ontario Court approved notice of the class certification and an opt-out deadline of July 22, 2024.  Notice was sent in March 2024, and the opt-out deadline for the Ontario Action has since passed. Thirty-two opt-outs were received, representing 20,355 shares.

34.     No trial date has yet been set in the Ontario Action. Further information about the Ontario Action is available at www.ontariocronosclassaction.com.

### Negotiation of the Proposed Settlement

35.     In early 2025, the Parties to the U.S. Action began to explore the possibility of reaching a negotiated resolution of the Action and engaged Robert Meyer of JAMS to mediate this Action. (Ontario Class Counsel was not involved.)  In advance of the mediation, the Parties exchanged mediation statements.  On May 16, 2025, the Parties engaged in a full-day, in person mediation session with the Mediator.  Although the Parties did not reach an agreement to settle the Action by the conclusion of the mediation session, they continued negotiations with the assistance of the Mediator thereafter.  On May 19, 2025, the Mediator made a formal mediator's proposal that the Parties settle on terms including a $10 million settlement payment, without Defendants admitting any liability or wrongdoing (subject to agreement on more detailed terms, settlement documentation and Court approval).  That same day, each of the Parties accepted the Mediator's proposal, thereby reaching an agreement in principle to settle the Action.

36.     The Parties' agreement in principle was subsequently memorialized in a confidential term sheet dated as of June 1, 2025 and the Stipulation was executed on December 2, 2025.

| **6.  What are the key differences between this Action and the Ontario Action?** |
| --- |

37.     Although this Action and the Ontario Action both generally allege that the same

statements to shareholders were false or misleading, the cases also have a number of differences. Some of the differences are summarized below, and they are subject to change as the cases continue to be litigated.

| | This Action | Ontario Action |
|---|---|---|
| Defendants | Cronos Group, Inc., Michael Gorenstein, and Jerry Barbato. | Cronos Group, Inc., Michael Gorenstein, and Jerry Barbato. |
| Class Definition | All persons and entities, irrespective of country of residence, who or which purchased or otherwise acquired the publicly traded common stock of Cronos on the NASDAQ, or any other public U.S. market for trading stocks, during the period May 9, 2019 to March 30, 2020, other than Excluded Persons.<br><br>If you request exclusion now, and your request is granted by the Court, you will no longer be a Settlement Class Member. | All persons and entities who, during the period May 9, 2019 at 6:59 a.m. ET to March 30, 2020 at 4:33 p.m. ET acquired Cronos's shares in the secondary market anywhere in the world (including on the TSX or NASDAQ), other than Excluded Persons.<br><br>**NOTE**: If the Settlement is approved, Defendants plan to seek to have this definition changed to exclude Settlement Class Members' purchases on the NASDAQ and other public U.S. markets for trading stock. |
| Pleading Standard | Complaint must allege securities fraud claims with particularity. | The action must allege claims for which there is a reasonable possibility that the action will be resolved at trial in favor of the plaintiff. |
| Defendants' Statements | Plaintiff must allege and prove that Defendants' statements or omissions were materially false or misleading and made in connection with the purchase or sale of a security. | Plaintiff must allege and prove that Defendants' public disclosures contained untrue statements of fact which would reasonably be expected to have a significant effect on the market price or value of the securities. |
| Defendants' Intent | Plaintiff must allege and prove that the Defendants' misstatements or omissions were made with fraudulent intent. | Plaintiff is not required to prove the misstatements were made with fraudulent intent.<br><br>Defendants may be held not liable if they can establish that: (i) they conducted a reasonable investigation before making the statement; and (ii) at the time the statement was made they had no reasonable grounds to believe that the statement was a misrepresentation. |
| Shareholder Reliance | Plaintiff must allege and prove that they relied on Defendants' misstatements or omissions in | Plaintiff need not establish shareholder reliance. |

13

|  | This Action | Ontario Action |
|---|---|---|
|  | making their investment decisions. Alternatively, Plaintiff may invoke a rebuttable presumption of reliance if the securities trade in an efficient market. |  |
| Loss Causation | Plaintiff must allege and prove that Defendants' misstatements or omissions caused Plaintiff's losses. | Plaintiff need not prove causation between the misstatement and plaintiff's losses, but must establish that the misstatements would reasonably be expected to have a significant effect on the market price or value of the securities. |
| Motion to Dismiss/Leave to Proceed | After the Action was initially dismissed by the Court, Plaintiff obtained the Court's permission to file a further amended Complaint. Defendants' motion to dismiss that Complaint was not decided before this Settlement was agreed. | After the Ontario Action was initially dismissed, the appellate court reversed the dismissal and granted plaintiff leave to proceed with the claims. |
| Discovery | At the time of the Settlement, formal discovery between the Parties was stayed by statute and had not begun. | Discovery has begun and the majority of discovery is complete. |
| Class Certification | Plaintiff has not yet filed a motion for class certification. | Following an appeal, the Ontario Court approved certification of the class. |
| Trial Date | Not yet scheduled. | Not yet scheduled. |
| Jury Trial | The Action would be tried to a jury. | A jury demand has not been made in the Ontario Action. |
| Damages | Class members can recover damages for losses caused by the misstatements or omissions, subject to certain statutory limits. The Settlement Amount, which represents a compromise, is less than the amount potentially recoverable if Plaintiff ultimately prevailed at trial. | Damages are determined by a statutory formula, subject to certain statutory limits. Damages in the Ontario Action could substantially exceed the Settlement Amount if plaintiff prevails in that action or could be less than the Settlement Amount or zero if Defendants prevail. At the time of this Notice, there is no recovery or settlement in the Ontario Action. |

## 7. What are the reasons for the Settlement?

38.    The Court did not finally decide in favor of Lead Plaintiff or Defendants. Instead, both sides agreed to a settlement. Lead Plaintiff and Lead Counsel believe that the claims asserted

in the Action have merit. They recognize, however, the expense and length of continued proceedings needed to pursue the claims through trial and appeals, as well as the difficulties in establishing liability and damages. Assuming the claims proceeded to trial, the Parties would present factual and expert testimony on each of the disputed issues, and there is risk that the Court or jury would resolve these issues unfavorably against Lead Plaintiff and the class. In light of the Settlement and the guaranteed cash recovery to the Settlement Class, Lead Plaintiff and Lead Counsel believe that the proposed Settlement is fair, reasonable, and adequate, and in the best interests of the Settlement Class.

39.      Defendants have denied and continue to deny each and every one of the claims alleged by Lead Plaintiff in the Action, including all claims in the Second Amended Complaint, and specifically deny that they have committed any act or omission giving rise to any liability or violation of law. Nonetheless, Defendants have concluded that continuation of the Action would be protracted and expensive, and have taken into account the uncertainty and risks inherent in any litigation, especially a complex case like this Action. Defendants also wish to avoid the uncertainty, risks, and expense of continuing to litigate the Released Plaintiff's Claims on a class wide basis in the Ontario Action.

## THE SETTLEMENT BENEFITS

**8. What does the Settlement provide?**

40.      In exchange for the Settlement and the release of the Released Plaintiff's Claims against the Released Defendant Parties (*see* Question 9 below), Cronos has agreed to cause a $10,000,000 payment to be made, which, along with any interest earned, will be distributed, after deduction of Court-awarded attorneys' fees and Litigation Expenses, Notice and Administration Expenses, Taxes, and any other fees or expenses approved by the Court (the "Net Settlement Fund"), to Settlement Class Members who submit valid and timely Claim Forms and are found to be eligible to receive a distribution from the Net Settlement Fund.

**9. How can I receive a payment?**

41.    To qualify for a payment from the Net Settlement Fund, you must submit a timely and valid Claim Form. A Claim Form may be obtained from the websites www._____.com and www.labaton.com or you can submit a claim online at www._____.com. You can also request that a Claim Form be mailed to you by calling the Claims Administrator toll-free at (___) ___-____.

42.    Please read the instructions contained in the Claim Form carefully, fill out the form, include all the documents the form requests, sign it, and mail or submit it online to the Claims Administrator so that it is **postmarked or received no later than _____, 2025.**

**10. What am I giving up to receive a payment and by staying in the Settlement Class?**

43.    If you are a Settlement Class Member and do not timely and validly exclude yourself from the Settlement Class, you will remain in the Settlement Class and that means that, upon the Effective Date of the Settlement, you will release all Released Plaintiff's Claims against the Released Defendant Parties, including your claims in the Ontario Action as a member of the Ontario Certified Class based on purchases of Cronos stock on the NASDAQ or other U.S. exchanges. All of the Court's orders about the Settlement, whether favorable or unfavorable, will apply to you and legally bind you.

44.    "**Released Plaintiff's Claims**" means any and all:

(a)    claims and causes of action of every nature and description, whether known or Unknown (as defined below), contingent or absolute, mature or not mature, liquidated or unliquidated, accrued or not accrued, concealed or hidden, regardless of legal or equitable theory and whether arising under federal, state, common, or foreign law, including Canadian securities laws, Canadian federal and provincial laws and Canadian common law, that

(b)    Lead Plaintiff or any other member of the Settlement Class asserted in the Action or could have asserted in the Action, or in any court or forum, whether foreign or domestic, including the Ontario Superior Court of Justice, that

16

(c)      arise out of or are based upon both: (1) the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the complaints filed in the Action, and (2) the purchase, acquisition, or sale of Cronos publicly traded common stock on the NASDAQ, or any other public U.S. market for trading stocks, during the Class Period.

(d)      Released Plaintiff's Claims include the claims asserted in the Ontario Action, *Harpreet Badesha v. Cronos Group Inc. et al.,* CV-20-00641990-00CP (Ontario Sup. Ct. Justice), that arise out of or are based on the purchase, acquisition, or sale of Cronos publicly traded common stock on the NASDAQ, or any other public U.S. market for trading stocks, during the Class Period.

(e)      Released Plaintiff's Claims do not include: (1) claims to enforce the Settlement; (2) claims in any shareholder derivative action; (3) claims that arise out of or are based on purchases/acquisitions of Cronos shares on the TSX, or any other non-U.S. exchange during the Class Period; and (4) the claims of any regulatory or governmental body, or the right of Settlement Class Members to recover therefrom.

45.      "**Released Defendant Parties**" means:

(a)      each Defendant;

(b)      the family members of the Individual Defendants;

(c)      direct or indirect parent entities, direct and indirect subsidiaries, related entities, and all affiliates of Cronos;

(d)      any trust of which any Individual Defendant is the settlor or which is for the benefit of any Individual Defendant or his family members;

(e)      any firm, trust, corporation or other entity in which a Defendant has a controlling interest; and

(f)      for any of the persons or entities listed in parts (a) through (e), as applicable, their respective past, present, and future parents, direct or indirect subsidiaries, affiliates, divisions, general partners, limited partners, principals, members, shareholders, joint ventures, officers,

directors, managers, managing directors, supervisors, employees, contractors, consultants, experts, auditors, accountants, advisors, underwriters, insurers, reinsurers, indemnitors, trustees, trustors, agents, attorneys, predecessors, successors, assigns, heirs, executors, administrators, estate, and any controlling person thereof, all in their capacities as such (each of the foregoing, a "**Released Defendant Party**").

46.    "**Unknown Claims**" means any and all Released Plaintiff's Claims that Lead Plaintiff or any other Settlement Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendant Parties, and any and all Released Defendants' Claims that any Defendant does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Plaintiff Parties, which if known by him, her, or it might have affected his, her, or its decision(s) with respect to the Settlement, including but not limited to the decision to object to the terms of the Settlement or to exclude himself, herself, or itself from the Settlement Class.  With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date, Lead Plaintiff and Defendants shall expressly, and each other Settlement Class Member shall be deemed to have, and by operation of the Judgment shall have, to the fullest extent permitted by law, expressly waived and relinquished any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States or foreign law, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

Lead Plaintiff, other Settlement Class Members, or Defendants may hereafter discover facts, legal theories, or authorities in addition to or different from those which any of them now knows or believes to be true with respect to the subject matter of the Released Plaintiff's Claims and the Released Defendants' Claims, but Lead Plaintiff and Defendants shall expressly, fully, finally, and forever waive, settle, discharge, extinguish, and release, and each Settlement Class Member shall

be deemed to have waived, settled, discharged, extinguished, and released, and upon the Effective
Date and by operation of the Judgment shall have waived, settled, discharged, extinguished, and
released, fully, finally, and forever, any and all Released Plaintiff's Claims and Released
Defendants' Claims as applicable, without regard to the subsequent discovery or existence of such
different or additional facts, legal theories, or authorities.   Lead Plaintiff and Defendants
acknowledge, and other Settlement Class Members by operation of law shall be deemed to have
acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Plaintiff's
Claims and Released Defendants' Claims was separately bargained for and was a material element
of the Settlement.

47.     The "**Effective Date**" will occur when, among other things, an Order entered by
the Court approving the Settlement becomes Final and is not subject to appeal and there is a Final
order by the Ontario Court, or equivalent relief, amending the definition of the certified class in
the Ontario Action to exclude claims based on purchases by members of the Settlement Class on
the NASDAQ or any other public U.S. market for trading stock.

48.     Upon the Effective Date, Defendants will also provide a release of any claims
against Lead Plaintiff, the Settlement Class, and Plaintiff's Counsel in accordance with the terms
of the Stipulation.

## EXCLUDING YOURSELF FROM THE SETTLEMENT CLASS

49.     If you want to keep any right you may have to sue or continue to sue Defendants
and the other Released Defendant Parties on your own or in the Ontario Action about the Released
Plaintiff's Claims, then you must take steps to remove yourself from the Settlement Class. This is
called excluding yourself or "opting out."  **Please note: If you decide to exclude yourself from
the Settlement Class, you cannot recover from the Settlement and there is a risk that any
lawsuit you may file to pursue claims alleged in the Action may be dismissed, including
because your lawsuit is not filed within the applicable time periods required for filing suit.
Also, if you exclude yourself from the Settlement Class you will remain a member of the
Ontario Certified Class and will be bound by all orders in the Ontario Action, whether**

19

**favorable or unfavorable.** Defendants have the option to terminate the Settlement if a certain amount of Settlement Class Members request exclusion.

50.    If you bought Cronos shares on the TSX or a non-U.S. market during the Class Period, you are not required to exclude yourself now in order to pursue claims about those purchases in the Ontario Action.  **You can stay in the Settlement Class *and* continue to pursue claims arising from non-U.S. market purchases in the Ontario Action.**

| **11.  How do I exclude myself from the Settlement Class?** |
| --- |

51.    To exclude yourself from the Settlement Class, you must send via email or mail a signed letter stating that you request to be "excluded from the Settlement Class in *In re Cronos Group Inc. Securities Litigation*, No. 20-cv-01310-ENV (E.D.N.Y.)." You cannot exclude yourself by telephone Each request for exclusion must also: (i) state the date(s), price(s), and number(s) of shares for each purchase and sale (if any) of Cronos publicly traded common stock purchased or otherwise acquired on the NASDAQ, or any other public U.S. market for trading stocks, during the Class Period, and (ii) be signed by the Person requesting exclusion. Requests must be submitted with documentary proof of all purchases during the Class Period. A request for exclusion must be sent so that it is **received no later than _____, 2026** at:

> *Cronos U.S. Securities Settlement*
> c/o _____
> P.O. Box ____
> __, __ ____
> info@____.com

52.    This information is needed to determine whether you are a member of the Settlement Class. Your exclusion request must comply with these requirements in order to be valid, unless it is allowed by the Court.

53.    If you ask to be excluded, **do not submit a Claim Form because you cannot receive any payment from the Net Settlement Fund**. Also, you cannot object to the Settlement because you will not be a Settlement Class Member and the Settlement will not affect you. If you submit a timely and valid exclusion request, you will not be legally bound by anything that happens

in the Action, and you may be able to sue (or continue to sue) Defendants and the other Released Defendant Parties about the Released Plaintiff's Claims in the future or in the Ontario Action.

| 12. If I do not exclude myself, can I sue Defendants and the other Released Defendant Parties for the same reasons later? |
| --- |

54.     No. Unless you properly exclude yourself, you will give up any rights to sue Defendants and the other Released Defendant Parties for any and all Released Plaintiff's Claims. (But remember, if you bought Cronos shares on the TSX or a non-U.S. market during the Class Period, claims about those purchases can continue in the Ontario Action). If you have a pending lawsuit against any of the Released Defendant Parties, **speak to your lawyer in that case immediately**. You must exclude yourself from this Settlement Class to continue your own lawsuit about the claims being settled. Remember, the exclusion deadline is _____, **2026.**

## THE LAWYERS REPRESENTING YOU

| 13. Do I have a lawyer in this case? |
| --- |

55.     Labaton Keller Sucharow LLP is Lead Counsel in the Action and represents all Settlement Class Members in the Action. You will not be separately charged for these lawyers. The Court will determine the amount of attorneys' fees and Litigation Expenses, which will be paid from the Settlement Fund. If you want to be represented by your own lawyer in connection with the Action, you may hire one at your own expense.

| 14. Do I have a lawyer in the Ontario Action? |
| --- |

56.     Kalloghlian Myers LLP is Ontario Class Counsel and represents all members of the Ontario Certified Class in the Ontario Action. You are not being separately charged for these lawyers. The Ontario Court will determine the amount of legal fees that will be paid out of any recovery obtained in the Ontario Action at the conclusion of that case, if there is a recovery.

| 15. How will the lawyers be paid in the U.S. Action if the Settlement is approved? |
| --- |

57.     Lead Counsel and other Plaintiff's Counsel have been prosecuting the Action on a contingent basis and have not been paid for any of their work. Lead Counsel, on behalf of itself and Plaintiff's Counsel, will seek an attorneys' fee award of no more than 33% of the Settlement

Fund, which will include accrued interest. The Fee and Expense Application will be made collectively on behalf of Labaton Keller Sucharow LLP, located at 140 Broadway, 34th Floor, New York, NY 10005, and The Schall Law Firm, located at 1880 Century Park East, Suite 404, Los Angeles, California 90067. Any attorneys' fees awarded by the Court will be divided between Labaton (at least 82.5% of awarded fees) and Schall Law (up to 17.5% of awarded fees) pursuant to a fee sharing agreement between them.

58.    Lead Counsel will also seek payment of Litigation Expenses incurred by Plaintiff's Counsel in the prosecution of the Action of no more than $200,000, plus accrued interest, which may include an application in accordance with the PSLRA for the reasonable costs and expenses (including lost wages) of Lead Plaintiff directly related to his representation of the Settlement Class. As explained above, any attorneys' fees and expenses awarded by the Court will be paid from the Settlement Fund.

## OBJECTING TO THE SETTLEMENT, THE PLAN OF ALLOCATION, OR THE FEE AND EXPENSE APPLICATION

### 16.  How do I tell the Court that I do not like something about the proposed Settlement?

59.    If you are a Settlement Class Member, you can object to the Settlement or any of its terms, the proposed Plan of Allocation of the Net Settlement Fund, and/or Lead Counsel's Fee and Expense Application. You may write to the Court about why you think the Court should not approve any or all of the Settlement terms or related relief. If you would like the Court to consider your views, you must file a proper objection within the deadline, and according to the following procedures.

60.    To object, you must send a signed letter stating that you object to the proposed Settlement, the Plan of Allocation, and/or the Fee and Expense Application in "*In re Cronos Group Inc. Securities Litigation*, No. 20-cv-01310-ENV (E.D.N.Y.)." The objection must also: (a) state the name, address, telephone number, and email address of the objector and must be signed by the objector; (b) state the objection(s) and the specific reasons for each objection, including whether it applies only to the objector, to a specific subset of the Settlement Class, or

to the entire Settlement Class, and any legal and evidentiary support, and witnesses, the Settlement Class Member wishes to bring to the Court's attention; and (c) include documents sufficient to prove the objector's membership in the Settlement Class, such as the date(s), price(s), and number(s) of shares of Cronos publicly traded common stock purchased or otherwise acquired on the NASDAQ, or any other public U.S. market for trading stocks, during the Class Period. Objectors who are represented by counsel must also provide the name, address and telephone number of all counsel, if any, who represent them; the number of times the objector and their counsel have filed an objection to a class action settlement in the last five years; the nature of each such objection in each case; and the name and docket number of each case.

61.     Unless otherwise ordered by the Court, any Settlement Class Member who does not object in the manner described in this Notice will be deemed to have waived any objection and will be unable to make any objection to the proposed Settlement, the Plan of Allocation, and/or Lead Counsel's Fee and Expense Application.

62.     Your objection must be filed with the Court **no later than _____, 2026 and** be served by hand or by mail to the following counsel so that it is **received no later than** _____, 2026:

| <u>Court</u> | <u>Lead Counsel</u> | <u>Defendants' Counsel</u> |
|---|---|---|
| **Clerk of the Court** | **Labaton Keller Sucharow LLP** | **Sullivan & Cromwell LLP** |
| U.S. District Court | Jake Bissell-Linsk, Esq. | David M.J. Rein, Esq. |
| Eastern District of New York | 140 Broadway | 125 Broad Street |
| 225 Cadman Plaza East | New York, NY 10005 | New York, NY 10004 |
| Brooklyn, NY 11201 | | |

63.     You do not need to attend the Settlement Hearing to have your written objection considered by the Court. However, any Settlement Class Member who has complied with the procedures described in this Question 14 and below in Question 18 may appear at the Settlement Hearing and be heard, to the extent allowed by the Court. An objector may appear in person or arrange, at his, her, or its own expense, for a lawyer to represent him, her, or it at the Settlement Hearing.

**17. What is the difference between objecting and seeking exclusion?**

64.    Objecting is telling the Court that you do not like something about the proposed Settlement, Plan of Allocation, or Lead Counsel's Fee and Expense Application. You can still recover money from the Settlement. You can object *only* if you stay in the Settlement Class. Excluding yourself is telling the Court that you do not want to be part of the Settlement Class. If you exclude yourself from the Settlement Class, you have no basis to object because the Settlement and the Action no longer affect you.

**18. Why does Ontario Class Counsel object to the Settlement?**

65.    Ontario Class Counsel have told Lead Counsel and Defendants' Counsel that they object to the proposed Settlement. They believe the damages in the Ontario Action could be much higher than the $10 million Settlement Amount, and the Settlement Amount is an insufficient amount for the release of the Released Plaintiff's Claims in the Ontario Action.

66.    Any objection by Ontario Class Counsel must be filed with the Court and, once it is filed, will be posted at www._____.

67.    If you have any questions or concerns about their objection, or if you wish to speak to Ontario Class Counsel regarding your specific situation, including your right to object or to opt out, or about anything related to the Ontario Action, including but not limited to the proposed Settlement, you can contact Ontario Class Counsel by emailing cronos@kalloghlianmyers.com, calling (647) 969-4472, or visiting www.kalloghlianmyers.com/cronos.

## THE SETTLEMENT HEARING

**19. When and where will the Court decide whether to approve the Settlement?**

68.    The Court will hold the Settlement Hearing on _____, 2026 at ____ _.m. (ET) either remotely or in person, at the United States District Court for the Eastern District of New York, United States Courthouse, Courtroom 4 C S, 225 Cadman Plaza East, Brooklyn, NY 11201.

69.    At this hearing, the Court will consider whether: (i) the Settlement is fair, reasonable, adequate, and should be approved; (ii) the Plan of Allocation is fair and reasonable,

and should be approved; and (iii) the application of Lead Counsel for an award of attorneys' fees and payment of Litigation Expenses is reasonable and should be approved. The Court will take into consideration any written objections filed in accordance with the instructions in Question 14 above. We do not know how long it will take the Court to make these decisions.

70.    The Court may change the date and time of the Settlement Hearing, or hold the hearing remotely, without another individual notice being sent to Settlement Class Members. If you want to attend the hearing, you should check with Lead Counsel beforehand to be sure that the date and/or time has not changed, or periodically check the Settlement website at www.____.com to see if the Settlement Hearing has stayed as scheduled or has changed.

**20.  Do I have to come to the Settlement Hearing?**

71.    No. Lead Counsel will answer any questions the Court may have.  But, you are welcome to attend at your own expense. If you submit a valid and timely objection, the Court will consider it and you do not have to come to Court to discuss it. You may have your own lawyer attend (at your own expense), but it is not required. If you do hire your own lawyer, he or she must file and serve a Notice of Appearance in the manner described in the answer to Question 18 below **no later than _____, 2026**.

**21.  May I speak at the Settlement Hearing?**

72.    You may ask the Court for permission to speak at the Settlement Hearing. To do so, you must, **no later than _____ __, 2026,** submit a statement that you, or your attorney, intend to appear in "*In re Cronos Group Inc. Securities Litigation*, No. 20-cv-01310-ENV (E.D.N.Y.)." If you intend to present evidence at the Settlement Hearing, you must also include in your objections (prepared and submitted according to the answer to Question 14 above) the identities of any witnesses you may wish to call to testify and any exhibits you intend to introduce into evidence at the Settlement Hearing. You may not speak at the Settlement Hearing if you exclude yourself from the Settlement Class or if you have not provided written notice of your intention to speak at the Settlement Hearing in accordance with the procedures described in this Question 18 and in Question 14 above.

## IF YOU DO NOTHING

| 22.  What happens if I do nothing at all? |
|---|

73.      If you do nothing and you are a member of the Settlement Class, you will receive no money from this Settlement and you will be precluded from starting a lawsuit, continuing with a lawsuit, or being part of any other lawsuit against Defendants and the other Released Defendant Parties concerning the Released Plaintiff's Claims, including claims in the Ontario Action as a member of the Ontario Certified Class based on purchases of Cronos stock on the NASDAQ or any other U.S. exchange. To share in the Net Settlement Fund, you must submit a Claim Form (*see* Question 8 above). To start, continue, or be a part of any other lawsuit against Defendants and the other Released Defendant Parties concerning the Released Plaintiff's Claims (including in the Ontario Action), you must exclude yourself from the Settlement Class (*see* Question 10 above).

## GETTING MORE INFORMATION

| 23.  Are there more details about the Settlement? |
|---|

74.      This Notice summarizes the proposed Settlement. More details are in the Stipulation. You can get a copy of the Stipulation, and other documents related to the Settlement, as well as additional information about the Settlement, by visiting the website www._____.com. You may also call the Claims Administrator toll free at (___) ___-___ or write to the Claims Administrator at *Cronos U.S. Securities Settlement,* c/o ____, P.O. Box ___, ___, ___ ___.

75.      You may also review the Stipulation filed with the Court, or other documents in the case, during business hours at the Office of the Clerk of the United States District Court for the Eastern District of New York, 225 Cadman Plaza East, Brooklyn, NY 11201, between 8:30 a.m. and 4:45 p.m. on Monday through Friday, excluding Court holidays. (Please check the Court's website, www.nyed.uscourts.gov, for information about Court closures before visiting.) Subscribers to PACER, a fee-based service, can also view the papers filed publicly in the Action through the Court's on-line Case Management/Electronic Case Files System at https://www.pacer.gov.

**Please do not call the Court with questions about the Settlement.**

## PLAN OF ALLOCATION OF THE NET SETTLEMENT FUND

| 24.  How will my claim be calculated? |
| --- |

76.     As discussed above, the Settlement Amount and any interest it earns is the Settlement Fund. The Settlement Fund, after the deduction of Court-approved attorneys' fees and Litigation Expenses, Notice and Administration Expenses, Taxes, and any other fees or expenses approved by the Court, is the Net Settlement Fund. If the Settlement is approved by the Court, the Net Settlement Fund will be distributed to Authorized Claimants – *i.e.*, members of the Settlement Class who timely submit valid Claim Forms that are accepted for payment – in accordance with the following proposed Plan of Allocation, or such other plan of allocation as the Court may approve. The Court may approve this proposed Plan of Allocation, or modify it, without additional individual notice to the Settlement Class. Any order modifying the Plan of Allocation will be posted on www._____.com and www.labaton.com.

77.     The objective of this Plan of Allocation is to distribute the Net Settlement Fund equitably among those Settlement Class Members who suffered economic losses as a result of the alleged violations of the federal securities laws during the Class Period. To design the Plan of Allocation, Lead Counsel conferred with Lead Plaintiff's consulting damages expert. The Plan of Allocation, however, is not a formal damages analysis. The calculations made pursuant to the Plan of Allocation are not intended to estimate, or be indicative of, the amounts that Settlement Class Members might have been able to recover as damages after a trial. The calculations, including the Recognized Loss formulas, are also not intended to estimate the amounts that will be paid to Authorized Claimants. The computations under the Plan of Allocation are only a method to weigh the claims of Authorized Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund and the Recognized Claim amounts are the basis upon which the Net Settlement Fund will be proportionately allocated to Authorized Claimants.  An individual Settlement Class Member's recovery will depend on, for example: (i) the total number and value of claims submitted; (ii) when the Claimant purchased or acquired Cronos publicly traded common stock; and (iii) whether and when the Claimant sold his, her, or its Cronos publicly

traded common stock. The Claims Administrator will determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's "Recognized Claim."

78.     For losses to be compensable damages under the federal securities laws, the disclosure of the allegedly misrepresented information must be the cause of the decline in the price of the securities at issue. In this case, Lead Plaintiff alleges that Defendants issued false statements and omitted material facts during the Class Period, which allegedly artificially inflated the price of Cronos common stock. It is alleged that corrective information released to the market on February 24, 2020 (prior to market open), March 2, 2020 (after market close), March 17, 2020 (after market close), and March 30, 2020 (after market close) negatively impacted the price of Cronos common stock on February 24, 2020, March 3, 2020, March 18, 2020, and March 31, 2020 in a statistically significant manner and removed alleged artificial inflation from the price of Cronos common stock on those days. Accordingly, in order to have a compensable loss in this Settlement, Cronos common stock must have been purchased or otherwise acquired on the NASDAQ, or another U.S. public market, during the Class Period and been held through at least one of the alleged corrective disclosure dates listed above.

## CALCULATION OF RECOGNIZED LOSS AMOUNTS

79.     For purposes of determining whether a Claimant has a Recognized Claim, purchases, acquisitions, and sales of Cronos publicly traded common stock will first be matched on a First In/First Out ("FIFO") basis. Class Period sales will be matched first against any holdings at the beginning of the Class Period and then against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Class Period (May 9, 2019 through and including March 30, 2020).

80.     A "Recognized Loss Amount" will be calculated as set forth below for each purchase of Cronos publicly traded common stock on the NASDAQ, or another U.S. public market, during the Class Period that is listed in the Claim Form and for which adequate documentation is provided. To the extent that the calculation of a Claimant's Recognized Loss

Amount results in a negative number (a gain), that number shall be set to zero. The sum of a Claimant's Recognized Loss Amounts will be their Recognized Claim.

81.     For each share of Cronos publicly traded common stock purchased or otherwise acquired on the NASDAQ, or another U.S. public market, during the Class Period and sold before the close of trading on June 26, 2020, an "Out of Pocket Loss" will be calculated. Out of Pocket Loss is defined as the purchase price (excluding all fees, taxes, and commissions) minus the sale price (excluding all fees, taxes, and commissions). To the extent that the calculation of an Out of Pocket Loss results in a negative number (a gain), that number shall be set to zero.

82.     **For each share of Cronos common stock purchased from May 9, 2019 through and including March 30, 2020, and:**

A. Sold before February 24, 2020, the Recognized Loss Amount for each such share shall be zero.

B. Sold from February 24, 2020 through and including March 30, 2020, the Recognized Loss Amount for each such share shall be ***the lesser of***:

    1. the dollar artificial inflation applicable to each such share on the date of purchase/acquisition as set forth in **Table 1** below *minus* the dollar artificial inflation applicable to each such share on the date of sale as set forth in **Table 1** below; or

    2. the Out of Pocket Loss.

C. Sold from March 31, 2020 through and including June 26, 2020, the Recognized Loss Amount for each such share shall be ***the least of***:

    3. the dollar artificial inflation applicable to each such share on the date of purchase/acquisition as set forth in **Table 1** below; or

    4. the actual purchase/acquisition price of each such share *minus* the average closing price from March 31, 2020, up to the date of sale as set forth in **Table 2** below; or

    5. the Out of Pocket Loss.

D. Held as of the close of trading on June 26, 2020, the Recognized Loss Amount for each such share shall be ***the lesser of***:

    1. the dollar artificial inflation applicable to each such share on the date of purchase/acquisition as set forth in **Table 1** below; or

2. the actual purchase/acquisition price of each such share _minus_ $6.11.[3]

## TABLE 1

**Cronos Common Stock Artificial Inflation for Purposes of Calculating
Purchase and Sale Inflation**

| Transaction Date | Artificial Inflation Per Share[4] |
|---|---|
| 5/9/2019 - 2/23/2020 | $2.32 |
| 2/24/2020 - 3/2/2020 | $1.74 |
| 3/3/2020 - 3/17/2020 | $1.16 |
| 3/18/2020 - 3/30/2020 | $0.69 |
| 3/31/2020 - Present | $0.00 |

## TABLE 2

**Cronos Common Stock Closing Price and Average Closing Price
During 90-Day Look-Back Period**

| Date | Closing Price | Average Closing Price from March 31, 2020 to Date Shown | Date | Closing Price | Average Closing Price From March 31, 2020 to Date Shown |
|---|---|---|---|---|---|
| 3/31/2020 | $5.67 | $5.67 | 5/14/2020 | $4.94 | $5.74 |
| 4/1/2020 | $5.24 | $5.46 | 5/15/2020 | $5.53 | $5.73 |
| 4/2/2020 | $5.42 | $5.44 | 5/18/2020 | $5.58 | $5.73 |

---

[3] Pursuant to Section 21D(e)(1) of the Exchange Act, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." Consistent with the requirements of the Exchange Act, Recognized Loss Amounts are reduced to an appropriate extent by taking into account the closing prices of Cronos common stock during the "90-day look-back period," March 31, 2020 through June 26, 2020. The mean (average) closing price for Cronos common stock during this 90-day look-back period was $6.11.

[4] Artificial inflation per-share reflects the amount of inflation dissipated on each date, as estimated by Lead Plaintiff's consulting damages expert. Defendants do not concede, and expressly deny, that Cronos stock had any artificial inflation. In Table 1, the per-share artificial inflation dissipated on March 18, 2020 has been reduced by 50% as a result of a lack of statistical significance under certain scenarios and reflects a close-to-open abnormal dollar movement, rather than a close-to-close abnormal dollar movement (as is commonly performed and was done with the other dates).

| | | | | | | |
|---|---|---|---|---|---|---|
| 4/3/2020 | $5.52 | $5.46 | 5/19/2020 | $5.60 | $5.72 |
| 4/6/2020 | $5.77 | $5.52 | 5/20/2020 | $5.54 | $5.72 |
| 4/7/2020 | $5.62 | $5.54 | 5/21/2020 | $6.20 | $5.73 |
| 4/8/2020 | $6.07 | $5.62 | 5/22/2020 | $6.70 | $5.76 |
| 4/9/2020 | $5.79 | $5.64 | 5/26/2020 | $6.66 | $5.78 |
| 4/13/2020 | $5.79 | $5.65 | 5/27/2020 | $6.72 | $5.80 |
| 4/14/2020 | $6.01 | $5.69 | 5/28/2020 | $6.74 | $5.83 |
| 4/15/2020 | $5.88 | $5.71 | 5/29/2020 | $6.53 | $5.84 |
| 4/16/2020 | $5.80 | $5.72 | 6/1/2020 | $6.62 | $5.86 |
| 4/17/2020 | $5.99 | $5.74 | 6/2/2020 | $6.43 | $5.87 |
| 4/20/2020 | $6.07 | $5.76 | 6/3/2020 | $6.46 | $5.89 |
| 4/21/2020 | $5.94 | $5.77 | 6/4/2020 | $6.69 | $5.90 |
| 4/22/2020 | $5.90 | $5.78 | 6/5/2020 | $6.60 | $5.92 |
| 4/23/2020 | $5.99 | $5.79 | 6/8/2020 | $8.02 | $5.96 |
| 4/24/2020 | $6.20 | $5.81 | 6/9/2020 | $7.51 | $5.99 |
| 4/27/2020 | $6.44 | $5.85 | 6/10/2020 | $7.59 | $6.03 |
| 4/28/2020 | $6.27 | $5.87 | 6/11/2020 | $6.42 | $6.03 |
| 4/29/2020 | $6.23 | $5.89 | 6/12/2020 | $6.47 | $6.04 |
| 4/30/2020 | $5.94 | $5.89 | 6/15/2020 | $6.51 | $6.05 |
| 5/1/2020 | $5.64 | $5.88 | 6/16/2020 | $6.72 | $6.06 |
| 5/4/2020 | $5.84 | $5.88 | 6/17/2020 | $6.58 | $6.07 |
| 5/5/2020 | $5.74 | $5.87 | 6/18/2020 | $6.56 | $6.08 |
| 5/6/2020 | $5.57 | $5.86 | 6/19/2020 | $6.42 | $6.09 |
| 5/7/2020 | $5.59 | $5.85 | 6/22/2020 | $6.45 | $6.09 |
| 5/8/2020 | $5.42 | $5.83 | 6/23/2020 | $6.53 | $6.10 |
| 5/11/2020 | $5.27 | $5.81 | 6/24/2020 | $6.38 | $6.11 |
| 5/12/2020 | $5.18 | $5.79 | 6/25/2020 | $6.31 | $6.11 |
| 5/13/2020 | $4.84 | $5.76 | 6/26/2020 | $6.00 | $6.11 |

## **ADDITIONAL PROVISIONS**

83.    Purchases, acquisitions, and sales of Cronos common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" or "sale" date. The receipt or grant by gift, inheritance, or operation of law of Cronos common stock during the Class Period shall not be deemed a purchase, acquisition, or sale for the calculation of a Claimant's Recognized Claim, nor shall the receipt or grant be deemed an assignment of any

claim relating to the purchase or acquisition of such shares of Cronos common stock unless (i) the donor or decedent purchased or otherwise acquired such shares of Cronos common stock during the Class Period; (ii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such shares of Cronos common stock; and (iii) it is specifically so provided in the instrument of gift or assignment.

84.     In accordance with the Plan of Allocation, the Recognized Loss Amount on any portion of a purchase or acquisition that matches against (or "covers") a "short sale" is zero. The Recognized Loss Amount on a "short sale" that is not covered by a purchase or acquisition is also zero.

85.     Cronos publicly traded common stock purchased or acquired from May 9, 2019 through March 30, 2020, both dates inclusive, on the NASDAQ or another public U.S. market for trading stocks, is the only security eligible for a recovery under the Plan of Allocation. With respect to Cronos publicly traded common stock purchased or sold through the exercise of an option, the purchase/sale date of the Cronos common stock is the exercise date of the option, and the purchase/sale price is the exercise price of the option.

86.     An Authorized Claimant's Recognized Claim shall be the amount used to calculate the Authorized Claimant's *pro rata* share of the Net Settlement Fund. If the sum total of Recognized Claims of all Authorized Claimants who are entitled to receive payment out of the Net Settlement Fund is greater than the Net Settlement Fund, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund. The *pro rata* share shall be the Authorized Claimant's Recognized Claim divided by the total of Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.

87.     If the Net Settlement Fund exceeds the sum total amount of the Recognized Claims of all Authorized Claimants entitled to receive payment out of the Net Settlement Fund, the excess amount in the Net Settlement Fund shall be distributed *pro rata* to all Authorized Claimants entitled to receive payment.

88.     The Net Settlement Fund will be allocated among all Authorized Claimants whose prorated payment is $10.00 or greater. If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

89.     Settlement Class Members who do not submit acceptable Claim Forms will not share in the distribution of the Net Settlement Fund, however they will nevertheless be bound by the Settlement and the final Judgment of the Court dismissing this Action and related claims.

90.     Distributions will be made to Authorized Claimants after all claims have been processed and after the Court has finally approved the Settlement and the Settlement has reached its Effective Date. If there is any balance remaining in the Net Settlement Fund (whether by reason of tax refunds, uncashed checks or otherwise) after at least six (6) months from the date of initial distribution of the Net Settlement Fund, Lead Counsel shall, if feasible and economical, redistribute such balance among Authorized Claimants who have cashed their checks in an equitable and economic fashion, after payment of Notice and Administration Expenses, Taxes, and any unpaid attorneys' fees and expenses. These redistributions shall be repeated until the balance in the Net Settlement Fund is no longer feasible and economical to distribute. Any balance that still remains in the Net Settlement Fund after re-distribution(s), which is not feasible or economical to reallocate, after payment of Notice and Administration Expenses, Taxes, and any unpaid attorneys' fees and expenses, shall be contributed to the Council of Institutional Investors, a non-sectarian, not-for-profit organization certified as tax-exempt under Section 501(c) of the Code, or such other non-sectarian, not-for-profit organization designated by Lead Plaintiff and approved by the Court.

91.     Payment pursuant to the Plan of Allocation, or such other plan as may be approved by the Court, shall be conclusive against all Claimants. No person shall have any claim against Lead Plaintiff, Plaintiff's Counsel, their damages expert, the Claims Administrator, or other agent designated by Lead Counsel, arising from determinations or distributions to Claimants made substantially in accordance with the Stipulation, the Plan of Allocation approved by the Court, or

further orders of the Court. Lead Plaintiff, Defendants, Defendants' Counsel, and all other Released Defendant Parties shall have no responsibility for or liability whatsoever for the investment or distribution of the Settlement Fund, the Net Settlement Fund, the Plan of Allocation or the determination, administration, calculation, or payment of any Claim Form or non-performance of the Claims Administrator, the payment or withholding of Taxes owed by the Settlement Fund or any losses incurred in connection therewith.

## SPECIAL NOTICE TO SECURITIES BROKERS AND NOMINEES

92.     In connection with the previously disseminated class notice in the Ontario Action, you may have been advised by A.B. Data that if you held Cronos shares acquired in the secondary market during the Class Period for the beneficial interest of your customers, you were to either: (i) request from A.B. Data sufficient copies of the Ontario Action notice to forward to your customers; or (ii) provide a list of the names, addresses, and emails (if available) of all such beneficial owners to A.B. Data.

93.     For nominees who previously chose the first option (*i.e.*, elected to mail the Ontario notice directly to beneficial owners), A.B. Data will forward the same number of Postcard Notices for the Settlement and nominees have been ordered by the Court to, within ten (10) calendar days of receipt of the Postcards, mail them to the beneficial owners. Unless the nominee has identified additional beneficial owners whose names and addresses were not previously provided to A.B. Data, such nominees need not take any further action.

94.     For nominees who previously chose the second option (*i.e.*, provided a list of names, addresses, and emails of beneficial owners to A.B. Data), A.B. Data will promptly email (and mail, if applicable) Postcard Notices for the Settlement to each of the beneficial owners whose names, addresses, and emails the nominee previously supplied. Unless the nominee has identified additional beneficial owners whose names and addresses were not previously provided to A.B. Data, such nominees need not take any further action.

95.     For nominees that have identified additional beneficial owners who were not previously identified in connection with the Ontario Action, such nominees shall either: (i) within

ten (10) calendar days of receipt of the Notice, request from A.B. Data sufficient copies of the Postcard to forward to all such additional beneficial owners, which the nominee shall, within ten (10) calendar days of receipt of those Postcards from A.B. Data, mail to the beneficial owners; or (ii) within ten (10) calendar days of receipt of the Notice, provide a list of the names, addresses, and emails (if available) of all such additional beneficial owners to A.B. Data, and A.B. Data shall provide Postcards to these additionally identified Persons.

96. Nominees who elect to send the Postcard Notice for the Settlement to their beneficial owners shall also send a statement to the Claims Administrator confirming that the mailing was made and shall retain their mailing records for use in connection with any further notices that may be provided in the Action.

97. Upon FULL AND TIMELY compliance with these directions, nominees who mail the Postcards to beneficial owners, or who provide additional names, addresses, and emails of beneficial owners to A.B. Data, may seek reimbursement of their reasonable expenses actually incurred in complying of up to $0.10 per name/address/email provided and up to $0.10, plus postage at A.B. Data's rate for bulk mailings, by providing A.B. Data with proper documentation supporting the expenses for which reimbursement is sought. Nominees whose research yields no records, or a minimal number of beneficial owners, may ask A.B. Data to consider an upward adjustment for the reasonable costs incurred to perform their research. Such properly documented expenses incurred by nominees in compliance with these directions shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses subject to review by the Court.

98. All communications concerning the foregoing should be addressed to the Claims Administrator:

*Cronos U.S. Securities Settlement*
c/o _____
P.O. Box ____
____, ___ ____
(___) ___-___
www.____.com
info@____.com

Dated: _____, 2026          BY ORDER OF THE UNITED STATES
                                         DISTRICT COURT, EASTERN DISTRICT
                                         OF NEW YORK

# Exhibit A-2

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

IN RE CRONOS GROUP INC.
SECURITIES LITIGATION

Civil Action No. 2:20-cv-01310-ENV-JMW

**PROOF OF CLAIM AND RELEASE FORM**

## I.    GENERAL INSTRUCTIONS

1.    To recover as a member of the Settlement Class based on your claims in the class action entitled *In re Cronos Group Inc. Securities Litigation*, No. 20-cv-01310-ENV (E.D.N.Y.) (the "Action"), you must complete and, on page ____ below, sign this Proof of Claim and Release form ("Claim Form").  If you fail to submit a timely and properly addressed (as explained in paragraph 2 below) Claim Form, your claim may be rejected and you may not receive any recovery from the Net Settlement Fund created in connection with the proposed Settlement of the Action. Submission of this Claim Form, however, does not assure that you will share in the proceeds of the Settlement.[1]

2.    **THIS CLAIM FORM MUST BE SUBMITTED ONLINE AT WWW._____.COM NO LATER THAN _____, 2026 OR, IF MAILED, BE POSTMARKED NO LATER THAN _____, 2026, ADDRESSED AS FOLLOWS:**

*Cronos U.S. Securities Settlement*
c/o _____
P.O. Box ____
City/State/Zip
(___) ___-____

3.    If you are a member of the Settlement Class and you have not requested exclusion from the Settlement Class, you will be bound by and subject to the terms of all judgments and orders entered in the Action, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A CLAIM FORM OR RECEIVE A PAYMENT.

## II.    CLAIMANT IDENTIFICATION

4.    If you purchased or otherwise acquired the publicly traded common stock of Cronos Group Inc. ("Cronos") on the NASDAQ, or any other public U.S. market for trading stocks, during the period from May 9, 2019 through March 30, 2020, both dates inclusive ("Class Period"), and

---

[1] All capitalized terms not defined in this Claim Form have the meanings given in the Stipulation and Agreement of Settlement, dated as of December 2, 2025 (the "Stipulation"), available at www._____.com.

held the stock in your name, you are the beneficial and record owner of the shares. If, however, the Cronos shares were purchased or acquired through a third party, such as a brokerage firm, you are the beneficial owner and the third party is the record owner.

5.      Use **Part I** of this form entitled "Claimant Identification" to identify each beneficial owner of Cronos publicly traded common stock that forms the basis of this claim, as well as the owner of record if different. THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL OWNERS OR THE LEGAL REPRESENTATIVE OF SUCH OWNERS.

6.      All joint owners must sign this claim. Executors, administrators, guardians, conservators, legal representatives, and trustees filing this claim must complete and sign this claim on behalf of persons represented by them and their authority must accompany this claim and their titles or capacities must be stated.  The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim. Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

## III.    IDENTIFICATION OF TRANSACTIONS

7.      Use **Part II** of this form entitled "Schedule of Transactions in Cronos Publicly Traded Common Stock Purchased on NASDAQ or U.S. Market" to supply all required details of the transaction(s). If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form. Sign and print or type your name on each additional sheet.

8.      On the schedules, provide all of the requested information with respect to the purchases or acquisitions of Cronos publicly traded common stock, whether the transactions resulted in a profit or a loss. Failure to report all such transactions may result in the rejection of your claim.

9.      The date of covering a "short sale" is deemed to be the date of purchase or acquisition of Cronos common stock. The date of a "short sale" is deemed to be the date of sale.

10.     Claims must be accompanied by adequate supporting documentation for the transactions reported, in the form of broker confirmation slips, broker account statements, an

authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by the Claims Administrator and/or Lead Counsel. Self-generated emails or spreadsheets are not sufficient. Failure to provide sufficient documentation could delay verification of your claim or result in rejection of your claim.

**THE PARTIES DO NOT HAVE INFORMATION ABOUT YOUR TRANSACTIONS IN CRONOS PUBLICLY TRADED COMMON STOCK.**

11.    NOTICE REGARDING ELECTRONIC FILES: Certain Claimants with large numbers of transactions may request, or may be asked, to submit information regarding their transactions in electronic files. (This is different than the online claim portal on the Settlement website.) All such Claimants MUST submit a manually signed paper Claim Form whether or not they also submit electronic copies. If you wish to submit your claim electronically, you must contact the Claims Administrator at ___-___-____ to obtain the required file layout or visit www._____.com. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the Claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

12.    **Only Cronos shares purchased/acquired on the NASDAQ, or another public U.S. market for trading stocks, are eligible for a recovery from Settlement and should be reported on this Claim Form. Purchases on the Toronto Stock Exchange ("TSX") or any other non-U.S. market <u>are not</u> eligible and should not be reported.** If documentation does not state the market where a trade took place, the Claims Administrator will assume that trades in U.S. Dollars are U.S. trades, and that trades in a different currency are not U.S. trades, unless the Claimant can establish otherwise.

13.    Claimants bear the burden of establishing their right to a recovery from the Net Settlement Fund.

## PART I – CLAIMANT IDENTIFICATION

The Claims Administrator will use this information for all communications regarding this Claim Form. If this information changes, you MUST notify the Claims Administrator in writing at the address above. Complete names of all persons and entities must be provided.

Beneficial Owner's First Name    MI    Beneficial Owner's Last Name

Co-Beneficial Owner's First Name    MI    Co-Beneficial Owner's Last Name

Entity Name (if Claimant is not an individual)

Representative or Custodian Name (if different from Beneficial Owner(s) listed above)

Address1 (street name and number)

Address2 (apartment, unit, or box number)

City    State    ZIP/Postal Code

Foreign Country (only if not USA)    Foreign County (only if not USA)

Social Security Number (last four digits only)    Taxpayer Identification Number (last four digits only)

Telephone Number (home)    Telephone Number (work)

Email address

Account Number (if filing for multiple accounts, file a separate Claim Form for each account)

Claimant Account Type (check appropriate box):

Individual (includes joint owner accounts)    Pension Plan    Trust
Corporation    Estate
IRA/401K    Other _____ (please specify)

## PART II:   SCHEDULE OF TRANSACTIONS IN CRONOS PUBLICLY TRADED COMMON STOCK PURCHASED ON NASDAQ OR U.S. MARKET

**1.  BEGINNING HOLDINGS-**State the total number of shares of Cronos publicly traded common stock purchased on the NASDAQ or other public U.S. market and held at the opening of trading on May 9, 2019. If none, write "0" or "Zero." (Must submit documentation.)_____

**2.  PURCHASES/ACQUISITIONS DURING THE CLASS PERIOD**– Separately list each and every purchase and acquisition of Cronos publicly traded common stock on the NASDAQ or other public U.S. market during the period from May 9, 2019 through March 30, 2020. (Must submit documentation.)

| Date of Purchase/ Acquisition (List Chronologically) MM/DD/YY | Number of Shares | Price Per Share | Total Purchase/ Acquisition Price (excluding taxes, commissions, and fees) |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

**3.  PURCHASES/ACQUISITIONS DURING THE 90-DAY LOOK BACK PERIOD**– State the total number of shares of Cronos publicly traded common stock purchased/acquired on the NASDAQ or other public U.S. market from March 31, 2020 through the close of trading on June 26, 2020.[2] (Must submit documentation.) _____

**4.  SALES DURING THE CLASS PERIOD AND DURING THE 90-DAY LOOKBACK PERIOD.** Separately list each and every sale of Cronos publicly traded common stock on the NASDAQ or other public U.S. market from May 9, 2019 through the close of trading on June 26, 2020. (Must submit documentation.)

| Date of Sale (List Chronologically) (MM/DD/YY) | Number of Shares Sold | Sale Price Per Share (USD Only) | Total Sale Price (USD only) (excluding taxes, commissions and fees) |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

**5.  ENDING HOLDINGS–** State the total number of shares of Cronos publicly traded common stock purchased on the NASDAQ or other public U.S. market and held as of the close of trading on June 26, 2020. If none, write "0" or "Zero." (Must submit documentation.) _____

### IF YOU NEED ADDITIONAL SPACE TO LIST YOUR TRANSACTIONS YOU MUST PHOTOCOPY THIS PAGE AND CHECK THIS BOX ☐

---

[2] Information requested in this Claim Form with respect to purchases/acquisitions from March 31, 2020 through June 26, 2020 is needed only in order for the Claims Administrator to confirm that you have reported all relevant transactions. Purchases/acquisitions during this period, however, are not eligible for a recovery because they are outside the Class Period and will not be used for purposes of calculating Recognized Loss Amounts pursuant to the Plan of Allocation.

**IV.    SUBMISSION TO JURISDICTION OF THE COURT AND
ACKNOWLEDGMENTS**

14.    By signing and submitting this Claim Form, the Claimant(s) or the person(s) acting
on behalf of the Claimant(s) certify(ies) that: I (We) submit this Claim Form under the terms of
the Plan of Allocation described in the Notice. I (We) also submit to the jurisdiction of the United
States District Court for the Eastern District of New York with respect to my (our) claim as a
Settlement Class Member(s) and for purposes of enforcing the releases set forth herein. I (We)
further acknowledge that, once the Settlement reaches its Effective Date, I (we) will be bound by
and subject to the terms of all judgments and orders entered in the Action, including the releases
set forth therein. I (We) agree to furnish additional information to the Claims Administrator to
support this claim, such as additional documentation for transactions in Cronos publicly traded
common stock and other Cronos securities, if required to do so. I (We) have not submitted any
other claim covering the same transactions in Cronos publicly traded common stock during the
time periods herein and know of no other person having done so on my (our) behalf.

**V.    RELEASES, WARRANTIES, AND CERTIFICATION**

15.    I (We) hereby warrant and represent that I am (we are) a Settlement Class Member
as defined in the notices, and that I am (we are) not excluded from the Settlement Class.

16.    I (we) hereby acknowledge full and complete satisfaction of, and do hereby fully,
finally, and forever compromise, settle, release, resolve, relinquish, waive, and discharge with
prejudice the Released Plaintiff's Claims as to each and all of the Released Defendant Parties (as
these terms are defined in the Notice). I (we) hereby further acknowledge that this release includes
all Released Plaintiff's Claims asserted on my behalf in this Action and the action in the Ontario
Superior Court of Justice titled *Harpreet Badesha v. Cronos Group, Inc. et al*., Court File No. CV-
20-00641990-00CP (Ontario Sup. Ct. Justice) that arise out of or are based on the purchase,
acquisition, or sale of Cronos publicly traded common stock on the NASDAQ or any other public
U.S. market for trading stocks.  This release shall be of no force or effect unless and until the Court
approves the Settlement and it becomes effective on the Effective Date.

17.    I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

18.    I (We) hereby warrant and represent that I (we) have included information about all purchases, acquisitions, and sales of Cronos publicly traded common stock that occurred on the NASDAQ, or any other public U.S. market, during the relevant time periods and the number of shares held by me (us), to the extent requested.

19.    I (We) certify that I am (we are) NOT subject to backup tax withholding. (If you have been notified by the Internal Revenue Service that you are subject to backup withholding, please strike out the prior sentence.)

I (We) declare under penalty of perjury under the laws of the United States of America that all of the foregoing information supplied by the undersigned is true and correct.

Executed this _____ day of _____, 2026

_____        _____
Signature of Claimant                                   Type or print name of Claimant


_____        _____
Signature of Joint Claimant, if any                Type or print name of Joint Claimant


_____        _____
Signature of person signing on behalf          Type or print name of person signing
of Claimant                                                    on behalf of Claimant


_____
Capacity of person signing on behalf of Claimant/Joint Claimant, if other than an individual
(*e.g.,* Administrator, Executor, Trustee, President, Custodian, Power of Attorney, etc.)

**REMINDER CHECKLIST:**

1. Sign this Claim Form.

2. DO NOT HIGHLIGHT THE CLAIM FORM OR YOUR SUPPORTING DOCUMENTATION.

3. Attach only copies of supporting documentation as these documents will not be returned to you.

4. Keep a copy of your Claim Form for your records.

5. The Claims Administrator will acknowledge receipt of your Claim Form by mail, within 60 days. **Your claim is not deemed submitted until you receive an acknowledgment postcard.** If you do not receive an acknowledgment postcard within 60 days, please call the Claims Administrator toll free at ___-___-___ or email at info@_____.com.

6. If you move after submitting this Claim Form, please notify the Claims Administrator of the change in your address, otherwise you may not receive additional notices or payment.

# Exhibit A-3

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

IN RE CRONOS GROUP INC.
SECURITIES LITIGATION

Civil Action No. 2:20-cv-01310-ENV-JMW

## SUMMARY NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED SETTLEMENT, AND MOTION FOR ATTORNEYS' FEES AND EXPENSES

**To: all persons and entities, irrespective of country of residence, who or which purchased or otherwise acquired the publicly traded common stock of Cronos Group Inc. on the NASDAQ, or any other public U.S. market for trading stocks, during the period from May 9, 2019 through March 30, 2020, both dates inclusive (the "Class Period"), and were allegedly damaged thereby (the "Settlement Class").**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Eastern District of New York, that Court-appointed Lead Plaintiff, on behalf of himself and all members of the proposed Settlement Class; and Cronos Group Inc., Michael Gorenstein, and Jerry F. Barbato (collectively, "Defendants"), have reached a proposed settlement of the claims in the above-captioned class action (the "Action" or "U.S. Action"), and related claims, in the amount of $10,000,000 (USD) (the "Settlement"). If approved, the Settlement will release claims Settlement Class Members alleged in the U.S. Action and the case known as *Harpreet Badesha v. Cronos Group Inc. et al.*, CV-20-00641990-00CP, pending in Ontario Sup. Ct. Justice ("Ontario Action") with respect to trading on the NASDAQ (or any other public U.S. market for trading stocks). The Settlement will extinguish any entitlement of Settlement Class Members to a future recovery in the U.S. Action and the Ontario Action based on those claims, in exchange for the Settlement Amount in the U.S. Action. The Ontario Action asserts, among other things, claims under the Ontario securities laws based on similar allegations to those in the Action.

A hearing will be held, either in person or remotely in the Court's discretion, on

_____, _____, at _____ __.m. (ET) at the United States Courthouse, United States District

Court, Eastern District of New York, 225 Cadman Plaza East, Brooklyn, New York 11201 (the

"Settlement Hearing") to determine whether the Court should: (i) approve the proposed Settlement

as fair, reasonable, and adequate; (ii) dismiss the Action with prejudice as provided in the

Stipulation and Agreement of Settlement, dated December 2, 2025; (iii) approve the proposed Plan

of Allocation for distribution of the proceeds of the Settlement (the "Net Settlement Fund") to

Settlement Class Members; and (iv) approve Lead Counsel's Fee and Expense Application.  The

Court may change the date of the Settlement Hearing, or hold it remotely, without providing

another notice.  You do NOT need to attend the Settlement Hearing in order to receive a

distribution from the Net Settlement Fund.

**IF YOU ARE A MEMBER OF THE SETTLEMENT CLASS, YOUR RIGHTS**

**WILL BE AFFECTED BY THE PROPOSED SETTLEMENT AND YOU MAY BE**

**ENTITLED TO A MONETARY PAYMENT.**  If you have not yet received a Postcard Notice,

you may obtain copies of the Postcard Notice, long-form Notice, and Claim Form by visiting

www._____.com, or by contacting the Claims Administrator at:

*Cronos U.S. Securities Settlement*
c/o A.B. Data, Ltd.
P.O. Box _____
City, State, Zip code
(___) ___-_____
www._____.com
[email]

Inquiries, other than requests for copies of notices or about the status of a claim, may also

be made to Lead Counsel:

**LABATON KELLER SUCHAROW LLP**
Jake Bissell-Linsk, Esq.
140 Broadway
New York, NY 10005
www.labaton.com
settlementquestions@labaton.com
(888) 219-6877

For questions about the Ontario Action, visit www.ontariocronosclassaction.com or you can contact the lawyers representing the plaintiff in the Ontario Action by emailing cronos@kalloghlianmyers.com or calling (647) 969-4472.

If you are a Settlement Class Member, to be eligible to share in the distribution of the Net Settlement Fund, you must submit a Claim Form *postmarked or submitted online no later than* _____ \_\_*, 2026.*  If you are a Settlement Class Member and do not timely submit a valid Claim Form, you will not be eligible to share in the distribution of the Net Settlement Fund, but you will nevertheless be bound by all judgments or orders entered by the Court relating to the Settlement, whether favorable or unfavorable.

If you are a Settlement Class Member and wish to exclude yourself from the Settlement Class, you must submit a written request for exclusion in accordance with the instructions in the Notice available at www.\_\_\_\_\_.com, and such request must be *received no later than* _____ \_\_*, 2026.*  If you properly exclude yourself from the Settlement Class, you will not be bound by any judgments or orders entered by the Court relating to the Settlement, whether favorable or unfavorable, and you will not be eligible to share in the distribution of the Net Settlement Fund.

Any objections to the proposed Settlement, Lead Counsel's Fee and Expense Application, and/or the proposed Plan of Allocation must be filed with the Court, either by mail or in person,

and be mailed to counsel for the Parties in accordance with the instructions in the Notice available

at www._____.com, such that they are *received no later than* _____ __, *2026*.

### PLEASE DO NOT CONTACT THE COURT REGARDING THIS NOTICE

DATED: _____, 2026          BY ORDER OF THE COURT
                                          UNITED STATES DISTRICT COURT
                                          EASTERN DISTRICT OF NEW YORK

# Exhibit A-4

*Cronos U.S. Securities Settlement*
c/o
PO Box
City, ST ZIP

Postal Service: Please do not mark barcode

[NAME1]
[ADDR2]
[CITY] [ST] [ZIP]
[COUNTRY]

## Court-Ordered Legal Notice

Important Legal Notice Authorized by the United States District Court, Eastern District of New York about the Settlement of a Class Action.

**If you purchased or otherwise acquired the publicly traded common stock of Cronos Group Inc. on the NASDAQ, or any other public U.S. market for trading stocks, during the period from May 9, 2019 through March 30, 2020, both dates inclusive (the "Class Period"), and were allegedly damaged, a class action Settlement has been reached that will impact your legal rights.**

**You may be eligible for a cash payment. Please read this postcard carefully.**

For more information, please visit

www._____.com or scan QR Code below

for a more detailed notice.

[ADD QR CODE]

This notice is to inform you that a proposed Settlement totaling **$10 million (USD)** (the "Settlement Amount") has been reached with Cronos Group Inc. ("Cronos"), Michael Gorenstein, and Jerry F. Barbato (collectively, "Defendants"), which will resolve all claims, and related claims, in the class action, *In re Cronos Group Inc. Sec. Litig.*, No. 2:20-cv-01310-ENV (E.D.N.Y.) (the "Action"). If approved, the Settlement will end the lawsuit, in which Lead Plaintiff brings claims under § 10(b) and § 20(a) of the Securities Exchange Act of 1934, alleging Defendants made material misrepresentations and omissions related to improperly booking revenue for three transactions alleged to be "round trip" transactions in the first and third quarters of 2019. If approved, the Settlement will also release Settlement Class Members' claims in *Harpreet Badesha v. Cronos Group Inc. et al.*, CV-20-00641990-00CP, pending in Ontario Sup. Ct. Justice ("Ontario Action"), that are based on Settlement Class Members' purchases or acquisitions of Cronos Group, Inc. stock on the NASDAQ or any other public U.S. market for trading stocks. The Ontario Action asserts, among other things, claims under the Ontario securities laws based on similar allegations to those in the Action.

You received this notice because you, or an investment account you represent, may be a member of the proposed Settlement Class (see below). The issuance of this notice does not reflect the opinion of the Court on the merits of the claims or defenses asserted by either side in the lawsuit. Defendants deny all liability or wrongdoing. Capitalized terms not defined here have the meanings given in the Stipulation and Agreement of Settlement, dated as of December 2, 2025 (the "Stipulation"). THIS NOTICE PROVIDES ONLY LIMITED INFORMATION ABOUT THE SETTLEMENT. VISIT WWW._____.COM FOR MORE INFORMATION AND THE LONG-FORM NOTICE.

**What does the Settlement provide?** Cronos has agreed to pay, or cause the payment of, **$10 million (USD)** in exchange for the Settlement and release of all claims in the Action and related claims ("Released Plaintiff's Claims"). The Settlement Amount, plus accrued interest, after deduction of Court-awarded attorneys' fees and expenses, Notice and Administration Expenses, and Taxes, will be allocated among Settlement Class Members who submit timely and valid claims.

*Your pro rata share* of the Settlement proceeds will depend on, among other things, the number and value of submitted claims, how many eligible shares of Cronos publicly traded common stock you bought on the NASDAQ or any other public U.S. market, and when your shares were purchased, acquired, or sold. If all Settlement Class Members participate in the Settlement, the estimated average recovery will be approximately $0.06 per eligible share before deduction of Court-approved fees and costs. Your portion of the Settlement proceeds will be determined by the plan of allocation approved by the Court. The proposed plan is in the long-form Notice.

**Am I affected by the Settlement?** Receipt of this notice does not mean you are included in the Settlement Class. The Settlement Class is: **all persons and entities, irrespective of country of residence, who or which purchased or otherwise acquired the publicly traded common stock of Cronos on the NASDAQ, or any other public U.S. market** for trading stocks, during the period **from May 9, 2019 through March 30, 2020,** both **dates inclusive, and were allegedly damaged thereby.** Certain individuals and entities (including Defendants and their family members) are excluded from the Settlement Class by definition. Purchases and acquisitions of Cronos common stock on the Toronto Stock Exchange (TSX) or any non-U.S. public market for trading stocks **are not** part of the definition of the Settlement Class. If you bought on the NASDAQ and TSX, your claims for purchases on the TSX are not being settled and will continue in the Ontario Action.

**How do I get a payment?** Receipt of this notice does not mean you are eligible for a recovery. To qualify for payment, you must submit a valid Claim Form, which can be found at www._____.com, or you can request one by contacting the Claims Administrator. Claim Forms must be postmarked by _____, 2026 and be mailed to: *Cronos U.S. Securities Settlement, c/o* A.B. Data, Ltd., P.O. Box ___, ___, ___, or be submitted online by _____, 2026.

**How will Plaintiff's Counsel be paid?** The Court has appointed the law firm of Labaton Keller Sucharow LLP as Lead Counsel. Lead Counsel will ask the Court to award Plaintiffs' Counsel up to 33% of the Settlement Fund in attorneys' fees, plus expenses of no more than $200,000, which may include reimbursement to Lead Plaintiff for his costs pursuant to 15 U.S.C. § 78u-4(a)(4). These fees and costs would total approximately $0.02 per eligible share.

**What are my other options?** You may request exclusion from the Settlement Class by _____, 2026 object to the Settlement, the plan of allocation, or Lead Counsel's Fee and Expense Application by _____, 2026, or do nothing. If you decide to exclude yourself, you may be able to pursue the claims being settled on your own, or continue to pursue such claims as part of the Ontario Action, but you cannot get money from the Settlement or object. By doing nothing, you will get no payment, and you will not be able to sue any of the Released Defendant Parties for the Released Plaintiffs Claims. The long-form Notice provides instructions for submitting a Claim Form, requesting exclusion, and objecting, and you must comply with all of the instructions. Visit www._____.com.

**What happens next?** The Court will hold a hearing on _____, 2025, at __:__ _.m. (ET), to consider whether to approve the Settlement, the Fee and Expense Application, or the plan of allocation. You will be represented by Lead Counsel unless you enter an appearance through your own counsel, at your cost. You may attend the hearing and do not need an attorney to do so.

**Questions?** To learn more, scan the QR code, visit www._____.com, call _____, or write *Cronos U.S. Securities Settlement c/o* A.B. Data, Ltd., P.O. Box _____, email info@_____.com. For questions about the Ontario Action, visit www.ontariocronosclassaction.com or you can contact the lawyers representing the plaintiff in the Ontario Action by emailing cronos@kalloghlianmyers.com or calling (647) 969-4472.

# Exhibit B

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

IN RE CRONOS GROUP INC.
SECURITIES LITIGATION

Civil Action No. 2:20-cv-01310-ENV-JMW

## [PROPOSED] FINAL JUDGMENT

**WHEREAS:**

A.      As of December 2, 2025, Court-appointed Lead Plaintiff Keith D. Norman ("Lead Plaintiff"), on behalf of himself and the proposed Settlement Class, and Defendants Cronos Group Inc. ("Cronos" or the "Company"), Michael Gorenstein, and Jerry F. Barbato (collectively, "Defendants" and, together with Lead Plaintiff, the "Parties"), by and through their counsel of record, entered into a Stipulation and Agreement of Settlement (the "Stipulation") in the above-captioned litigation (the "Action");

B.      Pursuant to the Order Granting Preliminary Approval of Class Action Settlement, Approving Form and Manner of Notice, and Setting Date for Hearing on Final Approval of Settlement, entered _____, ____ (the "Preliminary Approval Order"), the Court scheduled a hearing for _____, 2026, at __:___ __.m. (the "Settlement Hearing") to, among other things: (i) determine whether the proposed Settlement of the Action on the terms and conditions provided for in the Stipulation, including the releases provided therein, is fair, reasonable, and adequate, and should be approved by the Court; (ii) determine whether to approve the proposed Plan of Allocation as a fair and reasonable method to allocate the Net Settlement Fund among Settlement Class Members; (iii) determine whether a judgment as provided for in the Stipulation should be entered; and (iv) rule on Lead Counsel's Fee and Expense Application;

1

C.      The Court ordered that the Postcard Notice, substantially in the form attached to the Preliminary Approval Order as Exhibit 4, be sent via email, where possible, or otherwise by mail, to all potential Settlement Class Members who could be identified through reasonable effort, including by using mailing records gathered by the administrator in connection with the Ontario Cronos Class Action, *Harpreet Badesha v. Cronos Group Inc. et al.*, CV-20-00641990-00CP (Ontario Sup. Ct. Justice), if provided by the administrator, and the list of registered shareholders provided by Cronos.  The Court further ordered that the Summary Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses (the "Summary Notice"), substantially in the form attached to the Preliminary Approval Order as Exhibit 3, be published in English in *The Wall Street Journal* and *The Globe and Mail*, be published in French in *La Presse*, be transmitted as a press release in the United States and Canada, and be posted in the Investor Relations section of Cronos's website;

D.      The Court also ordered that the Notice of Pendency of Class Action, Proposed Settlement, and Motion for Attorneys' Fees and Expenses (the "Notice") and Proof of Claim and Release form ("Claim Form"), substantially in the forms attached to the Preliminary Approval Order as Exhibits 1 and 2, respectively, be posted on a website developed for the Settlement, from which copies of the Notice and Claim Form could be downloaded;

E.      The notices advised potential Settlement Class Members of a toll-free telephone number and email address for Settlement Class Members to use if they had questions or to request copies of the notices, along with a toll-free telephone number and email address for contacting counsel in *Harpreet Badesha v. Cronos Group Inc. et al.*, CV-20-00641990-00CP (Ontario Sup. Ct. Justice), and of the date and purpose of the Settlement Hearing.  The notices further advised that any objections to the Settlement were required to be filed with the Court and served on counsel

for the Parties such that they were received by _____, 2026, and that requests for exclusion from the Settlement Class were to be mailed to the Claims Administrator and received by _____, 2026;

F.       The provisions of the Preliminary Approval Order as to notice were complied with;

G.       On _____, 2026, Lead Plaintiff moved for final approval of the Settlement, as set forth in the Preliminary Approval Order.  The Settlement Hearing was duly held before this Court on _____, 2026, at which time all interested Persons were afforded the opportunity to be heard; and

H.       This Court has duly considered Lead Plaintiff's motion for final approval of the Settlement, the affidavits, declarations, memoranda of law submitted in support thereof, the Stipulation, and all of the submissions and arguments presented with respect to the proposed Settlement;

NOW, THEREFORE, after due deliberation, IT IS ORDERED, ADJUDGED, AND DECREED that:

1.       **Incorporation of Settlement Documents**.  This Judgment incorporates and makes a part hereof:  (i) the Stipulation filed with the Court on December 2, 2025; and (ii) the Postcard Notice, Notice, and Summary Notice, which were filed with the Court on _____ __, 2026. Capitalized terms not defined in this Judgment shall have the meaning set forth in the Stipulation.

2.       **Jurisdiction**.  This Court has jurisdiction over the subject matter of the Action and all matters relating to the Settlement, as well as personal jurisdiction over all Parties to the Action, including all Settlement Class Members.

3.    **Class Certification for Purposes of Settlement**.    The Court finds that the prerequisites for a class action under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied, for settlement purposes only, in that:

(a)    The number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable;

(b)    There are questions of law and fact common to the Settlement Class;

(c)    Lead Plaintiff's claims are typical of the claims of the Settlement Class he seeks to represent;

(d)    Lead Plaintiff and Lead Counsel fairly and adequately represent the interests of the Settlement Class;

(e)    Questions of law and fact common to the members of the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and

(f)    A class action is superior to other available methods for the fair and efficient adjudication of this Action, considering:

(i)    The interests of the Settlement Class Members in individually controlling the prosecution of the separate actions;

(ii)    The extent and nature of any litigation concerning the controversy already commenced by Settlement Class Members;

(iii)    The desirability or undesirability of concentrating the litigation of these claims in this particular forum; and

(iv)    The difficulties likely to be encountered in the management of the class action.

4.      The Court hereby affirms its determinations in the Preliminary Approval Order and finally certifies, for purposes of the Settlement only, pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Settlement Class of: all persons and entities, irrespective of country of residence, who or which purchased or otherwise acquired the publicly traded common stock of Cronos on the NASDAQ, or any other public U.S. market for trading stocks, during the period from May 9, 2019, through March 30, 2020, both dates inclusive (the "Class Period"), and were allegedly damaged thereby.   Excluded from the Settlement Class are: (i) Defendants; (ii) members of the immediate family of any Defendant who is an individual; (iii) all directors, officers or other employees of Cronos during the Class Period; (iv) any firm, trust, corporation, or other entity in which any Defendant has or had a controlling or beneficial interest; (v) Cronos's employee retirement and benefit plan(s) and their participants or beneficiaries, to the extent they made purchases through such plan(s); (vi) the legal representatives, affiliates, control persons, heirs, successors-in-interest, or assigns of any such excluded person; and (vii) any persons and entities who or which exclude themselves by submitting a timely and valid request for exclusion that is accepted by the Court.   Purchases and acquisitions of Cronos common stock on the Toronto Stock Exchange are not part of the definition of the Settlement Class.   [Exhibit A attached hereto lists the requests for exclusion that are being accepted by the Court.]

5.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure and for purposes of the Settlement only, the Court hereby re-affirms its determinations in the Preliminary Approval Order and finally certifies Lead Plaintiff Keith D. Norman as Class Representative for the Settlement Class and finally appoints the law firm of Labaton Keller Sucharow LLP as Class Counsel for the Settlement Class.

5

6.    **Notice**.  The Court finds that the dissemination of the Postcard Notice, Notice, Summary Notice, and Proof of Claim:

(i)    complied with the Preliminary Approval Order;

(ii)    constituted the best notice practicable under the circumstances;

(iii)    constituted notice that was reasonably calculated to apprise Settlement Class Members of (a) the effect of the Settlement, (b) the releases provided therein, including the release of the Settlement Class Members' claims asserted in *Harpreet Badesha v. Cronos Group Inc. et al*., CV-20-00641990-00CP (Ontario Sup. Ct. Justice), (c) the proposed Plan of Allocation for the proceeds of the Settlement, (d) Lead Counsel's request for payment of attorneys' fees and expenses incurred in connection with the prosecution of the Action, (e) Settlement Class Members' rights to object thereto or seek exclusion from the Settlement Class, and (f) their right to appear at the Settlement Hearing;

(iv)    constituted due, adequate, and sufficient notice to all Persons entitled to receive notice of the proposed Settlement;

(v)    satisfied the notice requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); and

(vi)    was reasonable and adequate giving regard to the cost of giving notice, the nature of the relief sought, the size of the individual claims of the Settlement Class Members, the number of Settlement Class Members, the places of residence of Settlement Class Members, and other relevant matters.

7.      No Settlement Class Member is relieved from the terms and conditions of the Settlement, including the releases provided for in the Stipulation and this Judgment, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice.  A full opportunity has been offered to the Settlement Class Members to object to the proposed Settlement and to participate in the hearing thereon or to exclude themselves from the Settlement Class.  Thus, it is hereby determined that all Settlement Class Members are bound by this Judgment, except those persons who are properly excluded from the Settlement.

8.      **Objections**.  [_____]

9.      **Final Settlement Approval and Dismissal of Claims**.  Pursuant to Rule 23(e)(2) of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement and finds that in light of the benefits to the Settlement Class, the complexity, expense and duration of further litigation, the delays and uncertainty of recovery inherent in further litigation in this or other fora, the risks of establishing liability and damages, and the costs of continued litigation, the Settlement is, in all respects, fair, reasonable, and adequate, the Court having considered and found that:

(a)     Lead Plaintiff and Lead Counsel have adequately represented the Settlement Class;

(b)     the Settlement was negotiated in good faith and at arm's-length between experienced counsel fairly representing the interests of Lead Plaintiff, Settlement Class Members and Defendants, with the assistance of an experienced and independent mediator;

(c)     the relief provided for the Settlement Class is reasonable and adequate, having taken into account (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the Settlement Class, including the method of processing Settlement Class Member claims; (iii) the terms of any proposed award of attorneys'

7

fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3); and

(d)    the proposed Plan of Allocation treats Settlement Class Members equitably relative to each other.  Accordingly, the Settlement is hereby approved in all respects, including the treatment of the Settlement Fund as a "qualified settlement fund" within the meaning of Section 468B of the Internal Revenue Code of 1986, as amended, and the Parties are directed to consummate the Settlement in accordance with the terms and provisions of the Stipulation.

10.    The Second Amended Class Action Complaint (the "Second Amended Complaint"), filed on January 10, 2025, is dismissed in its entirety, with prejudice, and without costs to any Party, except as otherwise provided in the Stipulation.  However, if the Settlement does not become effective for any reason, the Parties consent to reinstatement of the Action and the jurisdiction of the Court to hear the Action, and shall be deemed to have reverted to their respective litigation positions in the Action immediately prior to June 1, 2025, and shall proceed in all respects as if the Stipulation and any related order had not been entered, except as otherwise provided in the Stipulation.

11.    **Rule 11 Findings**.  The Court finds that during the course of the Action, the Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure and the Private Securities Litigation Reform Act of 1995.

12.    **Releases**.  The releases set forth in paragraphs 5 and 6 of the Stipulation, together with the definitions contained in paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects.  Without further action by anyone, and subject to paragraph 14 below, upon the Effective Date of the Settlement, Lead Plaintiff and each and every other Settlement Class Member, on behalf of themselves and each of their respective heirs, executors,

8

trustees, administrators, predecessors, successors, and assigns, in their capacities as such, and any other person or entity legally entitled to bring Released Plaintiff's Claims on behalf of a Settlement Class Member, in that capacity, shall be deemed to have fully, finally, and forever waived, released, discharged, and dismissed each and every one of the Released Plaintiff's Claims against each and every one of the Released Defendant Parties and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining, either directly or indirectly, any action, suit, cause of action, claim, or demand asserting any and all of the Released Plaintiff's Claims against any and all of the Released Defendant Parties, whether or not any individual Settlement Class Member executes and delivers the Claim Form, and whether or not any individual Settlement Class Member shares or seeks to share in the Settlement Fund.  Nothing contained here shall, however, bar the Parties from bring any action or claim to enforce the Settlement or this Judgment.

13.    Upon the Effective Date of the Settlement, Defendants, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have fully, finally, and forever waived, released, discharged, and dismissed each and every one of the Released Defendants' Claims against each and every one of the Released Plaintiff Parties and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining, either directly or indirectly, any action, suit, cause of action, claim or demand asserting any and all of the Released Defendants' Claims against any and all of the Released Plaintiff Parties.  Nothing contained here shall, however, (i) bar the Parties from bringing any action or claim to enforce the Settlement; (ii) bar Defendants from bringing any action or claim to seek contribution against any Person whose liability to the Settlement Class has been released or extinguished by the Settlement, to the extent permitted by law; or (iii) bar or otherwise affect any claim for insurance coverage by any Defendant.

9

14.     Notwithstanding paragraphs 12 to 13 above, nothing in this Judgment shall bar any action by any of the Released Parties to enforce or effectuate the terms of the Stipulation or this Judgment.  The Released Parties may file the Stipulation and/or this Judgment in any proceedings that may be necessary to consummate or enforce the Stipulation, the Settlement, or this Judgment, including in any action that is pending or may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

15.     **Continuation of Stay Pending Effective Date of Settlement**.  By operation of this Judgment, the stay set forth in paragraph 24 of the Preliminary Approval Order previously entered by the Court shall remain in effect until either the Effective Date of the Settlement or the date the Settlement is terminated pursuant to the Stipulation.

16.     **Binding Effect**.  Upon the Effective Date of the Settlement, the terms of the Stipulation and this Judgment shall be forever binding on Defendants, Lead Plaintiff, and each Settlement Class Member (whether or not such Settlement Class Member executes and delivers a Claim Form, or seeks or receives a payment from the Settlement), as well as their respective successors and assigns.

17.     **CAFA**.  The Court finds that the notice requirements set forth in the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, *et seq.*, to the extent applicable to this Action, have been satisfied.

18.     **No Admissions**.  This Judgment and the Stipulation (including any exhibits thereto, the Supplemental Agreement, and any Plan of Allocation), whether or not consummated, and any discussion, negotiation, proceeding, or agreement relating to the Stipulation, the Settlement, and

any matter arising in connection with settlement discussions or negotiations, proceedings, or agreements, shall not be offered or received against or to the prejudice of the Parties or their respective counsel, for any purpose other than in an action to enforce the terms hereof, and in particular:

(a)    do not constitute, and shall not be offered or received against or to the prejudice of Defendants as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by Defendants with respect to the truth of any allegation by Lead Plaintiff and the Settlement Class, or the validity of any claim that has been or could have been asserted in the Action or in any litigation, including but not limited to the Released Plaintiff's Claims, or of the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, damages, negligence, fault, or wrongdoing of Defendants or any Person whatsoever, or the appropriateness of treating this Action as a class action for any other purpose than the Settlement;

(b)    do not constitute, and shall not be offered or received against or to the prejudice of Defendants as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by Defendants, or against or to the prejudice of Lead Plaintiff, or any other member of the Settlement Class as evidence of any infirmity in the claims of Lead Plaintiff, or the other members of the Settlement Class;

(c)    do not constitute, and shall not be offered or received against or to the prejudice of Defendants, Lead Plaintiff, any other member of the Settlement Class, or their respective counsel, as evidence of a presumption, concession, or admission with respect to any liability, damages, negligence, fault, infirmity, or wrongdoing, or in any way referred to for any

11

other reason against or to the prejudice of any of the Defendants, Lead Plaintiff, other members of the Settlement Class, or their respective counsel, in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(d)    do not constitute, and shall not be construed against Defendants, Lead Plaintiff, or any other member of the Settlement Class, as an admission or concession that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial; and

(e)    do not constitute, and shall not be construed as or received in evidence as an admission, concession, or presumption against Lead Plaintiff, or any other member of the Settlement Class that any of their claims are without merit or infirm or that damages recoverable would not have exceeded the Settlement Amount.

19.    The administration of the Settlement, and the decision of all disputed questions of law and fact with respect to the validity of any claim or right of any Person to participate in the distribution of the Net Settlement Fund, shall remain under the authority of this Court.

20.    **Termination of Settlement**.  In the event that the Settlement is not consummated in accordance with the terms of the Stipulation or is terminated, or the Effective Date does not occur, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated, and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation, and the Settlement Fund, including any interest thereon, less any Taxes paid or due, and less any Notice and Administration Expenses actually incurred or payable, shall be returned in accordance with paragraph 51 of the Stipulation.  In the event of such

termination, the Settlement and this Judgment will be without prejudice to any Party, may not be introduced as evidence or used in any action or proceeding by any Person against the Parties, the Released Defendant Parties, or the Released Plaintiff Parties, and each Party shall be restored to their respective litigation positions as they existed as of June 1, 2025, pursuant to the terms of the Stipulation.

21.    **Modification of the Stipulation**.  Without further approval from the Court, Lead Plaintiff and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Settlement Class Members in connection with the Settlement.  Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

22.    **Fee Order and Order on Plan of Allocation**.  A separate order shall be entered regarding Lead Counsel's application for attorneys' fees and payment of expenses as allowed by the Court.  A separate order shall be entered regarding the proposed Plan of Allocation for the Net Settlement Fund.  Such orders shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.  Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

23.    **Costs**.  The Parties are to bear their own costs, except as otherwise provided in the Stipulation.

24.    **Retention of Jurisdiction**.  Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (i) implementation of the Settlement; (ii) the allowance, disallowance, or adjustment of any Settlement Class Member's claim on

13

equitable grounds and any award or distribution of the Settlement Fund; (iii) any applications for attorneys' fees, costs, interest, and payment of expenses in the Action; (iv) all parties herein, including Settlement Class Members, for the purpose of construing, enforcing, and administering the Settlement and this Judgment, including the releases entered herein; (v) the Parties and this Action in the event of termination of the Settlement; and (vi) other matters related or ancillary to the foregoing.

25.    **Entry of Final Judgment**.  There is no just reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is respectfully directed.

DATED this _____ day of  _____, 2026

_____
Honorable Eric N. Vitaliano
UNITED STATES DISTRICT JUDGE